**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK MCDERMID, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>INOVIO PHARMACEUTICALS, INC., and J. JOSEPH KIM,<br><br>  Defendants. | Case No. 2:20-cv-01402-GJP |

**THE INOVIO GROUP'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF COUNSEL AND IN FURTHER SUPPORT OF THE INOVIO GROUP'S MOTION**

Stephen Brockway, M.D., Dwayne Lerma, Scott E. Dahlstrom, Joseph Stefko, and Kenneth C. Ness (the "Inovio Group") submit this memorandum in further support of their Motion to consolidate all the pending actions against Inovio Pharmaceuticals, Inc. and J. Joseph Kim ("Defendants"), to appoint the Inovio Group as Lead Plaintiff, and their choice of counsel as Lead and Local Counsel, and in opposition to the various competing motions for appointment as lead plaintiff.

For the reasons set forth herein, the Court should consolidate the actions, appoint the Inovio Group as Lead Plaintiff, and its chosen counsel as Lead and Local Counsel.

**INTRODUCTION**[1]

The Third Circuit in *In re Cendant Corp. Litigation*, 264 F. 3d. 201 (3d. Cir. 2001), set forth a methodology by which a district court is to select a Lead Plaintiff. "The process begins with identification of the movant 'with the largest financial interest in the relief sought by the class.'" *Id.* at 262 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)).

Here, ten investors filed motions seeking Lead Plaintiff appointment. Seven movants have withdrawn their motions,[2] leaving three remaining movants. The Inovio Group has far and away the largest loss of any competing movant, as set forth in the chart below:

---

[1] All parties agree that the actions should be consolidated under Fed. R. Civ. P. 42.

[2] The seven movants who withdrew are: (1) Michael Baumeister (ECF No. 21); (2) Joseph Stefko (ECF No. 14); (3) Thanh Vo (ECF No. 17); (4) The Inovio Investor Group 1 (ECF No. 16); (5) The Inovio Investor Group 2 (ECF No. 15); (6) Jeffrey Castro (ECF No. 25); and (7) The Inovio Investor Group 3 (ECF No. 28). Joseph Stefko, who is part of the Inovio Group, separately filed and withdrew an individual motion for appointment as lead plaintiff. (ECF Nos. 5, 14).

| Movant | Proposed Lead Counsel | ECF No. | Losses |
|---|---|---|---|
| The Inovio Group | Block & Leviton LLP | 13 | $1,291,876.05 |
| Manuel S. Williams | Robbins, Geller, Rudman & Dowd, LLP | 12 | $187,154.63 |
| Joshua Farazdel | Glancy Prongay & Murray, LLP | 11 | $168,872.01 |

The Inovio Group collectively lost almost seven times the amount lost by remaining movants Messrs. Williams and Farazdel. Four of the five members of the Inovio Group individually have losses larger than any other movant as shown in the chart below. Thus, the Inovio Group has the largest financial interest in relief sought by the class.

Next, after identifying the investor with the largest financial interest – the Inovio Group – the Court is to make an "initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy standards" and that inquiry "need not be extensive." *Cendant*, 264 F.3d at 264. In making this assessment, the court is "not [to] consider at this stage any arguments by other members of the putative class." *Id.* Here, the Inovio Group has demonstrated that it is typical, as each member purchased their Inovio stock on the open market during the proposed class period, and has also demonstrated that it is adequate, as each member is prepared to vigorously prosecute the case and has retained competent counsel. *See id.* at 264-66.

Under the PSLRA, a lead plaintiff applicant can rebut the presumption of adequacy "only upon proof by a member of the purported class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Cendant*, 264 F.3d at 264 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

"[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead the

2

question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job." *Id.* at 268 (emphasis in original; internal quotation marks omitted); *see also Roby v. Ocean Power Techs. Inc.*, No. 14-cv-3799, 2015 WL 1334320, at * 7 (D.N.J. Mar. 17, 2015) ("the PSLRA requires 'actual proof' to rebut the presumption of the most adequate plaintiff." (quoting *Cendant*, 264 F.3d at 269)).

Here, the Inovio Group, with losses larger than any other movant, is the presumptive Lead Plaintiff. Unless a competing movant comes forward with *proof* that the Inovio Group is inadequate or atypical, the Court should grant the Inovio Group's Motion.

## ARGUMENT

### I.      The Inovio Group Is a Proper Group Whose Losses Can Be Considered Collectively

The Third Circuit has expressly rejected the contention that the PSLRA "precludes a group of 'unrelated individuals' from serving as a lead plaintiff." *Cendant*, 264 F.3d at 266. Indeed, the Third Circuit found that "[t]he PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff," and expressly "disagree[d] with those courts that have held that the statute invariably precludes a group of 'unrelated individuals' from serving as lead plaintiff." *Id.*; *see also Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 415-17 (E.D. Pa. 2019) (appointing five-person group as lead plaintiff in PSLRA securities fraud action).

In *Tomaszewski,* this Court last year appointed a group of five unrelated investors as Lead Plaintiff finding them to be a proper group under the PSLRA:

> The members of Trevena Group submitted a joint declaration stating that they participated in an extensive telephone conference several days before determining that they would jointly move to become lead plaintiff. During this call, they thoroughly discussed the respective responsibilities of counsel and lead plaintiff, asked questions regarding the case and its possible resolution, incorporated a method of decision-making during the course of litigation, exchanged contact information with each other, and ultimately committed themselves to the zealous prosecution and oversight of the case. The other Moving Plaintiffs have produced no evidence, as opposed to merely speculation, that Trevena Group would not be

3

able to function as a cohesive and independent group, or that it will not be able to "fairly and adequately protect the interests of the class."

383 F. Supp. 3d at 416-17 (quoting *Cendant*, 264 F.3d at 266; footnotes omitted). *See also Aguilar v. Vitamin Shoppe, Inc.*, No. 17-cv-6454, 2018 WL 1960444, at \*10 (D.N.J. Apr. 25, 2018).[3]

The discussion by the Inovio Group on their conference call before deciding to seek Lead Plaintiff appointment, as set forth in their Joint Declaration (ECF No. 13-5), is virtually identical to the one submitted by the Trevena Group in *Tomaszewski*. There is no doubt that the Inovio Group is a proper group under the PSLRA and *Cendant*.

The Inovio Group is also the only *group* that submitted a declaration with its motion. *See* ECF No. 13-5. The members of the Inovio Group held a call before filing their Motion to discuss the responsibilities of counsel and each lead plaintiff; established a protocol for regular and necessary contact with counsel and with each other without counsel; established a decision-making methodology and have each other's contact information to contact each other without counsel. They each independently agreed to move forward as Lead Plaintiff and understand their duties and responsibilities as Lead Plaintiff and are willing to act as Lead Plaintiff. *See* ECF No. 13-5 ¶¶ 8, 10-21; *see also*, *e.g.*, *West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-67631, 2014 WL 1395059, at \*7-8 (E.D. Pa. Apr. 10, 2014) (appointing a group and aggregating their losses when the group submitted a joint declaration following a joint

---

[3] As the *Aguilar* court noted, other courts have come to the same conclusion. *Id.* (citing *Soto v. Hensler*, 235 F.Supp.3d 607, 621-22 (D. Del. 2017); *In re Enzymotec Ltd. Sec. Litig.*, No. 14-CV-5556, 2015 WL 918535, at \*4 (D.N.J. Mar. 3, 2015); *Cook v. Atossa Genetics, Inc.*, No. C13-1836, 2014 WL 585870, at \*6 (W.D. Wash. Feb. 14, 2014); *In re Molycorp, Inc. Secs. Litig.*, No. 12-cv-292, 2012 WL 13013602, at \*3, (D. Colo. May 29, 2012); *In re Bank of Am. Corp.*, No. MDL 09-02014, 2009 WL 2710413, at \*3 (N.D. Cal. Aug. 26, 2009); *In re Nature's Sunshine Prods., Inc. Sec. Litig.*, No. 2:06-cv-267, 2006 WL 2380965, at \*1 (D. Utah Aug. 16, 2006)).

conference call laying out the "duties and obligations" of the group (citing *Cendant*, 264 F.3d at 262)).

In sum, the Inovio Group is a proper group, and its losses can be considered collectively under Third Circuit precedent.

## II.     Even When Considered on an Individual Basis, the Inovio Group's Members Are Still Entitled to the PSLRA's Presumption

Even if every movant were considered on an individual basis, members of the Inovio Group's losses dwarf those of any other movant:

| Movant | Group | Losses |
| --- | --- | --- |
| Stephen Brockway, M.D. | Inovio Group (Block & Leviton) | $405,529.37 |
| Dwayne Lerma | Inovio Group (Block & Leviton) | $305,641.73 |
| Scott E. Dahlstrom[4] | Inovio Group (Block & Leviton) | $240,941.56 |
| Joseph Stefko | Inovio Group (Block & Leviton) | $213,676.34 |
| Manuel S. Williams | N/A (Robbins Geller) | $187,154.63 |
| Joshua Farazdel | N/A (Glancy Prongay & Murray) | $168,872.01 |
| Kenneth C. Ness | Inovio Group (Block & Leviton) | $126,087.05 |

As shown above, four members of the Inovio Group each individually have larger losses than any other individual movant. While the Inovio Group's losses are allowed to be aggregated

---

[4] Messrs. Dahlstrom and Ness, both members of the Inovio Group, do have a pre-litigation relationship. They "went to college together at the University of Minnesota, remain friends, and maintain regular correspondence with each other. [Their] families are also very close, and [they] stay at each other's homes and have traveled together." ECF No. 13-5 ¶ 7. Messrs. Dahlstrom's and Ness' combined losses are $367,028.61 significantly larger than any of the competing movants.

for the reasons described above, even if the Court were not to allow aggregation, Dr. Brockway would then be entitled to the PSLRA's most adequate plaintiff presumption.[5]

### III.    The Inovio Group Is Typical and Adequate

In *Cendant*, the Third Circuit held that an investor with the largest loss must make a *prima facie* showing of typicality and adequacy. 264 F.3d at 263. "[B]oth the statutory structure and the legislative history suggest that the court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy standards need not be extensive." *Id.* at 264. In making this initial assessment the district court is "not [to] consider at this stage any arguments by other members of the putative class." *Id*. The district court's inquiry is to determine "whether the choices made by the movant with the largest losses are so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class, thus disqualifying it from serving as lead plaintiff at all." *Id.* at 266.

As to typicality, the court should determine whether the presumptive lead plaintiff's circumstances "are markedly different or the legal theory upon which the claims of that movant are based differ" from the rest of the class. *Id.* at 264-65 (quoting *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988). As to adequacy, "one of the best ways for a court to ensure that [the

---

[5] *See*, *e.g.*, *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (appointing group as lead plaintiff and noting that "even were the Court to deconstruct the Group, two of its individual members would still have the 'largest financial interest'"); *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11-cv-7133, 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012) (appointing group as lead plaintiff "where the group comprises the class members with, far and away, the largest financial interest of any individual or group (that has otherwise come forward)"); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) (appointing group as lead plaintiff where "as an individual, Hodges has the greatest financial state in the litigation of any movant, so it is not necessary for the members of the Akeena Investor Group to aggregate themselves in order to overcome the largest stake requirement – one of its members could meet that requirement by himself").

presumptive lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with counsel." *Id.*

Here, each member of the Inovio Group purchased their shares of Inovio common stock on the open market and during the proposed class period, making them typical investors. They have retained competent counsel, Block & Leviton as Lead Counsel,[6] and Berger Montague as Local Counsel. Accordingly, the Inovio Group has made a *prima facie* showing of its typicality and adequacy and is the presumptive Lead Plaintiff.

Indeed, as this Court implicitly recognized in its May 20, 2020 Order (ECF No. 22) "any member of the purported class wishing to *prove* that a prospective lead plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class must do so" in their papers to be filed on May 29, 2020. Accordingly, absent *proof* that the Inovio Group is atypical or inadequate, its motion should be granted.[7]

---

[6] In *Tomaszewski*, Judge Ruff approved Block & Leviton as lead counsel finding the firm has "extensive and substantial experience in class action securities litigation, as reflected in their firm biographies which highlight their numerous successful prosecutions of such cases." 383 F. Supp. 3d at 417.

[7] The Inovio Group respectfully reserves its right to respond to any such arguments made by competing movants in a reply memorandum. One argument the Inovio Group anticipates is that it is somehow inadequate because one of its members, Joseph Stefko, filed (and promptly withdrew) a separate motion for consideration as lead plaintiff. *See* ECF Nos. 5 & 14. This argument fails. *First*, courts have appointed movants in similar circumstances. *See*, *e.g.*, *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 282 n.9 (E.D.N.Y. 2018). *Second*, even if Mr. Stefko was excluded from the Inovio Group, the Group's remaining losses ($1,078,199.71) are still vastly larger than those of any other movant. Courts routinely appoint a group even if an individual member is removed from the group. *See*, *e.g.*, *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 505 (S.D. Fla. 2002) (removing individual from group before appointing group lead plaintiff); *In re Surebeam Corp. Sec. Litig.*, No. 03-cv-1721, 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) (same); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) (same); *In re Regions*

## CONCLUSION

The Inovio Group has the largest financial interest in the relief sought by the class, has made a *prima facie* showing of its adequacy and typicality, and is the presumptive Lead Plaintiff. Unless a competing movant can prove the Inovio Group is not adequate or typical, its Motion should be granted. The Court should therefore appoint the Inovio Group as Lead Plaintiff, Block & Leviton LLP as Lead Counsel, and Berger Montague PC as Local Counsel.

---

*Morgan Keegan Closed-Fund Litig.*, No. 07-md-2830, 2010 WL 5173851, at *12, 15 (W.D. Tenn. Dec. 15, 2010) (same); *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 221 (D.N.J. 1999) (same). *Third*, this is speculation by opposing movants and not the required proof to rebut the presumption of adequacy.

Date: May 29, 2020

Respectfully submitted,

 /s/ Michael C. Dell'Angelo
Shanon J. Carson (PA Bar No. 85957)
Michael C. Dell'Angelo (PA Bar No. 80910)
**BERGER MONTAGUE P.C.**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000 phone
(215) 875-4604 fax
scarson@bm.net
mdellangelo@bm.net

*Attorneys for the Inovio Group and*
*Proposed Local Counsel*

Jeffrey C. Block, *pro hac vice* to be filed
Jacob A. Walker, *pro hac vice* to be filed
Stephen J. Teti, *pro hac vice* to be filed
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockesq.com
jake@blockesq.com
steti@blockesq.com

*Attorneys for the Inovio Group and*
*Proposed Lead Counsel*