# EXHIBIT B

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

[Proposed] Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TERENCE ROBY, and on Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 3:14-cv-03799-FLW-LHG |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) ) | **_CORRECTED_ MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BERNARD F. TURNER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |
| vs. | ) ) ) | |
| OCEAN POWER TECHNOLOGIES, INC., _et al._, | ) ) ) | |
| Defendants. | ) ) ) | |

[Caption continued on following page.]

Case 2:20-cv-01402-GJP   Document 33-3   Filed 06/05/20   Page 3 of 19

| | | |
|---|---|---|
| YOKE M. CHEW, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 3:14-cv-03815-FLW-DEA |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| OCEAN POWER TECHNOLOGIES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| CONSTANTINE KONSTANTINIDIS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:14-cv-04015-FLW-DEA |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| OCEAN POWER TECHNOLOGIES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| BERNARD F. TURNER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:14-cv-04592-FLW-TJB |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| OCEAN POWER TECHNOLOGIES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

# TABLE OF CONTENTS

|  |  | **Page** |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | ARGUMENT | 3 |
| | A. The Related Actions Should Be Consolidated | 3 |
| | B. Bernard F. Turner Should Be Appointed Lead Plaintiff | 5 |
| |     1. The Procedure Required by the PSLRA | 5 |
| |     2. Mr. Turner Satisfies the Lead Plaintiff Requirements of the PSLRA | 6 |
| |         a. Mr. Turner's Lead Plaintiff Motion Is Timely | 6 |
| |         b. Mr. Turner Has the Requisite Financial Interest in the Relief Sought by the Class | 7 |
| |         c. Mr. Turner Otherwise Satisfies the Typicality and Adequacy Requirements of Rule 23 | 7 |
| | C. The Court Should Approve Bernard F. Turner's Choice of Counsel | 11 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page**

## CASES

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D.N.J. 2003)..........................................................................3, 4

*Eisenberg v. Gagnon*,
   766 F.2d 770 (3d Cir. 1985) .................................................................................9

*Fields v. Biomatrix, Inc.*,
   198 F.R.D. 451 (D.N.J. 2000)...............................................................................4

*Georgine v. Amchem Prods., Inc.*,
   83 F.3d 610 (3d Cir. 1996) .................................................................................10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ........................................................................7, 9, 10

*In re Party City Sec. Litig.*,
   189 F.R.D. 91 (D.N.J. 1999)..................................................................................9

*In re Vonage Initial Public Offering Sec. Litig.*,
   2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 7, 2007)......................................6, 8

*Lax v. First Merchants Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .......................................8

*Miller v. Dyadic Int'l, Inc.*,
   2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008).....................................4

## I.    PRELIMINARY STATEMENT

Presently pending before this Court are four securities class action lawsuits (the "Actions") brought on behalf of all those who purchased Ocean Power Technologies, Inc. ("Ocean Power" or the "Company") securities between January 14, 2014 and July 14, 2014, inclusive (the "Class Period"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4 *et seq.*) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiff Bernard F. Turner hereby moves this Court for an order: (i) consolidating the above-captioned related actions pending before this Court pursuant to Federal Rule of Civil Procedure 42; (ii) appointing Mr. Turner as Lead Plaintiff; and (iii) approving Mr. Turner's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel and Cohn Lifland Pearlman Herrmann & Knopf LLP ("Cohn Lifland") to serve as Liaison Counsel.

This motion is made on the grounds that the Actions pending before this Court involve common questions of law and fact, rendering consolidation appropriate under Rule 42.  Further, Mr. Turner is the most adequate plaintiff, as defined by the PSLRA, because he possesses a significant financial interest in the Actions, and he otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are

typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.  Accordingly, Mr. Turner's motion should be granted.

## II.    FACTUAL BACKGROUND

Ocean Power engages in the development and commercialization of proprietary systems that generate electricity by harnessing the renewable energy of ocean waves, primarily in the United States, Europe, Asia and Australia. The complaint alleges that, throughout the Class Period, defendants made materially false and misleading statements, and omitted materially adverse facts about the Company's business, operations and prospects.  Specifically, the complaint alleges that defendants concealed from the investing public that:  (1) the Company may have misstated the nature and/or circumstances of an agreement between the Australian Renewable Energy Agency and Victorian Wave Partners Pty Ltd ("VWP") − a project-specific operating entity wholly-owned by the Company's subsidiary − related to a planned wave power station project off the coast of Australia; and (2) as a result of the foregoing, defendants' statements concerning the VWP project, and positive statements about Ocean Power's business, operations and prospects, were materially false and misleading and/or lacked a reasonable basis.

According to the complaint, on June 10, 2014, the Company disclosed that it had terminated the Chief Executive Officer, Charles F. Dunleavy.  The Company also

- 2 -

announced that the Board of Directors appointed a Special Committee, composed of outside directors and the interim chief executive officer, which will retain outside counsel to assist in an investigation into the agreement between VWP and the Australian Renewable Energy Agency, and related public statements concerning the project.

Following this news, the price of Ocean Power shares dropped approximately 34%, to close on June 10, 2014, at $1.63 per share, on unusually heavy volume.

## III.  ARGUMENT

### A.  The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. *See A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570-71 (D.N.J. 2003) (consolidating six related PSLRA actions).

At present, there are four related securities class actions pending before this Court against Ocean Power, certain of its officers and directors:  (1) *Roby v. Ocean Power Technologies, Inc. et al.*, No. 3:14-cv-3799, filed June 13, 2014; (2) *Chew et al v. Ocean Power Technologies, et al.*, No. 3:14-cv-3815, filed June 13, 2014; (3) *Konstantinidis v. Ocean Power Technologies, Inc., et al.*, No. 3:14-cv-4015, filed June 20, 2014; and (4) *Turner v. Ocean Power Technologies, Inc., et al.*, No. 3:14-cv-4592, filed July 22, 2014.  These Actions, despite alleging different, yet overlapping, class periods,[1] present substantially similar factual and legal issues, assert the same claims under the securities laws, and name similar defendants.  Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate here.  *See Fass*, 216 F.R.D. at 570-71; *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 454 (D.N.J. 2000) (consolidating four actions that asserted the same factual and legal issues).

---

[1]  The *Roby*, *Chew*, and *Konstantinidis* actions assert a class period running from January 14, 2014 through June 9, 2014.  The *Turner* action asserts a class period running from January 14, 2014 through July 14, 2014.  For purposes of this motion, Mr. Turner uses the longer class period.  *See*, *e.g.*, *Miller v. Dyadic Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32271, at *11 (S.D. Fla. Apr. 18, 2008) (in determining the appropriate class period to evaluate lead plaintiff motions, "the Court finds that the better rule, as many other courts have held, is the rule that chooses the most inclusive class period at this early stage in the litigation.").

### B.     Bernard F. Turner Should Be Appointed Lead Plaintiff

#### 1.     The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Roby* action here caused the first notice regarding the pendency of the action to be published on *Business Wire*, a national, business-oriented newswire service, on June 13, 2014. *See* Pearlman Decl., Ex. A.[2] Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be

---

[2]   References to the "Pearlman Decl., Ex. __" are to the exhibits attached to the accompanying corrected Declaration of Peter S. Pearlman, dated August 13, 2014, and submitted herewith.

most capable of adequately representing the interests of class members. 15 U.S.C.

§78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides

that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Vonage Initial Public Offering Sec.*

*Litig.*, 2007 U.S. Dist. LEXIS 66258, at *11-14 (D.N.J. Sept. 7, 2007) (describing

PSLRA standards for appointment of lead plaintiff).

### 2. Mr. Turner Satisfies the Lead Plaintiff Requirements of the PSLRA

#### a. Mr. Turner's Lead Plaintiff Motion Is Timely

The time period in which class members may move to be appointed lead

plaintiff under the PSLRA expires on August 12, 2014. 15 U.S.C. §§78u-4(a)(3)(A)

& (B). Pursuant to the provisions of the PSLRA, and within the requisite time frame

after publication of the required notice (published on June 13, 2014), Mr. Turner

timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the

class. Mr. Turner has duly signed and filed a Certification stating that he is willing to

Case 2:20-cv-01402-GJP   Document 33-3   Filed 06/05/20   Page 12 of 19

serve as the representative party on behalf of the class.  *See* Pearlman Decl., Ex. B.  In addition, Mr. Turner has selected and retained competent counsel to represent him and the class.  *See* Pearlman Decl., Ex. D, E.  Accordingly, Mr. Turner has complied with the PSLRA's procedural requirements and is entitled to be considered for appointment as Lead Plaintiff.

### b.   Mr. Turner Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss chart, Mr. Turner incurred a loss of approximately $7,255 on his transactions in Ocean Power securities in reliance upon the materially false and misleading statements issued by defendants.  *See* Pearlman Decl., Ex. B, C.[3]  Accordingly, Mr. Turner satisfies the PSLRA's prerequisite of having a significant financial interest in the Actions.

### c.   Mr. Turner Otherwise Satisfies the Typicality and Adequacy Requirements of Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

---

[3]   This corrected memorandum is provided solely to submit revised estimated losses for Mr. Turner that accounts for certain post-class period sales of Ocean Power stock, which slightly impacts his estimated losses.

Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative, rather than the class as a whole.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Vonage*, 2007 U.S. Dist. LEXIS 66258, at *13-14 (testing the typicality and adequacy of prospective lead plaintiffs); *see also Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) (same).  Mr. Turner satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff in these Actions.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Fed. R. Civ. P. 23(a)(3).  In making the *prima facie* determination of typicality, the Court should apply traditional Rule 23 principles, including whether the circumstances of the movant with the largest losses "are

markedly different or the legal theory upon which the claims [of that movant] are based differ [ ] from that upon which the claims of other class members will perforce be based." *Cendant*, 264 F.3d at 265. Thus, typicality exists if claims "arise from the same event or course of conduct that gave rise to the claims of the other class members and are premised upon the same legal theory." *In re Party City Sec. Litig.*, 189 F.R.D. 91, 107 n.13 (D.N.J. 1999); *see also Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985) (typicality "permits the court to assess whether the class representatives themselves present those common issues of law and fact that justify class treatment").

Mr. Turner satisfies this requirement because, just like all other class members, he: (1) purchased Ocean Power securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Mr. Turner's claim is typical of those of other class members because his claim and the claims of other class members arise out of the same course of events and same legal theories.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Turner to represent the class to the existence of any conflicts between the interests of Mr. Turner and the members of the class. The Court must evaluate adequacy of representation by considering

- 9 -

Case 2:20-cv-01402-GJP   Document 33-3   Filed 06/05/20   Page 15 of 19

whether it "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Cendant*, 264 F.3d at 265; *see also Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 630 (3d Cir. 1996) (stating that the adequacy of representation inquiry involves consideration of both whether "the interests of the named plaintiffs [are] sufficiently aligned with those of the absentees" and whether "class counsel [is] qualified and [will] serve the interests of the entire class.").

Here, Mr. Turner is an adequate representative of the class. As evidenced by the injuries suffered by Mr. Turner in purchasing Ocean Power securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Mr. Turner are clearly aligned with the interests of the class. Furthermore, there is no evidence of antagonism between Mr. Turner and the class, and Mr. Turner has certified to his willingness to serve as a class representative. Further, Mr. Turner has taken significant steps which demonstrate that he will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims. As shown below, Mr. Turner's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Accordingly, Mr. Turner *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for purposes of this motion.

**C.      The Court Should Approve Bernard F. Turner's Choice of Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, Mr. Turner has selected Robbins Geller to serve as Lead Counsel and Cohn Lifland to serve as Liaison Counsel.  Both firms have substantial experience in the prosecution of shareholder and securities class actions. *See* Pearlman Decl., Ex. D, E; *see*, *e.g.*, *Grodko v. Cent. European Distrib. Corp.*, 2012 U.S. Dist. LEXIS 178478, at *32 (D.N.J. Dec. 17, 2012) (appointing Robbins Geller as lead counsel and Cohn Lifland as local counsel); *Blake Partners, Inc. v. Orbcomm, Inc.*, 2008 U.S. Dist. LEXIS 43061, at *25 (D.N.J. June 2, 2008) (same); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").  As such, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller as Lead Counsel and Cohn Lifland as Liaison Counsel.  Accordingly, the Court should approve Mr. Turner's selection of Counsel.

- 11 -

## IV. CONCLUSION

For all the foregoing reasons, Mr. Turner respectfully requests that the Court: (i) consolidate the related actions pending before the Court; (ii) appoint Mr. Turner as Lead Plaintiff in the Action; (iii) approve his selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: August 13, 2014

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN


                    *s/ Peter S. Pearlman*
                 PETER S. PEARLMAN

Park 80 West-Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

- 12 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
DOUGLAS WILENS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

[Proposed] Lead Counsel for Plaintiff

- 13 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Peter S. Pearlman*
PETER S. PEARLMAN
