UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK MCDERMID, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:20-cv-01402-GJP |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MANUEL S. WILLIAMS' MOTION FOR |
| INOVIO PHARMACEUTICALS, INC., et al., | ) ) | APPOINTMENT AS LEAD PLAINTIFF |
| Defendants. | ) ) ) | |

4835-5300-5759.v1

## I.   INTRODUCTION

Of the two remaining movants, only Manuel S. Williams satisfies the requirements to be appointed lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Other than arguing that Mr. Williams does not claim the largest loss, the six-member group of Stephen Brockway, Dwayne Lerma, Joseph Stefko, Jo Anne Emi Goya, Scott E. Dahlstrom, and Kenneth C. Ness (collectively, the "Stefko Group"), has not asserted any reason why Mr. Williams should not be appointed as lead plaintiff pursuant to the PSLRA.  In contrast, the Stefko Group cannot be appointed lead plaintiff.  The Stefko Group's submissions confirm that this disparate grouping of class members brought together by its three law firms, was "created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel," and thus cannot "be counted on to monitor counsel in a sufficient manner."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001).  In addition, the Stefko Group members' disproportionately large share purchases on March 9, 2020 – after the time *they* assert that the fraud was revealed to the public – subjects them to unique defenses.

Mr. Williams' motion for appointment as lead plaintiff should be granted.

## II.   ARGUMENT

Mr. Williams filed a timely motion, suffered a substantial loss, provided the Court with an evidentiary showing as to his typicality and adequacy, selected qualified counsel, and is not subject to any unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B).  None of the competing movants have raised any issues regarding Mr. Williams' ability to satisfy all of the PSLRA's requirements for appointment as lead plaintiff, confirming that Mr. Williams is the "most adequate plaintiff" to lead this litigation.  Any attempt by the Stefko Group (or any of the other movants, all of whom have withdrawn or abandoned their candidacies) to challenge Mr. Williams' qualifications for the first time on reply should be deemed untimely and the arguments waived.  *Doherty v. Allstate Indem. Co.*,

- 1 -

2017 WL 1283942, at *23 (E.D. Pa. Apr. 6, 2017) ("Thus, because this argument was asserted for the first time in Doherty's reply and at oral argument, it is waived.") (citing *United States v. Heilman*, 377 F. App'x 157, 198 (3d Cir. 2010) ("A party's argument is waived if it is raised for the first time in a reply brief.")).

The only challenge to Mr. Williams' appointment is based on the Stefko Group's claim that its purported financial interest is greater than Mr. Williams' financial interest. *See* ECF No. 30 at 1-2. However, a "movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class." *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003); *Cendant*, 264 F.3d at 267 (instructing that if a movant with the largest financial interest does not satisfy the typicality and adequacy requirements, the court must look to other movants). And, unlike Mr. Williams – who the Stefko Group concedes is entirely typical and adequate of the putative class – the Stefko Group does not satisfy the PSLRA's other requirements for appointment as lead plaintiff. *See* ECF No. 31.

***First***, the Stefko Group's multiple inconsistent lead plaintiff motions and the facts associated therewith provide *prima facie* evidence of: (i) the Stefko Group's lack of cohesion; and (ii) its lawyer-driven formation. Each render it unable to satisfy the Third Circuit's adequacy standard for group movants. *See Cendant*, 264 F.3d at 267; ECF No. 31 at 4-6 & n.5 (collecting cases where district courts have refused to appoint movants which submitted self-competing motions). The Stefko Group all but concedes this point, acknowledging that it "anticipate[d]" the argument that Mr. Stefko is inadequate because he filed "a separate motion for consideration as lead plaintiff" (ECF No 30 at 7 n.7), yet even after two rounds of briefing, the Stefko Group still remains unable or willing to offer ***any*** explanation for how or why Mr. Stefko filed competing motions against himself, or why this Court should disregard what common sense and other courts point to as being a clear red flag of inadequacy. *Id*.

- 2 -

Moreover, citing a single case, the Stefko Group argues that "court*s* have appointed movants in similar circumstances." ECF No. 7 n.7 (citing *Cullinan v. Cemtrex, Inc*., 287 F. Supp. 3d 277, 282 n.9 (E.D.N.Y. 2018)). The contention is unavailing. Its single case, *Cemtrex*, is distinguishable because, as the movant there explained, his second motion was filed and then withdrawn in bad faith by counsel after the movant was funneled by a referring law firm to a second law firm that filed the movant's second lead plaintiff motion without his knowledge. 287 F. Supp. 3d at 282 n.9. Not only are these the exact types of practices which Mr. Williams alerted the Court to (*see* ECF No. 30 at 5 n.5), here (unlike in *Cemtrex*), there is **no evidence** explaining the competing motions with himself – despite anticipating the obvious challenge on this basis – much less any evidence to suggest that undisclosed referring law firms were involved in Mr. Stefko's **individual** motion with Kahn Swick & Foti, LLC. *See* ECF No. 5. Rather, it is the **Stefko Group**'s declaration that confirms multiple law firms' involvement to date, yet these firms' past and future roles remain unexplained. *Compare* ECF No. 13-5 at ¶9 (referencing Hagens Berman Sobol & Shapiro LLP and Bronstein, Gewirtz & Grossman, LLC, two securities litigation firms which do not otherwise appear on the Stefko Group's motion) *with Chao Sun v. Han*, 2015 WL 2364937, at *3 (D.N.J. May 14, 2015) ("the Third Circuit disapproves of groups that are created by counsel in an effort to satisfy the largest financial loss requirement"). Accordingly, Mr. Stefko either: (1) knowingly allowed two different sets of lawyers to file competing motions; or (2) was completely unaware of who his counsel is, who his co-movants were, and essentially lent his name to a lawsuit. *Cendant* provides for disqualification under either scenario.

Notably, in *Cemtrex*, a settlement was reached not long after the lead plaintiff was appointed (and before any motion to dismiss order) and provides that less than $375,000 of the total $625,000 settlement amount will be distributed to class members with the remainder going towards attorneys' fees, expenses, and lead plaintiff awards. *Cemtrex **is*** instructive precisely because it illustrates **why**

- 3 -

the Third Circuit recognizes a threshold adequacy standard for group movants in the first place and *why* courts around the country are loathe to install lawyer-driven assemblages of random individuals to lead PSLRA class actions when a suitable alternative exists. The result in *Cemtrex* is exactly what the class here neither wants nor deserves.[1]

***Second***, the Stefko Group's shortcomings extend to its required evidentiary proffer, which fails to "show their cohesiveness and independence from proposed counsel." ECF No. 31 at 7 (quoting *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018)); *see also id*. at 7-12. Here too, the Stefko Group's reliance on a single case is misplaced. *See* ECF No. 30 at 3-4 (citing to and quoting from *Tomaszewski v. Trevena, Inc*., 383 F. Supp. 3d 409, 416 (E.D. Pa. 2019)). For starters, Judge Rufe's decision confirms that the Stefko Group is presumptively unwieldy because it exceeds the outer limits adopted by both the Securities and Exchange Commission and the Third Circuit. *See Tomaszewski*, 383 F. Supp. 3d at 415 ("The Third Circuit has agreed 'with the Securities and Exchange Commission that courts should generally presume that groups with more than five members are too large to work effectively.'") (citation omitted). Moreover, as detailed in Mr. Williams' opposition brief, the Stefko Group has plainly not complied with the *Tomaszewski* court's reading of *Cendant* to require that groups engage in "***informed*** communication among the members as to forming a group [that] predate the motions for appointment as lead plaintiff." *Id*. at 416 (emphasis added); ECF No. 31 at 15-16 ("The Stefko Group claims that it has satisfied this burden by citing to a single conference call among most – but

---

[1] On May 27, 2020, Mr. Williams' proposed lead counsel obtained final approval of a $1.21 billion settlement before Special Master Hon. Dennis Cavanaugh (Ret.) in *In re Valeant Pharm. Int'l, Inc. Sec. Litig*., No. 3:15-cv-07658-MAS-LHG (D.N.J.) a case led by a sole lead plaintiff. *Valeant*, like this action – was brought against a pharmaceutical manufacturer that was the subject of a Citron Research report. *See* ECF No. 1 at ¶25 (describing Citron Research as "a short-seller best known for exposing accounting fraud at Valeant Pharmaceuticals, the 'Pharmaceutical Enron'"). Valeant is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest PSLRA settlement ever.

- 4 -

not all – of its six members that was held the day before its motion was filed. . . .  A cohesive unit would have ferreted out any disabling conflicts among its members (*i.e.*, Joseph Stefko's decision to file competing motions with himself) . . . .").  The very fact that the Stefko Group argues that "[t]he discussion by the [Stefko] Group on their conference call before deciding to seek Lead Plaintiff appointment, as set forth in their Joint Declaration (ECF No. 13-5), *is virtually identical* to the one submitted by the Trevena Group in *Tomaszewski*," highlights that counsel was merely ticking off a checkbox rather than substantively attempting to evidence any meaningful interaction by the Stefko Group.  ECF No. 30 at 4 (emphasis added).  The remaining shortcomings with the Stefko Group's evidentiary showing remain unaddressed by the Stefko Group's opposition brief.  *See id.* at 2-3 & n.3 (collecting cases where aggregations of disparate investors similar to the Stefko Group were rejected), 7-12.[2]

**Third**, the Stefko Group further evidences the fluid and lawyer-driven nature of its "group" by offering not one or two, but **three** alternative ways the members could be shuffled and thereby permit their counsel to secure appointment as lead counsel.  *See* ECF No. 30 at 4 n.4 (first offering that if the Court is inclined to appoint movants with pre-existing relationships, "Messrs. Dahlstrom's and Ness' combined losses are $367,028.61 [sic] significantly larger than any of the competing movants"), 6 (next offering for Dr. Brockway – about whom absolutely nothing is known – "even if the Court were not to allow aggregation"), and 7 n.7 (finally offering to exclude Mr. Stefko from the Stefko Group's motion).  Tellingly, there is no evidence in the record that any member of the Stefko Group endorsed any of these alternatives, nor any evidence that any member of the Stefko Group –

---

[2]     The Stefko Group also cannot be appointed under Judge Rufe's principle finding in *Tomaszewski* that "errors [that] were made at the outset of the case" – comprised of inconsistencies in a movant's sworn statements like Mr. Stefko's dueling motions here – "amount to a substantial degree of carelessness and raise doubt as to whether he will fairly and adequately represent the best interests of the class."  383 F. Supp. 3d at 414 (disqualifying movant with largest loss).  Notably, the Stefko Group selects the snippets of *Tomaszewski* that it likes while ignoring the holding which precludes its appointment.

- 5 -

which only moved as a group – is actually willing to serve in a different capacity as its counsel has suggested.  *See Takata*, 2018 WL 5801379, at *5 n.5 (noting that group asserted in a reply brief that one individual "has the largest loss of any individual movant" and finding that "[t]his belated offer to break apart the group and request Lee as lead plaintiff does not assuage the Court's concerns that the attorneys, and not the plaintiffs, have initiated Lee Movants' efforts").  As extensively set forth in Mr. Williams' opposition, these *post hoc* invitations by counsel are as untimely as they are improper, and can only be viewed as further evidence of the Stefko Group's lack of cohesion and lawyer-driven origins.  *See* ECF No 31 at 15-16 n.13, n.14 (collecting cases).

Finally, assuming *arguendo* that the Court overlooks the Stefko Group's inability to satisfy the *Cendant* test for groups of movants, it is still ineligible for appointment as lead plaintiff due to the unique reliance defenses that its members are subject to as a result of their disproportionately large Inovio stock purchases on March 9, 2020, after when **they** themselves maintain that the full truth was revealed to the market.[3]  *See* ECF No. 31 at 16-19.  If the March 9, 2020 transactions are ignored, Mr. Williams has a significantly larger financial interest than the Stefko Group or any of the three permutations of its members.  *Id*. at 19 n.18.

In short, the Stefko Group cannot trigger the presumption and its motion should be denied.

---

[3]  In the event the March 9, 2020 allegations were incorrect, the failure by the Stefko Group's counsel to promptly correct the complaint – and the Stefko Group's motion – immediately upon reviewing Mr. William's opposition brief further militates against its appointment.

- 6 -

4835-5300-5759.v1

- 7 -

## III. CONCLUSION

Mr. Williams is the presumptive lead plaintiff. No movant, including the Stefko Group, has even attempted to rebut the presumption in Mr. Williams' favor. Mr. Williams should be appointed Lead Plaintiff.

Respectfully submitted,

s/ Danielle S. Myers

DANIELLE S. MYERS (*pro hac vice* forthcoming)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, Ca  92101
Telephone:  619/231-1058
619/231-7423 (Fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
WILLIAM J. EDELMAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
wedelman@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

4835-5300-5759.v1

- 8 -

SAXTON & STUMP
LAWRENCE F. STENGEL (PA #32809)
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)
lfs@saxtonstump.com

Local Counsel for [Proposed] Lead Plaintiff

4835-5300-5759.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 5, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

4835-5300-5759.v1

# Mailing Information for a Case 2:20-cv-01402-GJP MCDERMID v. INOVIO PHARMACEUTICALS, INC. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **LEE ALBERT**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **SHANON J. CARSON**
  scarson@bm.net,ECF@bm.net,crmariney@bm.net

- **MICHAEL C. DELL'ANGELO**
  mdellangelo@bm.net,tstires@bm.net

- **MICHAEL D. DONOVAN**
  mdonovan@donovanlitigationgroup.com

- **BARBARA L. GIBSON**
  bgibson@kohnswift.com,cmusloski@kohnswift.com

- **JACOB A. GOLDBERG**
  jgoldberg@rosenlegal.com,etexidor@rosenlegal.com

- **MARK S. GOLDMAN**
  goldman@lawgsp.com,lamar@lawgsp.com

- **PATRICK J. LOFTUS**
  loftus@duanemorris.com,lverbitski@duanemorris.com

- **MARK C. RIFKIN**
  rifkin@whafh.com

- **BRETT DAVID STECKER**
  brett@shumanlawfirm.com

- **LAWRENCE F. STENGEL**
  lfs@saxtonstump.com,gas@saxtonstump.com

- **JOHN K. WESTON**
  jweston@sackslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
PETER           M. ADAMS
COOLEY LLP
4401 EASTGATE MALL
SAN DIEGO, CA 92121

CRAIG           E. TENBROECK
```

COOLEY LLP
4401 EASTGATE MALL
SAN DIEGO, CA 92121