UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> INOVIO PHARMACEUTICALS, INC., et al., <br><br> Defendants. | ) Civ. Action No. 2:20-cv-01402-GJP <br> ) <br> ) <u>CLASS ACTION</u> <br> ) <br> ) <br> ) PLAINTIFF'S UNCONTESTED MOTION <br> ) FOR LEAVE TO AMEND THE <br> ) CONSOLIDATED CLASS ACTION <br> ) COMPLAINT <br> ) <br> ) <br> ) <br> ) |

## I.       LOCAL RULE 7.1 CERTIFICATION

Plaintiff's counsel hereby certifies that on September 10 and 11, 2020, they conferred with Defendants' counsel regarding the relief requested in this motion.  On September 11, 2020, Defendants' counsel informed Plaintiff's counsel that Defendants do not oppose the relief requested herein.[1]

## II.      INTRODUCTION

Lead Plaintiff Manuel S. Williams ("Plaintiff") respectfully submits this Uncontested Motion for Leave to Amend the Consolidated Class Action Complaint.  Plaintiff's proposed amendment is set forth in the proposed First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Proposed Complaint," attached hereto as Exhibit A), and in a redline version of the Proposed Complaint (attached hereto as Exhibit B), which compares the Proposed Complaint to the operative Consolidated Complaint (ECF No. 60, filed on August 3, 2020).

The Proposed Complaint seeks to:

- Add allegations based on new information that became available to Plaintiff after August 3, 2020, including: (i) additional disclosures and leakage of information allegedly exposing the falsity of Defendants' Class Period statements, which will extend the Class Period by a little over two months; (ii) additional alleged false and misleading statements made by Defendants on June 30, 2020; and (iii) to incorporate information from certain exhibits utilized in hearings associated with Inovio's Pharmaceutical, Inc.'s ("Inovio" or the "Company") litigation against its vaccine manufacturing partner, VGXI, Inc. ("VGXI");

---

[1]      On September 15, 2020, the parties filed a stipulation and proposed order regarding the proposed amendment of the Consolidated Class Action Complaint for Violation of the Federal Securities Laws filed on August 3, 2020 (ECF No. 60) ("Consolidated Complaint") and resetting the current briefing schedule regarding Defendants' response thereto.  ECF No. 62.

4831-5919-6363.v1

- Update the amount of cash raised in Inovio's at-the-market stock offerings as alleged in the Consolidated Complaint from $400 million to the $320 million actually raised (as disclosed by Inovio on August 10, 2020); and

- Add an additional plaintiff.

The Proposed Complaint does ***not*** add any new claims for relief or defendants.

## III.    BACKGROUND AND NATURE OF MOTION

### A.    Factual Background

As the Court is aware, this is a securities class action brought on behalf of all persons or entities who purchased or otherwise acquired the common stock of Inovio between February 14, 2020 and June 2, 2020, inclusive (the "Class Period"). The Consolidated Complaint alleges that Defendants made misstatements and material omissions concerning Inovio's COVID-19 vaccine candidate.

The Consolidated Complaint was filed on August 3, 2020. ECF No. 60. Just days after the filing, additional information relevant to Plaintiff's case was revealed. On August 9, 2020, for example, *The New York Times* reported information indicating that Inovio's June 30, 2020 statement that the INO-4800 vaccine had been "included" and "selected" for Operation Warp Speed was misleading. On August 10, 2020, Inovio informed investors that INO-4800 vaccine development and clinical study data read-outs would likely experience delay. In response to the August 9, 2020 *The New York Times* article and the August 10, 2020 conference call, Inovio's stock price dropped approximately 28%.

On August 14, 2020, Plaintiff's counsel obtained copies of the exhibits introduced by the parties in Inovio's litigation against VGXI, during June 2020 court hearings. Those hearings allowed the Pennsylvania state court to decide Inovio's request for an injunction requiring VGXI to turn over its intellectual property regarding the manufacture of INO-4800 to VGXI's competitors. Some of these documents contain information relevant to Plaintiff's claims.

- 2 -

An August 26, 2020 article in *The New England Journal of Medicine* describing details surrounding Operation Warp Speed did not include Inovio's DNA-based vaccine in its descriptions of the platforms included in the program and noted that the sponsor of any vaccine candidate was required to demonstrate that it could deliver 100 million doses in 2021. In response to this information, Inovio's stock price dropped again.

On September 2, 2020, Muddy Waters Research issued a Tweet referencing the August 25, 2020 opinion in Inovio's lawsuit against VGXI, providing additional details regarding Inovio's statements about its capabilities to deliver doses of its vaccine. As a result, Inovio's stock price again suffered another decline.

### B.      Nature of the Amendment

The allegations in the Proposed Complaint (as in the currently operative Consolidated Complaint) concern Defendants' false statements and omissions regarding INO-4800, as well as allegations related to the materiality of those statements, Defendants' scienter, and loss causation. The Proposed Complaint contains additional allegations regarding false statements and material omissions by Defendants pertaining to INO-4800, including the representation that Inovio's vaccine had been "selected" for Operation Warp Speed. The Proposed Complaint alleges additional disclosures of the alleged truth concealed by Defendants. The Proposed Complaint includes new allegations based on recently obtained exhibits from Inovio's litigation against VGXI. The Proposed Complaint also adds an additional plaintiff who suffered damages as a result of Defendants' alleged conduct. Finally, a few other allegations are updated in the Proposed Complaint, including the amount of Inovio's at-the-market stock offerings.

4831-5919-6363.v1

## IV.    Standard for Granting Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) states that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision on a motion to amend is "[o]f course . . . within the discretion of the District Court," but the Supreme Court has also provided guidance:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Because none of the factors militating against amendment are present here, Plaintiff respectfully requests that its motion be granted.

### A.    Plaintiff Has Not Unduly Delayed Seeking Leave to Amend

"[T]he question of undue delay requires the court to focus on the movant's reasons for not amending sooner while bearing in mind the liberal pleading philosophy of the federal rules." *Anthony v. Seltzer*, No. 14-5554, 2019 WL 528271, at *4 (E.D. Pa. Feb. 8, 2019). Plaintiff has been thoroughly diligent and has not unduly delayed seeking amendment. Immediately following the filing of the Consolidated Complaint, Plaintiff continued his investigation concerning Inovio and its COVID-19 vaccine candidate. The vast majority of the new allegations are based on new information that became public after August 3, 2020.

### B.    There Is No Bad Faith or Dilatory Motive on the Part of Plaintiff

Similar to the question of undue delay, "the question of bad faith requires the Court to 'focus on [the movant's] motives for not amending [her] complaint . . . earlier.'" *Raymo v. Civitas Media LLC*, No. 3:19-CV-01798, 2020 WL 4003646, at *4 (M.D. Pa. July 15, 2020) (citation omitted). Here, Plaintiff is seeking leave to amend promptly after the occurrence of the above-noted events.

- 4 -

### C.  The Proposed Amendment Is Not Futile

"Amendment may be denied as futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted,' and is 'assessed using the same standard applied in the face of a motion to dismiss under Rule 12(b)(6).'"  *Burgos v. City of Phila.*, 270 F. Supp. 3d 788, 793 (E.D. Pa. 2017) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).  The proposed amendment is not futile, as the Court is yet to rule on the sufficiency of Plaintiff's claims and Defendants do not oppose the amendment.

### D.  The Amendments Will Not Unduly Prejudice Defendants

The proposed amendment presents no undue prejudice to Defendants.  "In order to make the required showing of prejudice, regardless of the stage of the proceedings, [the nonmoving party] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990).  The Proposed Complaint does not require Defendants to take on an entirely new course of action at a late stage in the litigation.

### V.  CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's uncontested motion to amend.

DATED:  September 17, 2020

Respectfully submitted,

SAXTON & STUMP
LAWRENCE F. STENGEL (PA #32809)

s/ Lawrence F. Stengel
LAWRENCE F. STENGEL

280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)
lfs@saxtonstump.com

4831-5919-6363.v1

- 6 -

Local Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TOR GRONBORG
TRIG R. SMITH (*pro hac vice*)
MATTHEW J. BALOTTA (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
torg@rgrdlaw.com
trigs@rgrdlaw.com
mbalotta@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
WILLIAM J. EDELMAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
wedelman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

4831-5919-6363.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 17, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ LAWRENCE F. STENGEL
LAWRENCE F. STENGEL

SAXTON & STUMP
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
Telephone: 717/556-1000
717/441-3810 (fax)

E-mail: lfs@saxtonstump.com

4831-5919-6363.v1