IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK MCDERMID, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-01402-GJP<br><br>CLASS ACTION |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Inovio Pharmaceuticals, Inc. ("Inovio" or the "Company"), J. Joseph Kim, Peter D. Kies, and Robert J. Juba, Jr. (collectively, "Defendants") respectfully request that the Court consider the documents identified below in conjunction with Defendants' Motion to Dismiss the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Motion to Dismiss"). The documents subject to this request are attached as Exhibits A through V to the concurrently filed Declaration of Heather Speers.

**I.      DOCUMENTS SUBJECT TO THIS REQUEST**

| Ex | Description | ¶[1] |
|---|---|---|
| A | June 25, 2008 Supply Agreement between Inovio and VGXI, and September 4, 2013, First Amendment thereto (collectively, the "Supply Agreement"), which was filed as an exhibit to Inovio's complaint and petition for preliminary injunction in the Pennsylvania state court case captioned *Inovio* | 65–67, 93 |

---

[1] "¶" refers to the paragraphs of the First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF 68, the "Complaint") that quote from or refer to information contained in the referenced document.

| Ex | Description | ¶[1] |
|---|---|---|
| | *Pharmaceuticals, Inc. v. GeneOne Life Science, Inc. and VGXI, Inc.*, Case No. 2020-06544 ("*VGXI* Litigation") [EXCERPTED] | |
| B | March 9, 2020 Twitter post from Citron Research | 113, 144 |
| C | March 9, 2020 Twitter post from Inovio | 113, 144 |
| D | Inovio's Form 10-K for the year ending December 31, 2019 filed with the Securities and Exchange Commission ("SEC") on March 12, 2020 [EXCERPTED] | 109, 133–34 |
| E | Inovio's March 24, 2020 Press Release titled, "Ology Bioservices, Inovio Partner to Manufacture COVID-19 DNA Vaccine With $11.9 Million Department of Defense Grant" [EXCERPTED] | 8, 102 |
| F | Inovio's April 30, 2020 Press Release titled, "INOVIO Expands Manufacturing of COVID-19 DNA Vaccine INO-4800 With New Funding from CEPI" [EXCERPTED] | 9, 104–05 |
| G | Transcript of Inovio's May 11, 2020 Earnings Call [EXCERPTED] | 10, 57, 106, 108 |
| H | Transcript of June 18 and 22, 2020 preliminary injunction hearing in the *VGXI* Litigation [EXCERPTED] | 68, 70, 72–75, 77, 79, 82–83, 85–92 |
| I | Inovio's June 30, 2020 Press Release titled, "INOVIO Announces Positive Interim Phase 1 Data for INO-4800 Vaccine for COVID-19" [EXCERPTED] | 11, 60, 111–12, 119, 121, 141 |
| J | Transcript of Inovio's August 10, 2020 Earnings Call [EXCERPTED] | 15, 125, 146 |
| K | August 25, 2020 Order Denying Inovio's Petition for Preliminary Injunction in the *VGXI* Litigation [EXCERPTED] | 16, 17, 129 |
| L | Inovio's Form 10-Q for the first quarter ending March 31, 2020 filed with the SEC on May 11, 2020 [EXCERPTED] | – |
| M | Inovio's September 8, 2020 Press Release titled, "INOVIO Adds Thermo Fisher Scientific to Global Manufacturing Consortium" [EXCERPTED] | – |
| N | J. Joseph Kim's Form 4 filed with the SEC on January 13, 2020 [EXCERPTED] | – |
| O | J. Joseph Kim's Form 4 filed with the SEC on July 31, 2020 [EXCERPTED] | – |

| Ex | Description | ¶[1] |
|----|-------------|------|
| P | *Maxim Group* report titled, "COVID-19 Vaccine Candidate INO-4800 Timelines Announced, Could Have 1 Million Doses by YE20," and published on March 3, 2020 [EXCERPTED] | – |
| Q | *H.C. Wainwright & Co.* report titled, "Coronavirus Vaccine Development Timeline Accelerated; Positive Preclinical Data; Reiterate Buy," and published on March 4, 2020 [EXCERPTED] | – |
| R | *Piper Sandler* report titled, "So Far So Good on INO-4800 Clinical Data, But Can They Manufacture It?" and published on June 30, 2020 [EXCERPTED] | – |
| S | *Maxim Group* report titled, "Reports Positive P1 Data for INO-4800, but COVID Opportunity Seems Priced in," and published on July 1, 2020 [EXCERPTED] | – |
| T | *H.C. Wainwright & Co.* report titled, "INO-4800 Phase 1 Data; Operation Warp Speed Selection; Reiterate Neutral," and published on July 1, 2020 [EXCERPTED] | – |
| U | Article posted on World Health Organization website titled, "DNA vaccines," *available at* https://www.who.int/biologicals/areas/vaccines/dna/en/ [EXCERPTED] | – |
| V | Article posted on U.S. Department of Health & Human Services website titled, "Vaccine Types," *available at* https://www.vaccines.gov/basics/types [EXCERPTED] | – |

## II.    LEGAL STANDARDS

In resolving a Rule 12(b)(6) motion to dismiss in a securities class action, "courts must consider the complaint in its entirety," including (1) documents incorporated by reference, and (2) matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). These two concepts are distinct. *See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 163 n.3 (3d Cir. 2014).

**Incorporation by reference.** Under the incorporation by reference doctrine, the Court may consider, on a motion to dismiss, any documents that are "*integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Winer Family Tr. v. Queen*, 503 F.3d 319, 328–29 (3d Cir. 2007) (finding the district court

3

"properly probed documents attached to defendants' motion to dismiss . . . because these documents were integral to and/or were explicitly relied upon by the amended complaint").  The purpose of this rule is to "prevent [a] situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *In re Burlington*, 114 F.3d at 1426.

**Judicial notice.**  Judicial notice permits a court to take notice of facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Judicial notice is distinct from incorporation by reference in three respects.  First, it extends to matters of public record outside the pleadings.  *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020).  Second, it serves only to indicate "what was in the public realm at the time, not whether the contents of those documents are true." *Id.*  Third, despite the permissive language of Rule 201(b), Rule 201(c) provides that courts "***'must'*** take judicial notice if a party requests it and supplies the court with the necessary information." *Id.* (emphasis added) (quoting Fed. R. Evid. 201(c)(2)).

## III.   ARGUMENT

In deciding Defendants' Motion to Dismiss, the Court may properly consider **Exhibits A– V** under (A) the incorporation by reference doctrine, and/or (B) Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly-available information that is not subject to reasonable dispute.

**A.     The Court Should Consider Exhibits A–K in Deciding the Motion to Dismiss Because Each Is Incorporated by Reference.**

As detailed in the chart above, **Exhibits A–K** are referred to numerous times throughout the Complaint.  These are not merely passing references; rather, Plaintiffs expressly rely on these Exhibits to support the following elements of Count I, the Section 10(b) claim:

- **Exhibit A**: Supply Agreement between Inovio and VGXI that Plaintiffs rely upon to support allegations of falsity and scienter.

- **Exhibits D–G, I**:  Transcript, press releases, and SEC filing that Plaintiffs allege contain a material misrepresentation and are used by Plaintiffs to support allegations of falsity.

- **Exhibits H, K**: Transcript and order from separate litigation that Plaintiffs rely upon to support allegations of falsity and scienter and that the alleged events took place during the Class Period.

- **Exhibits B–C, J**: Public Twitter posts and a conference call transcript that Plaintiffs allege contain corrective disclosures and are used by Plaintiffs to support allegations related to loss causation.

 Because these Exhibits are integral to Plaintiffs' claims and they "ha[ve] relied upon these documents in framing the complaint," it is appropriate for the Court to consider them as incorporated by reference.  *In re Burlington*, 114 F.3d at 1426 (explaining that the "essential question" in deciding whether to consider documents cited in a complaint is "whether the claims in the complaint are based on an extrinsic document").

Incorporation by reference is also needed here because the Complaint omits key portions of these documents that undermine Plaintiffs' theory of fraud.  For example, the Complaint cites to testimony from the *Inovio Pharmaceuticals, Inc. v. VGXI, Inc. and GeneOne Life Science, Inc.* litigation to support the theory that a technology transfer would take years to complete.  (*See* Ex. H; ¶ 91.)  But it omits testimony from one of the Defendants in this case who testified under oath that it may take only 30 days.  (Ex. H at 2–4.)  Although the Court need not accept the truth of

5

Defendant's testimony, the fact that Defendant testified to a shorter timeframe is relevant to allegations of both falsity and scienter.

Similarly, the Complaint relies on a March 9, 2020 public exchange on Twitter between Citron Research and Inovio to support allegations of falsity and loss causation as to Dr. Kim's February 14 and March 2, 2020 statements.  (¶¶ 113, 144.)  Plaintiffs, however, quote only fragments of each tweet to misleadingly imply this exchange centered on Dr. Kim's use of the word "constructed" versus "designed."  (*Id.*)  Looking at the full tweets, it is clear that Citron was accusing Dr. Kim of lying about the ***time*** it took to design the vaccine construct (which Plaintiffs do ***not*** allege in this Complaint was false or misleading), and that Inovio responded to refute that accusation related to the how long it took to design the vaccine construct.  (*See* Exs. B–C.)  The incorporation by reference rule is designed for precisely this situation—where "isolated" references might sound misleading, but "in the full context of the document, it would be clear that the statement was not fraudulent."  *In re Burlington*, 114 F.3d at 1426.

Accordingly, because **Exhibits A–K** are referred to in the Complaint and central to Plaintiffs' claims, the Court may consider them in their entirety to ensure that Plaintiffs are not able to "maintain a claim of fraud" by selecting only the portions of documents that support their claims, while omitting portions of those very documents that "would [make] clear that the statement was not fraudulent."  *Id.*

**B.     The Court Should Consider Exhibits A–V in Deciding the Motion to Dismiss Because Each Is Subject to Judicial Notice.**

Additionally, the Exhibits are all publicly available documents, and thus appropriate for the Court's consideration for the limited purpose of establishing what information was in the public realm.  Courts within this Circuit and across the country have taken each category of documents under judicial notice:

- **SEC filings**:  *Oran v. Stafford*, 226 F.3d 275, 289–90 (3d Cir. 2000); *Wallace v. Sys. & Comput. Tech. Corp.*, 1997 WL 602808, at \*6 (E.D. Pa. Sept. 23, 1997); *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 272–73 (D.N.J. 2007);

- **Press releases and conference call transcripts**: *In re Intelligroup*, 527 F. Supp. at 272–73; *In re ATI Techs., Inc. Sec. Litig.*, 216 F. Supp. 2d 418, 430 (E.D. Pa. 2002);

- **News articles and analyst reports**: *Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006); *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, 483 F. Supp. 2d 407, 420 n.3 (D.N.J. 2007), *rev'd on other grounds In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, 543 F.3d 150 (3d Cir. 2008);

- **Public Twitter posts**: *Hawaii v. Trump*, 859 F.3d 741, 773 n.14 (9th Cir.), *vacated and remanded on other grounds*, 138 S. Ct. 377 (2017);

- **Records from other court proceedings**: *Werner v. Werner*, 267 F.3d 288, 295-96 (3d Cir. 2001); *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Golden v. Cook*, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003); and

- **Government websites**: *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017).

**Exhibits A–V** fall into one or more of these categories and are therefore proper subjects for judicial notice:

- **SEC filings –** Exhibits **D, L, N–O**

- **Press Releases –** Exhibits **E–F, I, M**

- **Conference Call Transcripts** – Exhibits **G, J**

- **Analyst Reports –** Exhibits **P–T**

- **Twitter Posts –** Exhibits **B–C**

- **Records from Judicial Proceedings –** Exhibits **A, H, K**

- **Information on Government Website** – Exhibits **U–V**

## IV.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits A–K** under the incorporation by reference doctrine and take judicial notice of **Exhibits A–V** for purposes of identifying what was in the public realm and when.


Dated: November 5, 2020                              Respectfully Submitted,

                                                     DUANE MORRIS LLP


                                                     By: *s/ Patrick Loftus*
                                                         Patrick Loftus (PA60417)
                                                         30 South 17th Street
                                                         Philadelphia, PA 19103
                                                         (215) 979-1367 (phone)
                                                         (215) 689-3591 (fax)
                                                         loftus@duanemorris.com

                                                         COOLEY LLP
                                                         Luke Cadigan (*Pro Hac Vice*)
                                                         500 Boylston Street
                                                         14th Floor
                                                         Boston, MA 02116-3736
                                                         (617) 937-2300 (phone)
                                                         (617) 937-2400 (fax)
                                                         lcadigan@cooley.com

                                                         Heather Speers (*Pro Hac Vice*)
                                                         4401 Eastgate Mall
                                                         San Diego, CA 92121-1909
                                                         (858) 550-6000 (phone)
                                                         (858) 550-6420 (fax)
                                                         hspeers@cooley.com

                                                         *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2020, I filed this document on the Court's docket using the

Court's CM/ECF system.  Based on the Court's records, all counsel of record were served with a

copy of the foregoing document by electronic means.

*s/ Patrick Loftus*
DUANE MORRIS LLP
Patrick Loftus (PA60417)
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1367 (phone)
(215) 689-3591 (fax)
loftus@duanemorris.com

9