UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:20-cv-01402-GJP |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE |
| INOVIO PHARMACEUTICALS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

4841-6681-5700.v1

## I.   INTRODUCTION

Defendants Inovio Pharmaceuticals, Inc. ("Inovio" or the "Company"), J. Joseph Kim ("Kim"), Peter D. Kies, and Robert J. Juba (collectively, "Defendants") ask this Court to consider 22 separate documents in support of their Motion to Dismiss the First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws.  ECF No. 73.  Plaintiffs have no qualm with the Court considering Defendants' proposed Exhibits A-L, N-O, U-V, as Defendants utilize them to reference non-controversial factual matters or Plaintiffs have relied upon and specifically referenced those materials in the First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 68).  With regard to Defendants' Exs. M, P-T, however, Defendants have either incorrectly invoked Federal Rule of Evidence 201, or are otherwise using those materials for the truth of the matter asserted therein.

## II.   LEGAL STANDARD APPLICABLE TO A REQUEST FOR JUDICIAL NOTICE

As a general rule, courts ruling on a Rule 12(b)(6) motion may "'consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'"[1] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).  There are two exceptions to the rule that outside evidence may not be considered when ruling on a motion to dismiss.  First, a court can consider the text of an undisputedly authentic document that is integral to a plaintiff's claim.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  In considering the applicability of this exception, "[w]hat is critical is 'whether the claims in the complaint are "based" on an extrinsic document' – not 'merely whether the extrinsic document was explicitly cited.'" *In re Horsehead Holding Corp. Sec. Litig.*, 2018 WL 4838234, at *9 (D. Del. Oct. 4, 2018).  Second, Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact that is "not subject to

---

[1]   All citations and footnotes are omitted and emphasis is added unless otherwise noted.

- 1 -

reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In such circumstances, a court may take judicial notice of a document's existence but must *not* take notice of the truth of any matters that can be reasonably contested. *See Pa. Dep't of Human Servs. v. United States*, 897 F.3d 497, 514 (3d Cir. 2018) (no clear error in district court's refusal to take judicial notice of regulatory interpretation that provided some support for one party's position but was not "indisputable").

The limited application of judicial notice is not relaxed with respect to Rule 12(b)(6) motions in cases, like this one, involving violations of the federal securities laws. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (noting that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery" and that the risk "is especially significant" in securities fraud matters), *cert. denied*, __ U.S. __, 139 S. Ct. 2615 (2019). While a defendant seeking to dismiss claims of securities law violations may raise, on a motion to dismiss, opposing inferences on the element of scienter, the Supreme Court has clearly held that any such inferences must be "rationally drawn from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

## III.   ARGUMENT

### A.   Defendants' Exhibit M Is Inappropriate for Judicial Notice Because Defendants Have Not Complied with Federal Rule of Evidence 201 and Otherwise Ask the Court to Consider It for an Improper Purpose

Defendants quote language from Exhibit M only in the factual background section of their motion. ECF No. 72-1 at 6 (citing Inovio's September 8, 2020 press release regarding Thermo Fisher Scientific ("Thermo Fisher") letter of intent to produce vaccine doses). Defendants, however, do not cite the exhibit for a purported fact in support of any legal argument. Indeed, Defendants

- 2 -

4841-6681-5700.v1

have offered no explanation as to *why* the Court should consider it at all. *See* Fed. R. Evid. 201(c)(2) (a party must supply all "necessary information" to a court before it can take judicial notice of the offered fact). The Court should decline to take judicial notice of Exhibit M for an additional reason. Exhibit M post-dates the Class Period and the information in it bears no relevance to what Defendants knew about the Company's vaccine delivery capabilities when they made their alleged misleading statements months earlier. *See, e.g., In re PTC Therapeutics, Inc., Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (declining to take judicial notice of post-class period public documents because "their relevance to the issues here – *e.g.*, what was known to PTC at the time it made the alleged misstatement –is quite low").

Defendants, however, may be relying on Exhibit M to prop up an otherwise improper factual argument. For instance, Defendants contend that alleged misstatements concerning Inovio's 2020 manufacturing capabilities are not actionable because "2020 is not yet over, so any claim of fraud based on Inovio's purported inability to meet its 2020 production goals is pure speculation." ECF No. 72-1 at 2. But Inovio's engagement with Thermo Fisher came after Defendants realized that VGXI, Inc. ("VGXI"), Ology Bioservices, Inc. and Richter-Helm BioLogics GmbH & Co. KG were not "on track" to deliver one million doses during the year. ECF No. 68, ¶¶70-95. As such, Defendants appear to be inviting the Court to consider Exhibit M to draw the following factual inference in their favor: Defendants cannot be liable for their May 11, 2020 statement that Inovio's vaccine production goals were "on track" because as late as September 2020, the Company was still attempting to clean up the VGXI debacle. Defendants' invitation is improper at the motion to dismiss stage. *See Hall v. Johnson & Johnson*, 2019 WL 7207491, at *11 (D.N.J. Dec. 27, 2019) (declining a request to take judicial notice of document that would require the court to "delve" into factual matters at the center of the parties' dispute).

**B.      Defendants' Exhibits P-T Are Inappropriate for Judicial Notice Because Defendants Ask the Court to Consider Them for the Truth of the Matter Asserted**

Defendants point to Exhibits P-T and ask this Court to judicially notice facts regarding what Defendants really meant when they made their misleading statements and what all market participants understood about Defendants' use of language.  ECF No. 72-1 at 8, 17.  The Court should decline Defendants' invitation for several reasons.

First, the proposed facts – what Defendants meant and what all market participants purportedly understood – are not the type of facts that are "generally known" to this Court.  Fed. R. Evid. 201(b)(1).  Second, these purported facts may not be "accurately and readily" determined from the proposed exhibits either.  Fed. R. Evid. 201(b)(2).  Exhibits P-T do not explicitly say what Kim meant (or what his state of mind was) when he claimed Inovio had "constructed" a vaccine in three hours.  Exhibits P-T also do not state what all market participants understood when Kim claimed to have constructed a vaccine within three hours.

Third, the proposed facts cannot be "readily" determined from the exhibits because Defendants make strained inferences from the documents to arrive at the proposed judicially noticeable facts.  For example, as of March 9, 2020, if all market participants understood that Kim really meant "designed" when he said "constructed," then the Company did not need to correct and clarify Kim's statements.  But the Company did correct and clarify.  Specifically, on March 9, 2020, Inovio claimed that some market participants had "demonstrated a lack of understanding" of vaccine science and that Kim really meant to say "'Inovio [had] designed a vaccine construct for its coronavirus vaccine (INO-4800) within three hours."  Ex. 72-3, Ex. C at 1.  Notably, Defendants now ask the Court to notice a fact (market participants did understand what Kim meant), which is directly at odds with the position Defendants took when the Company corrected Kim nearly a year

- 4 -

- 5 -

ago.  There will be time to address these purported facts at summary judgment, should the litigants get to that procedural posture.

## IV.      CONCLUSION

For the reasons stated herein, the Court should decline to take judicial notice of Exhibits M, P-T.

SAXTON & STUMP
LAWRENCE F. STENGEL (PA #32809)


s/ Lawrence F. Stengel
LAWRENCE F. STENGEL

280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)
lfs@saxtonstump.com

Local Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS
TOR GRONBORG (*pro hac vice*)
TRIG R. SMITH (*pro hac vice*)
MATTHEW J. BALOTTA (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
torg@rgrdlaw.com
trigs@rgrdlaw.com
mbalotta@rgrdlaw.com

4841-6681-5700.v1

- 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
WILLIAM J. EDELMAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
wedelman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

4841-6681-5700.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 21, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Lawrence F. Stengel
LAWRENCE F. STENGEL

SAXTON & STUMP
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)

E-mail:  lfs@saxtonstump.com

4841-6681-5700.v1

# Mailing Information for a Case 2:20-cv-01402-GJP MCDERMID v. INOVIO PHARMACEUTICALS, INC. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **PETER M. ADAMS**
  padams@cooley.com,daland@cooley.com,ktorres@cooley.com

- **MICHAEL ALBERT**
  malbert@rgrdlaw.com

- **MATTHEW J. BALOTTA**
  mbalotta@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **JEFFREY C BLOCK**
  jeff@blockesq.com

- **LUKE T. CADIGAN**
  lcadigan@cooley.com

- **SHANON J. CARSON**
  scarson@bm.net,ECF@bm.net,crmariney@bm.net

- **MICHAEL C. DELL'ANGELO**
  mdellangelo@bm.net,tstires@bm.net

- **MICHAEL D. DONOVAN**
  mdonovan@donovanlitigationgroup.com

- **BARBARA L. GIBSON**
  bgibson@kohnswift.com,cmusloski@kohnswift.com

- **JACOB A. GOLDBERG**
  jgoldberg@rosenlegal.com,etexidor@rosenlegal.com

- **MARK S. GOLDMAN**
  goldman@lawgsp.com,lamar@lawgsp.com

- **TOR GRONBORG**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **PATRICK J. LOFTUS**
  loftus@duanemorris.com,lverbitski@duanemorris.com

- **DANIELLE S. MYERS**
  danim@rgrdlaw.com

- **DARREN J. ROBBINS**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **TRIG R. SMITH**
  trigs@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **HEATHER SPEERS**
  hspeers@cooley.com

- **LAWRENCE F. STENGEL**
  lfs@saxtonstump.com,gas@saxtonstump.com

- **CRAIG E. TENBROECK**
  ctenbroeck@cooley.com,maraujo@cooley.com

- **STEPHEN J. TETI**
  steti@blockesq.com,stephen-teti-1589@ecf.pacerpro.com

- **JACOB A. WALKER**
  jake@blockleviton.com,jacob-walker-5598@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
ANDREW              DAVID ABRAMOWITZ
SPECTOR ROSEMAN  AND KODROFF
1818 MARKET STREET
SUITE 2500
PHILADELPHIA, PA 19103
```