IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK MCDERMID, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-01402-GJP<br><br>CLASS ACTION |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

## I.    INTRODUCTION

Plaintiffs' Opposition to Defendants' Request for Judicial Notice (ECF No. 81 ("RJN Opp.")) concedes that **Exhibits A–L, N–O,** and **U–V** are incorporated by reference into the Complaint[1] and/or are proper subjects of judicial notice.  The only exhibits subject to dispute are **Exhibit M** (Inovio's September 8, 2019, press release) and **Exhibits P–T** (analyst reports), all of which Defendants requested that the Court judicially notice for the limited purpose of identifying what information was in the public realm and when.  In their Opposition, Plaintiffs ignore this requested purpose, and mischaracterize Defendants' use of the documents.  However, the grounds for which Defendants seek judicial notice of **Exhibits M** and **P–T** are eminently proper and judicial notice should be granted.

## II.    ARGUMENT

### A.    Judicial Notice of Exhibit M Is Proper.

Plaintiffs do not dispute that Exhibit M (Inovio's September 8, 2019, press release) is the type of document that is plainly subject to judicial notice.  Indeed, Plaintiffs acknowledge that other press releases (Exhibits E–F and I) are appropriate for the Court to consider.  (*See* RJN Opp. at 1 (explaining that Plaintiffs do not challenge judicial notice of Exhibits E–F and I, which are also Inovio press releases).)  Instead, they argue that judicial notice is improper because the press release post-dates the Class Period and, as such, is not used to support any of Defendants' arguments.  (*Id.* at 2–3.)  The fact that a document post-dates the Class Period does not render it inappropriate for judicial notice; rather, courts will consider whether the document is consistent with the elements in Federal Rule of Evidence 201.  *See, e.g.*, *In re Egalet Corp. Sec. Litig.*, 340

---

[1] Defined terms herein are consistent with their definitions in Defendants' Motion to Dismiss the Complaint (ECF No. 73 (the "MTD")).  Unless otherwise noted, all emphasis is added and all internal quotation marks, ellipses, brackets, and citations are omitted.

F. Supp. 3d 479, 495–97 (E.D. Pa. 2018) (taking judicial notice of notice of a memo published after the Class Period ended), *aff'd sub nom. Spizzirri v. Zyla Life Scis.*, 802 F. App'x 738 (3d Cir. 2020).

Plaintiffs also argue that Defendants "***may*** be relying on Exhibit M to prop up an otherwise improper factual argument." (RJN Opp. at 3.) Such speculation is unwarranted. As Plaintiffs acknowledge, Defendants "do not cite the exhibit for a purported fact in support of any legal argument." (*Id.* at 2.) Exhibit M only appears in the factual background. The purpose for which Defendants cite Exhibit M is to show that on September 9, 2020 (about two weeks *before* Plaintiffs filed the First Amended Consolidated Class Action Complaint), Inovio announced that it had contracted with another manufacturer that was capable of producing at least 100 million doses annually. (MTD at 6.) The fact of this announcement by Inovio "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and therefore can be judicially noticed. Fed. R. Evid. 201(b). Exhibit M (the press release) also serves only to indicate "what was in the public realm at the time, not whether the contents of those documents are true." *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020); *see also In re Mervyn's Holdings, LLC*, 426 B.R. 488, 496 (Bankr. D. Del. 2010) (taking "judicial notice of the press releases" in order "to acknowledge that the facts contained in the records existed in the public realm at that time").

### B.    Judicial Notice of Exhibits P-T Is Proper.

Plaintiffs do not dispute that Exhibits P–T (analyst reports) are also the types of documents that are properly subject to judicial notice. Their only objection is that the analyst reports cannot be used for the truth of the matters asserted therein, and that Defendants use these documents to support "facts regarding what Defendants really meant when they made their misleading

3

statements and what all market participants understood about Defendants' use of language." (RJN Opp. at 4–5.)  This argument mischaracterizes Defendants use of Exhibits P–T.  Defendants cite to these documents for the limited purpose of showing what information was in the public realm and when.  (*See e.g.*, MTD at 8 (citing Exs. P–Q to show that analysts reported that it took Inovio three hours to ***design*** the vaccine); MTD at 17 (citing Exs. R–T to show that analysts reported Inovio's vaccine was included in a non-human primate (NHP) challenge study as part of Operation Warp Speed)).  This is a proper purpose.  *In re Merck & Co., Sec., Derivative & "ERISA" Litig.*, 483 F. Supp. 2d 407, 420 n.3 (D.N.J. 2007) ("The Court may take judicial notice of public material such as newspaper articles and analyst reports."), *rev'd on other grounds*, 543 F.3d 150 (3d Cir. 2008).

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits A–K** under the incorporation by reference doctrine and take judicial notice of **Exhibits A–V** for purposes of identifying what was in the public realm and when.

Dated:  January 20, 2021                          Respectfully Submitted,

                                                  DUANE MORRIS LLP


                                                  By: *s/ Patrick Loftus*
                                                  _____
                                                      Patrick Loftus (PA60417)
                                                      30 South 17th Street
                                                      Philadelphia, PA 19103
                                                      (215) 979-1367 (phone)
                                                      (215) 689-3591 (fax)
                                                      loftus@duanemorris.com

                                                      COOLEY LLP
                                                      Luke Cadigan (*Pro Hac Vice*)
                                                      500 Boylston Street
                                                      14th Floor
                                                      Boston, MA 02116-3736
                                                      (617) 937-2300 (phone)
                                                      (617) 937-2400 (fax)
                                                      lcadigan@cooley.com

                                                      Heather Speers (*Pro Hac Vice*)
                                                      4401 Eastgate Mall
                                                      San Diego, CA 92121-1909
                                                      (858) 550-6000 (phone)
                                                      (858) 550-6420 (fax)
                                                      hspeers@cooley.com

                                                  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 20, 2021, I filed this document on the Court's docket using the Court's CM/ECF system.  Based on the Court's records, all counsel of record were served with a copy of the foregoing document by electronic means.

> *s/ Patrick Loftus*
> DUANE MORRIS LLP
> Patrick Loftus (PA60417)
> 30 South 17th Street
> Philadelphia, PA 19103
> (215) 979-1367 (phone)
> (215) 689-3591 (fax)
> loftus@duanemorris.com