IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK MCDERMID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-01402-GJP<br><br><u>CLASS ACTION</u><br><br><br>**ANSWER TO THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br><br>**JURY TRIAL DEMANDED** |

1.     In response to Paragraph 1 of the First Amended Consolidated Class Action Complaint ("FAC"), Defendants admit that Plaintiffs assert claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5.  Defendants deny that this action can be maintained as a class action under Federal Rule of Civil Procedure 23.  Defendants deny that Plaintiffs have suffered any damages based on the allegations in the Complaint.  Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 1.

2.     Paragraph 2 of the FAC does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations.  To the extent that Paragraph 2 contains factual matters, Defendants deny the allegations therein.

3.     Paragraph 3 of the FAC does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations.  To the extent that Paragraph 3 contains factual matters, Defendants deny the allegations therein.

4.      In response to Paragraph 4 of the FAC, Defendants admit that Inovio is a biotechnology company focused on bringing to market precisely designed DNA medicines to treat, cure, and protect people from diseases associated with human papillomavirus (HPV), cancer, and infectious diseases. Inovio's DNA medicine pipeline is comprised of three types of product candidates, DNA vaccines, DNA immunotherapies and DNA encoded monoclonal antibodies (dMABs). Defendants admit the allegations in the second and third sentences of Paragraph 4. Defendants admit that Inovio announced positive interim Phase I data for its COVID-19 DNA vaccine candidate INO-4800 ("INO-4800") in June 2020. Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 4.

5.      In response to Paragraph 5 of the FAC, Defendants admit that the Centers for Disease Control and Prevention ("CDC") reported a confirmed case of COVID-19 in the United States on January 21, 2020. Defendants admit the second sentence of Paragraph 5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the specific numerical allegations in the third and fourth sentences of Paragraph 5, and, therefore, deny them. Defendants admit that governments and biopharmaceutical companies have engaged in robust efforts since early 2020 to create a vaccine to combat the novel Coronavirus. Defendants further admit that the process of vaccine development can be lengthy. Defendants further admit that the common cold has been endemic in society for at least hundreds of years. Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 5.

6.      In response to Paragraph 6 of the FAC, Defendants admit that Inovio received the genetic sequence of SARS-CoV-2 on January 10, 2020 and quickly created a vaccine using its advanced DNA medicines platform. Defendants further admit that Coronavirus represents the biggest healthcare challenge the world has faced in decades and that Inovio has been and continues

to be a leader in designing a vaccine to save lives in the ongoing pandemic.  Defendants admit that Inovio filed a Form 424B5 on February 7, 2020 for $100 million of common stock.  Defendants admit that Inovio filed a Form 424B5 on March 9, 2020 for $50 million of common stock.  Defendants admit that Inovio filed a Form 424B5 on April 3, 2020 for $150 million of common stock.  Defendants admit that Inovio filed a Form 424B5 on May 12, 2020 for $100 million of common stock.  To the extent that the allegations of Paragraph 6 purport to quote, summarize, or characterize the Form 424B5s, Defendants refer the Court to the contents of the Forms, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 6 differ in any way from the contents of the Form 424B5s, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 6.

7.      In response to Paragraph 7 of the FAC, Defendants deny the first sentence of Paragraph 7. Defendants admit that Inovio made public statements on February 14, 2020 and March 2, 2020.  To the extent that the allegations of Paragraph 7 purport to quote, summarize, or characterize the statement made on February 14, 2020, Defendants refer the Court to the contents of that statement, which speak for themselves and are the best evidence of their contents. To the extent that the allegations of Paragraph 7 purport to quote, summarize, or characterize the statement made on March 2, 2020, Defendants refer the Court to the contents of that statement, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 7 differ in any way from the contents of the public statements, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 7.

8.      In response to Paragraph 8 of the FAC, Defendants admit that Inovio issued a press release on March 24, 2020.  To the extent that the allegations of Paragraph 8 purport to quote, summarize, or characterize the press release, Defendants refer the Court to the contents of the press release, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 8 differ in any way from the contents of the press release, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 8.

9.      In response to Paragraph 9 of the FAC, Defendants admit that Inovio issued a press release on April 30, 2020.  To the extent that the allegations of Paragraph 9 purport to quote, summarize, or characterize the press release, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 9 differ in any way from the contents of the press release, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 9.

10.      In response to Paragraph 10 of the FAC, Defendants admit that it had an earnings call with investors on May 11, 2020.  To the extent that the allegations of Paragraph 10 purport to quote, summarize, or characterize the May 11 earnings call, Defendants refer the Court to the transcript of the call, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 10 differ in any way from the contents of the public statements, Defendants deny every such allegation.  Defendants admit that Inovio issued a prospectus on May 12, 2020.  To the extent that the allegations of Paragraph 10 purport to quote, summarize, or characterize the prospectus, Defendants refer the Court to the contents of the prospectus, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph

10 differ in any way from the content of the prospectus, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 10.

11.    In response to Paragraph 11 of the FAC, Defendants admit that it issued a press release on June 30, 2020.  To the extent that the allegations of Paragraph 11 purport to quote, summarize, or characterize the press release, Defendants refer the Court to that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 11 differ in any way from the contents of the public statements, Defendants deny every such allegation.  Defendants deny the allegations in the third sentence of Paragraph 11, except that Defendants admit that Operation Warp Speed's stated goal was delivering 300 million doses of safe and effective vaccines by January 2021. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and, therefore, deny them.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 11.

12.    In response to Paragraph 12 of the FAC, Defendants deny the first sentence of Paragraph 12. Defendants admit that Inovio's stock closed at $4.15 on February 14, 2020. Defendants admit that Inovio's stock closed at $14.09 on March 6, 2020.  Defendants admit that Inovio's stock closed at $7.09 on March 24, 2020.  Defendants deny that the Inovio stock price closed at $13.65 on May 13, 2020.  Defendants admit that Inovio filed Form 424B5s on February 7, 2020, March 9, 2020, April 3, 2020, and May 12, 2020.  To the extent that the allegations of Paragraph 12 purport to quote, summarize, or characterize the Form 424B5s, Defendants refer the Court to the contents of the Forms, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 12 differ in any way from the contents of the Form 424B5s, Defendants deny every such allegation.  Defendants admit that Inovio filed a Proxy

Statement on March 27, 2020.  To the extent that the allegations of Paragraph 12 purport to quote, summarize, or characterize the Proxy Statement, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 12 differ in any way from the contents of the Proxy Statement, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 12.

13.     In response to Paragraph 13 of the FAC, Defendants deny the allegations in the first three sentences of Paragraph 13.  Defendants admit that Inovio posted a tweet on March 9, 2020.  To the extent that the allegations of Paragraph 13 purport to quote, summarize, or characterize this tweet, Defendants refer the Court to the contents of the tweet, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 13 differ in any way from the content of the tweet, Defendants deny every such allegation.  Defendants deny that Inovio's stock price opened on March 9, 2020 at $18.72.  Defendants admit that Inovio's stock price closed on March 10, 2020 at $5.70.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 13.

14.     In response to Paragraph 14 of the FAC, Defendants admit that Inovio filed a lawsuit against VGXI on June 3, 2020.  To the extent that the allegations of Paragraph 14 purport to quote, summarize, or characterize the complaint against VGXI, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 14 differ in any way from the contents of the complaint against VGXI, Defendants deny every such allegation.  Defendants admit that Inovio's stock price closed on June 2, 2020 at $14.34.  Defendants admit that Inovio's stock price closed on June 4,

2020 at $11.88.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 14.

15.    In response to Paragraph 15 of the FAC, Defendants deny the allegation that its statement was misleading.  To the extent that the allegations of Paragraph 15 purport to quote, summarize, or characterize an article in *The New York Times*, without admitting the truth of the contents thereof, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. Defendants admit that Inovio's stock price closed on August 11, 2020 at $14.62 per share.  Defendants admit that Inovio's stock price closed on August 7, 2020 at $20.22 per share.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 15.

16.    In response to Paragraph 16 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *The New England Journal of Medicine* published on August 26, 2020.  To the extent that the allegations of Paragraph 16 purport to quote, summarize, or characterize this article, without admitting the truth of the contents thereof, Defendants refer the Court to the contents of the document, which speaks for itself and is the best evidence of its contents. Defendants admit that Moncef Slaoui and Matthew Hepburn were listed as the authors of the article, and that Doctor Slaoui oversaw Operation Warp Speed until January 2021. To the extent that the allegations of Paragraph 16 purport to quote, summarize, or characterize the litigation against VGXI, Defendants refer the Court to the contents of the litigation record, which speak for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 16 differ in any way from the contents of the litigation record, Defendants deny every such allegation. Defendants admit that Inovio's stock price closed on August 26, 2020 at $12.73 per share.

Defendants admit that Inovio's stock price closed on August 27, 2020 at $11.81 per share. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 16.

17. In response to Paragraph 17 of the FAC, Defendants admit that Muddy Waters tweeted about Inovio on September 2, 2020. To the extent that the allegations of Paragraph 17 purport to quote, summarize, or characterize the tweets, Defendants refer the Court to the contents of the tweets, which speak for themselves and is the best evidence of its contents. Defendants admit that Inovio's stock price closed on September 1, 2020 at $11.41 per share. Defendants admit that Inovio's stock price closed on September 3, 2020 at $9.85 per share. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 17.

18. In response to Paragraph 18 of the FAC, Defendants deny the allegations that they lied to investors, and Defendants deny the allegations in the first six sentences of Paragraph 18. To the extent that the allegations in Paragraph 18 purport to quote, summarize, or characterize messages by Mr. Juba, Defendants refer the Court to the contents of those messages, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 18 differ in any way from the content of the messages, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 18.

19. In response to Paragraph 19 of the FAC, Defendants admit that Plaintiffs assert claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 19.

20. In response to Paragraph 20 of the FAC, Defendants admit that Section 27 of the Exchange Act provides for jurisdiction over this action.

21.     In response to Paragraph 21 of the FAC, Defendants admit that venue is proper in this district.  Defendants deny that Plaintiffs have suffered any damages. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 21.

22.     In response to Paragraph 22 of the FAC, Defendants admit that shares of Inovio's common stock traded under the symbol "INO" on the NASDAQ during the purported Class Period. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 22.

23.     In response to Paragraph 23 of the FAC, Defendants answer that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis, deny them.

24.     In response to Paragraph 24 of the FAC, Defendants answer that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis, deny them.

25.     Paragraph 25 of the FAC does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations. To the extent that Paragraph 25 contains factual matters, Defendants deny the allegations therein.

26.     In response to Paragraph 26 of the FAC, Defendants admit that Inovio is a biotechnology company focused on rapidly bringing to market precisely designed DNA medicines to treat, cure, and protect people from diseases associated with human papillomavirus (HPV), cancer, and infectious diseases. Inovio's DNA medicine pipeline is comprised of three types of product candidates, DNA vaccines, DNA immunotherapies and DNA encoded monoclonal antibodies (dMABs).  Defendants admit that Inovio's corporate headquarters is located at 660 West Germantown Pike, Suite 110, Plymouth Meeting, Pennsylvania 19462.  Defendants admit

that shares of Inovio's common stock traded under the symbol "INO" on the NASDAQ.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 26.

27.    In response to Paragraph 27 of the FAC, Defendants admit the allegations in the first, second, fourth, and fifth sentences of Paragraph 27.  Defendants admit that Inovio filed a Proxy Statement on March 27, 2020.  To the extent that the allegations of Paragraph 27 purport to quote, summarize, or characterize the Proxy Statement, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 27 differ in any way from the contents of the Proxy Statement, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 27.

28.    In response to Paragraph 28 of the FAC, Defendants admit that Inovio has a Code of Business Conduct and Ethics.  Defendants admit the allegation in the second sentence of Paragraph 28.  To the extent that the allegations of Paragraph 28 purport to quote, summarize, or characterize the Code, Defendants refer the Court to the contents of the Code, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 28 differ in any way from the contents of the Code, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 28.

29.    In response to Paragraph 29 of the FAC, Defendants admit that Kim sold Inovio common stock in July 2020 according to a 10b5-1 plan and as reflected in a Form 4 filed with the SEC. To the extent that the allegations of Paragraph 29 purport to quote, summarize, or characterize the Form 4 or the 10b5-1 trading plan, Defendants refer the Court to the contents of those documents, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 29 differ in any way from the contents of the Form 4 or the

10b5-1 trading plan, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 29.

30.     Paragraph 30 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 30.

31.     In response to Paragraph 31 of the FAC, Defendants admit all the allegations therein.

32.     In response to Paragraph 32 of the FAC, Defendants admit that Inovio has a Code of Business Conduct and Ethics and that Kies was required to comply with the Code.  To the extent that the allegations of Paragraph 32 purport to quote, summarize, or characterize the Code, Defendants refer the Court to the contents of the Code, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 32 differ in any way from the contents of the Code, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 32.

33.     In response to Paragraph 33 of the FAC, Defendants admit that Kies sold Inovio common stock in June and July 2020 according to a 10b5-1 plan and as reflected in Form 4s filed with the SEC. To the extent that the allegations of Paragraph 33 purport to quote, summarize, or characterize the Form 4s or the 10b5-1 trading plan, Defendants refer the Court to the contents of those documents, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 33 differ in any way from the contents of the Form 4s or the 10b5-1 trading plan, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 33.

34.     Paragraph 34 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 34.

35.     In response to Paragraph 35 of the FAC, Defendants admit all the allegations therein.

36.     In response to Paragraph 36 of the FAC, Defendants admit that Inovio has a Code of Business Conduct and Ethics and that Juba was required to comply with the Code.  To the extent that the allegations of Paragraph 36 purport to quote, summarize, or characterize the Code, Defendants refer the Court to the contents of the Code, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 36 differ in any way from the contents of the Code, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 36.

37.     Paragraph 37 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 37.

38.     Paragraph 38 of the FAC does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations. To the extent that Paragraph 38 contains factual matters, Defendants deny the allegations therein.

39.     Paragraph 39 of the FAC does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations. To the extent that Paragraph 39 contains factual matters, Defendants deny the allegations therein.

40.     In response to Paragraph 40 of the FAC, Defendants admit that Inovio is focused on bringing to market precisely designed and delivered DNA medicines.  Defendants admit that Inovio issues press releases in which it explains its DNA Medicines Platform.  To the extent that the allegations of Paragraph 40 purport to quote, summarize, or characterize these press releases, Defendants refer the Court to the contents of those documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 40 differ in any way from the contents of the public statements, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 40.

41.     In response to Paragraph 41 of the FAC, Defendants admit that Plaintiffs purport to quote an article from the website *STAT*.  To the extent the allegations in Paragraph 41 purport to quote, summarize, or characterize the contents of this article, without admitting the truth of the contents thereof, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 41.

42.     In response to Paragraph 42 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *The Street*.  To the extent the allegations in Paragraph 42 purport to quote, summarize, or characterize the contents of this article, without admitting the truth of the contents thereof, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 42.

43.     In response to Paragraph 43 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *The Street*.  To the extent the allegations in Paragraph 43 purport to quote, summarize, or characterize the contents of this article, without admitting the truth of the contents

thereof, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents. Defendants admit that Inovio filed a Form 424B5 in July 2009. To the extent that the allegations of Paragraph 43 purport to quote, summarize, or characterize the Form 424B5, Defendants refer the Court to the contents of the Form, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 43 differ in any way from the contents of the Form 424B5, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 43.

44. In response to Paragraph 44 of the FAC, Defendants admit that Inovio issued press releases on November 17, 2011 and December 1, 2011. To the extent that the allegations of Paragraph 44 purport to quote, summarize, or characterize these press releases, Defendants refer the Court to the contents of that documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 44 differ in any way from the contents of the press releases, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 44.

45. In response to Paragraph 45 of the FAC, Defendants admit that Inovio issued press releases on May 16, 2012 and June 1, 2012. To the extent that the allegations of Paragraph 45 purport to quote, summarize, or characterize these press releases, Defendants refer the Court to the contents of that documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 45 differ in any way from the contents of the press releases, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 45.

46. In response to Paragraph 46 of the FAC, Defendants admit that Inovio issued press releases in February 2014, on May 14, 2013, and on June 14, 2013. To the extent that the

allegations of Paragraph 46 purport to quote, summarize, or characterize these press releases, Defendants refer the Court to the contents of that documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 46 differ in any way from the contents of the press releases, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 46.

47.    In response to Paragraph 47 of the FAC, Defendants admit that Inovio issued press releases on July 8, 2013, November 20, 2013, and in February 2014. To the extent that the allegations of Paragraph 47 purport to quote, summarize, or characterize these press releases, Defendants refer the Court to the contents of that documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 47 differ in any way from the contents of the press releases, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 47.

48.    In response to Paragraph 48 of the FAC, Defendants admit that Inovio issued press releases in 2016 and 2017. To the extent that the allegations of Paragraph 48 purport to quote, summarize, or characterize these press releases, Defendants refer the Court to the contents of that documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 48 differ in any way from the contents of the press releases, Defendants deny every such allegation. Defendants admit that Inovio filed a Form 424B5 on February 7, 2020 for $100 million of common stock. Defendants admit that Inovio filed a Form 424B5 on March 9, 2020 for $50 million of common stock. Defendants admit that Inovio filed a Form 424B5 on April 3, 2020 for $150 million of common stock. Defendants admit that Inovio filed a Form 424B5 on May 12, 2020 for $100 million of common stock. To the extent that the allegations of Paragraph 48 purport to quote, summarize, or characterize the Form 424B5s,

Defendants refer the Court to the contents of the Forms, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 48 differ in any way from the contents of the Form 424B5s, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 48.

49.     In response to Paragraph 49 of the FAC, Defendants admit the first two sentences of Paragraph 49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the specific numerical allegations in the third and fourth sentences of Paragraph 49, and, therefore, deny them. Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 49.

50.     In response to Paragraph 50 of the FAC, Defendants answer that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and, therefore, deny them.

51.     In response to Paragraph 51 of the FAC, Defendants admit the allegations in the first sentence of Paragraph 51. Defendants admit that Inovio obtained the genetic sequence of the novel coronavirus that causes COVID-19 from Chinese researchers. Defendants admit that, within three hours of receipt, Inovio created a vaccine using its advanced DNA medicines platform, combined with its prior experience developing a vaccine candidate for Middle East Respiratory Syndrome (MERS). Defendants admit that, in January and February 2020, Inovio began manufacturing a small amount of its COVID-19 vaccine candidate, INO-4800, for pre-clinical testing. To the extent that the allegations of Paragraph 51 purport to quote, summarize, or characterize the content of Inovio's website, Defendants refer the Court to the company's website, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 51 differ in any way from the contents of Inovio's website, Defendants deny every such

allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 51.

52.     In response to Paragraph 52 of the FAC, Defendants admit that Kim was interviewed by Fox Business News on February 14, 2020.  To the extent that the allegations of Paragraph 52 purport to quote, summarize, or characterize this interview, Defendants refer the Court to the contents of the interview, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 52 differ in any way from the contents of the interview, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 52.

53.     In response to Paragraph 53 of the FAC, Defendants admit all the allegations therein.

54.     In response to Paragraph 54 of the FAC, Defendants admit that they issued press releases in 2020.  To the extent that the allegations of Paragraph 54 purport to quote, summarize, or characterize these press releases, Defendants refer the Court to the contents of that documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 54 differ in any way from the contents of the press releases, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 54.

55.     In response to Paragraph 55 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *Reuters* and cites to other articles, including in *Scientific American*, *Popular Science*, and *U.S. News & World Report*.  To the extent the allegations in Paragraph 55 purport to quote, summarize, or characterize the contents of these documents, without admitting the truth of the contents thereof, Defendants refer the Court to the documents, which speak for

themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 55.

56. In response to Paragraph 56 of the FAC, Defendants admit that Inovio issued press releases on April 6, 2020 and April 28, 2020. To the extent that the allegations of Paragraph 56 purport to quote, summarize, or characterize these press releases, Defendants refer the Court to the contents of those documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 56 differ in any way from the content of the press releases, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 56.

57. In response to Paragraph 57 of the FAC, Defendants admit that Inovio conducted an earnings call on May 11, 2020. To the extent that the allegations of Paragraph 57 purport to quote, summarize, or characterize the call, Defendants refer the Court to the contents of the call, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 57 differ in any way from the content of the call, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 57.

58. In response to Paragraph 58 of the FAC, Defendants admit that Inovio conducted a call with investors on June 1, 2020. To the extent that the allegations of Paragraph 58 purport to quote, summarize, or characterize the call, Defendants refer the Court to the contents of the call, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 58 differ in any way from the content of the call, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 58.

59. In response to Paragraph 59 of the FAC, Defendants admit that Inovio issued a press release on May 20, 2020. To the extent that the allegations of Paragraph 59 purport to quote,

summarize, or characterize the press release, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 59 differ in any way from the content of the press release, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 59.

60. In response to Paragraph 60 of the FAC, Defendants admit that Inovio issued a press release on June 30, 2020. To the extent that the allegations of Paragraph 60 purport to quote, summarize, or characterize the press release, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 60 differ in any way from the content of the press release, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 60.

61. In response to Paragraph 61 of the FAC, Defendants admit that VGXI is a contract development and manufacturing organization that produces DNA plasmids for pre-clinical research and clinical trials. Defendants admit the allegations in the second sentence of Paragraph 61. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 61.

62. In response to Paragraph 62 of the FAC, Defendants admit that Inovio filed a lawsuit against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 62 purport to quote, summarize, or characterize the complaint in that matter, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 62 differ in any way from the contents of the complaint,

Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 62.

63.    In response to Paragraph 63 of the FAC, Defendants admit that Inovio filed a lawsuit against VGXI on June 3, 2020 and that VGXI and Inovio filed additional documents with the court prior to the preliminary injunction hearing in June 2020.  Defendants admit that VGXI filed an answer to Inovio's complaint on July 7, 2020.  To the extent that the allegations of Paragraph 63 purport to quote, summarize, or characterize these proceedings and filings, Defendants refer the Court to the contents of these documents, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 63.

64.    In response to Paragraph 64 of the FAC, Defendants admit that Inovio and VGXI worked together for years, and Inovio had an equity interest in VGX, International, Inc. Defendants admit that Inovio manufactured its DNA plasmids when it had in-house manufacturing capabilities.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 64.

65.    In response to Paragraph 65 of the FAC, Defendants admit that Inovio sold its manufacturing operations to VGXI and, in connection with that transaction, entered into the Supply Agreement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 65.

66.    In response to Paragraph 66 of the FAC, Defendants admit that Inovio entered into a Supply Agreement with VGXI and that such agreement was disclosed in Inovio's filings with the SEC.  To the extent that the allegations of Paragraph 66 purport to quote, summarize, or characterize the Supply Agreement or these filings, Defendants refer the Court to the contents of

these documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 66 differ in any way from the contents of these documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 66.

67.    In response to Paragraph 67 of the FAC, Defendants admit that Inovio filed a lawsuit against VGXI on June 3, 2020 and that Inovio previously entered into a Supply Agreement with VGXI. To the extent that the allegations of Paragraph 67 purport to quote, summarize, or characterize these filings or the Supply Agreement, Defendants refer the Court to the contents of these documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 67 differ in any way from the contents of these documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 67.

68.    In response to Paragraph 68 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Dr. Shea testified at that hearing. To the extent that the allegations of Paragraph 68 purport to quote, summarize, or characterize this hearing, Defendants refer the Court to the transcript of the hearing, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 68 differ in any way from the contents of the transcript, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 68.

69.    In response to Paragraph 69 of the FAC, Defendants admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 69 purport to quote, summarize, or characterize this petition, Defendants

refer the Court to the contents of the petition, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 69 differ in any way from the contents of the petition, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 69.

70.     In response to Paragraph 70 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Juba testified at that hearing. To the extent that the allegations of Paragraph 70 purport to quote, summarize, or characterize this hearing or the complaint, Defendants refer the Court to the transcript of the hearing and the contents of the complaint, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 70.

71.     In response to Paragraph 71 of the FAC, Defendants admit that Inovio filed a complaint against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 71 purport to quote, summarize, or characterize the complaint, Defendants refer the Court to the contents of the complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 71 differ in any way from the contents of the complaint, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 71.

72.     In response to Paragraph 72 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Juba testified at that hearing. To the extent that the allegations of Paragraph 72 purport to quote, summarize, or characterize this hearing or the complaint, Defendants refer the Court to the transcript of the hearing and the contents of the complaint, which speak for themselves and are the

best evidence of their contents. To the extent the allegations in Paragraph 72 differ in any way from the contents of these documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 72.

73.    In response to Paragraph 73 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Dr. Shea testified at that hearing. To the extent that the allegations of Paragraph 73 purport to quote, summarize, or characterize this hearing or the complaint, Defendants refer the Court to the transcript of the hearing and the contents of the complaint, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 73 differ in any way from the contents of these documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 73.

74.    In response to Paragraph 74 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Juba testified at that hearing. To the extent that the allegations of Paragraph 74 purport to quote, summarize, or characterize this hearing or the complaint, Defendants refer the Court to the transcript of the hearing and the contents of the complaint, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 74 differ in any way from the contents of these documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 74.

75.    In response to Paragraph 75 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Juba testified at that hearing. Defendants also admit that Inovio filed a complaint against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 75 purport to quote, summarize, or

characterize this hearing or the complaint, Defendants refer the Court to the transcript of the hearing and the contents of the complaint, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 75 differ in any way from the contents of these documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 75.

76. In response to Paragraph 76 of the FAC, Defendants admit that Inovio was in negotiations with other manufacturers, including Ology, Richter-Helm BioLogics GmbH & Co. KG, and Kaneka Eurogentec S.A. To the extent that the allegations of Paragraph 76 purport to quote, summarize, or characterize the filings or papers from the VGXI litigation, without admitting the truth of the contents thereof, Defendants refer the Court to the contents of those documents, which speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 76.

77. In response to Paragraph 77 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Juba testified at that hearing. To the extent that the allegations of Paragraph 77 purport to quote, summarize, or characterize this hearing, Defendants refer the Court to the transcript of the hearing, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 77 differ in any way from the contents of these documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 77.

78. In response to Paragraph 78 of the FAC, Defendants admit that Inovio announced in March 2020 that the Department of Defense had awarded Ology with a contract valued at $11.9

million to work with Inovio on DNA technology transfer to rapidly manufacture DNA vaccines. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 78.

79. In response to Paragraph 79 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Peterson testified at that hearing. To the extent that the allegations of paragraph 72 purport to quote, summarize, or characterize this hearing or the filings in the litigation, without admitting the truth of the contents thereof, Defendants refer the Court to the transcript of the hearing and contents of the filings, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 79.

80. In response to Paragraph 80 of the FAC, Defendants admit that Inovio announced in March 2020 that the Department of Defense had awarded Ology with a contract valued at $11.9 million to work with Inovio on DNA technology transfer to rapidly manufacture DNA vaccines. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 80.

81. In response to Paragraph 81 of the FAC, Defendants admit that VGXI filed a third-party complaint against Ology on July 7, 2020. To the extent that the allegations of Paragraph 81 purport to quote, summarize, or characterize the third-party complaint, without admitting the truth of the contents thereof, Defendants refer the Court to the contents of the third-party complaint, which speaks for itself and is the best evidence of its contents. Defendants admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 81 purport to quote, summarize, or characterize this petition, Defendants refer the Court to the contents of the petition, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 81 differ in any way from the contents of the

petition, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 81.

82. In response to Paragraph 82 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Juba testified at that hearing. To the extent that the allegations of Paragraph 82 purport to quote, summarize, or characterize this hearing, Defendants refer the Court to the transcript of the hearing, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 82 differ in any way from the contents of these documents, Defendants deny every such allegation. Defendants admit the allegations in the last sentence of Paragraph 82. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 82.

83. In response to Paragraph 83 of the FAC, Defendants admit that Richter-Helm had previous knowledge of VGXI's technology through an earlier technology transfer. Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Dr. Shea testified at that hearing. Defendants also admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 83 purport to quote, summarize, or characterize this hearing or the filings, Defendants refer the Court to the transcript of the hearing and the contents of the filings, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 83.

84. In response to Paragraph 84 of the FAC, Defendants admit that by June 2020, Inovio had lined up manufacturers Ology and Richter-Helm. In September 2020, Inovio announced that it had signed a letter of intent with Thermo Fisher Scientific to provide additional manufacturing capability. Defendants admit that a preliminary injunction hearing as part of

Inovio's lawsuit against VGXI took place in June 2020 and that Juba testified at that hearing. To the extent that the allegations of Paragraph 84 purport to quote, summarize, or characterize this hearing, Defendants refer the Court to the transcript of the hearing, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 84.

85.    In response to Paragraph 85 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Dr. Shea testified at that hearing. Defendants also admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 85 purport to quote, summarize, or characterize this hearing or the petition, Defendants refer the Court to the transcript of the hearing and the contents of the petition, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 85.

86.    In response to Paragraph 86 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Dr. Shea testified at that hearing. Defendants also admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 86 purport to quote, summarize, or characterize this hearing or the petition, Defendants refer the Court to the transcript of the hearing and the contents of the petition, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 86.

87.    In response to Paragraph 87 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Dr.

Shea testified at that hearing.  Defendants also admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020.  To the extent that the allegations of Paragraph 87 purport to quote, summarize, or characterize this hearing or the petition, Defendants refer the Court to the transcript of the hearing and the contents of the petition, which speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 87.

88.    In response to Paragraph 88 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Dr. Shea testified at that hearing.  Defendants also admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020.  To the extent that the allegations of Paragraph 88 purport to quote, summarize, or characterize this hearing or the petition, Defendants refer the Court to the transcript of the hearing and the contents of the petition, which speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 88.

89.    In response to Paragraph 89 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020.  Defendants also admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020.  To the extent that the allegations of Paragraph 89 purport to quote, summarize, or characterize this hearing or the petition, Defendants refer the Court to the transcript of the hearing and the contents of the petition, which speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 89.

90.    In response to Paragraph 90 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020, and that Kim

testified at the hearing. Defendants also admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 90 purport to quote, summarize, or characterize this hearing or the petition, Defendants refer the Court to the transcript of the hearing and the contents of the petition, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 90.

91.    In response to Paragraph 91 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020, and that Park testified at the hearing. Defendants also admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 91 purport to quote, summarize, or characterize this hearing or the petition, Defendants refer the Court to the transcript of the hearing and the contents of the petition, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 91.

92.    In response to Paragraph 92 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020, and that Juba testified at the hearing. Defendants also admit that Inovio filed a petition for a preliminary injunction against VGXI on June 3, 2020. To the extent that the allegations of Paragraph 92 purport to quote, summarize, or characterize this hearing or the petition, Defendants refer the Court to the transcript of the hearing and the contents of the petition, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 92.

93.     In response to Paragraph 93 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020, and that a letter from Peterson to Kim was admitted as an exhibit.  Defendants admit that VGXI purported to terminate the Supply Agreement on May 7, 2020.  To the extent that the allegations of Paragraph 93 purport to quote, summarize, or characterize this hearing or the letter, Defendants refer the Court to the transcript of the hearing and the contents of the letter, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 93 differ in any way from the contents of the letter, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 93.

94.     In response to Paragraph 94 of the FAC, Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020, and that a letter from Peterson to Kim was admitted as an exhibit.  To the extent that the allegations of Paragraph 94 purport to quote, summarize, or characterize this hearing or the letter, Defendants refer the Court to the transcript of the hearing and the contents of the letter, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 94 differ in any way from the contents of the letter, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 94.

95.     In response to Paragraph 95 of the FAC, Defendants admit that VGXI filed an answer to Inovio's complaint on July 7, 2020.  To the extent that the allegations of Paragraph 95 purport to quote, summarize, or characterize this answer, without admitting the truth of the contents thereof, Defendants refer the Court to the contents of the answer, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 95.

96. In response to Paragraph 96 of the FAC, Defendants admit that Inovio is currently involved in ongoing litigation with VGXI in Pennsylvania state court. To the extent that the allegations of Paragraph 96 purport to quote, summarize, or characterize the docket in this case, Defendants refer the Court to the docket, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 96 differ in any way from the contents of the docket, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 96.

97. In response to Paragraph 97 of the FAC, Defendants admit that Kim was interviewed by Fox Business News on February 14, 2020. To the extent that the allegations of Paragraph 97 purport to quote, summarize, or characterize this interview, Defendants refer the Court to the contents of the interview, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 97 differ in any way from the contents of the interview, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 97.

98. In response to Paragraph 98 of the FAC, Defendants admit that Inovio's stock price closed at $3.86 on February 13, 2020. Defendants admit that Inovio's stock price closed at $4.15 on February 14, 2020. Defendants admit that Inovio filed a Form 424B5 on February 7, 2020 for $100 million of common stock. To the extent that the allegations of Paragraph 98 purport to quote, summarize, or characterize this filing, Defendants refer the Court to the contents of the filing, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 98 differ in any way from the contents of the filing, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 98.

99.  In response to Paragraph 99 of the FAC, Defendants admit that Kim spoke at the White House on March 2, 2020.  To the extent that the allegations of Paragraph 99 purport to quote, summarize, or characterize his statement, Defendants refer the Court to the contents of the statement, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 99 differ in any way from the contents of the statement, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 99.

100.  In response to Paragraph 100 of the FAC, Defendants admit that Inovio's stock price closed at $4.39 on March 2, 2020.  Defendants admit that Inovio's stock price closed at $7.45 on March 3, 2020, with reported trading volume of 121 million shares.  Defendants admit that Inovio's share price closed at $14.09 on March 6, 2020.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 100.

101.  In response to Paragraph 101 of the FAC, Defendants deny the allegations in the first two sentences of Paragraph 101.  The first sentence of Paragraph 101 also contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in the first sentence of Paragraph 101. Defendants admit that Inovio posted a tweet on March 9, 2020.  To the extent that the allegations of Paragraph 101 purport to quote, summarize, or characterize this tweet, Defendants refer the Court to the contents of the tweet, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 101 differ in any way from the content of the tweet, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 101.

102. In response to Paragraph 102 of the FAC, Defendants admit that Inovio issued a press release on March 24, 2020. To the extent that the allegations of Paragraph 102 purport to quote, summarize, or characterize the press release, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 102 differ in any way from the contents of the press release, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 102.

103. In response to Paragraph 103 of the FAC, Defendants deny the allegations in the first sentence of Paragraph 103. Defendants admit that a preliminary injunction hearing as part of Inovio's lawsuit against VGXI took place in June 2020 and that Peterson testified at that hearing. To the extent that the allegations of Paragraph 103 purport to quote, summarize, or characterize this hearing, without admitting the truth of the contents thereof, Defendants refer the Court to the transcript of the hearing, which speaks for itself and is the best evidence of its contents. The remainder of Paragraph 103 contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 103. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 103.

104. In response to Paragraph 104 of the FAC, Defendants admit that Inovio issued a press release on April 30, 2020. To the extent that the allegations of Paragraph 104 purport to quote, summarize, or characterize the press release, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 104 differ in any way from the contents of the press release, Defendants

deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 104.

105.    In response to Paragraph 105 of the FAC, Defendants deny the allegations in the first two sentences of Paragraph 105.  To the extent that the allegations of Paragraph 105 purport to quote, summarize, or characterize the filings or papers from the VGXI litigation, without admitting the truth of the contents thereof, Defendants refer the Court to the contents of those documents, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 105.

106.    In response to Paragraph 106 of the FAC, Defendants admit that Inovio conducted an earnings call on May 11, 2020.  To the extent that the allegations of Paragraph 106 purport to quote, summarize, or characterize the call, Defendants refer the Court to the contents of the call, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 106 differ in any way from the content of the call, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 106.

107.    In response to Paragraph 107 of the FAC, Defendants admit that Inovio's stock price closed at $11.90 on May 11, 2020.  Defendants admit that Inovio's stock price closed at $12.90 on May 12, 2020.  Defendants admit the reported trading volume on May 12, 2020 was over 55 million shares.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 107.

108.    In response to Paragraph 108 of the FAC, Defendants deny each and every allegation in Paragraph 108.  In addition, Paragraph 108 contains Plaintiffs' argument and/or legal

conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 108.

109.   In response to Paragraph 109 of the FAC, Defendants admit that Inovio issued a prospectus on May 12, 2020.  To the extent that the allegations of Paragraph 109 purport to quote, summarize, or characterize the prospectus, Defendants refer the Court to the contents of the prospectus, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 109 differ in any way from the content of the prospectus, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 109.

110.   In response to Paragraph 110 of the FAC, Defendants deny each and every allegation in Paragraph 110.  To the extent that the allegations of Paragraph 110 purport to quote, summarize, or characterize the May 12, 2020 prospectus, Defendants refer the Court to the contents of the prospectus, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 110 differ in any way from the content of the prospectus, Defendants deny every such allegation.  In addition, Paragraph 110 contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 110.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 110.

111.   In response to Paragraph 111 of the FAC, Defendants admit that Inovio issued a press release on June 30, 2020.  To the extent that the allegations of Paragraph 111 purport to quote, summarize, or characterize the press release, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 111 differ in any way from the contents of the press release, Defendants

deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 111.

112.    In response to Paragraph 112 of the FAC, Defendants deny that there statements were false or misleading.  In addition, Paragraph 112 contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 112.  To the extent that the allegations of Paragraph 112 purport to quote, summarize, or characterize an article in *The New York Times*, without admitting the truth of the contents thereof, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 112.

113.    In response to Paragraph 113 of the FAC, Defendants admit that Plaintiffs purport to quote a tweet from Citron Research in Paragraph 113.  To the extent the allegations in Paragraph 113 purport to summarize or characterize the contents of this tweet, without admitting the truth of the contents thereof, Defendants refer the Court to the tweet, which speaks for itself and is the best evidence of its contents.  Defendants admit that Inovio posted a tweet on March 9, 2020.  To the extent that the allegations of Paragraph 113 purport to quote, summarize, or characterize this tweet, Defendants refer the Court to the contents of the tweet, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 113 differ in any way from the content of the Inovio tweet, Defendants deny every such allegation.  Defendants admit that Inovio's stock price closed at $9.38 on March 9, 2020.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 113.

114.    In response to Paragraph 114 of the FAC, Defendants admit that Inovio's stock price closed at $9.38 on March 9, 2020.  Defendants admit that Inovio's stock price closed at $5.70

on March 10, 2020.  Defendants admit that Inovio's stock closed at $14.09 on March 6, 2020.
Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 114.

115.    In response to Paragraph 115 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *STAT* published on March 13, 2020.  To the extent the allegations in Paragraph 115 purport to summarize or characterize the contents of this article, without admitting the truth of the contents thereof, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 115.

116.    In response to Paragraph 116 of the FAC, Defendants admit that Inovio filed a lawsuit against VGXI on June 3, 2020.  To the extent that the allegations of Paragraph 116 purport to quote, summarize, or characterize the complaint, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 116 differ in any way from the contents of the complaint, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 116.

117.    In response to Paragraph 117 of the FAC, Defendants admit that Inovio's stock price closed at $14.34 on June 2, 2020.  Defendants admit that Inovio's stock price closed at $11.88 on June 4, 2020.  Defendants admit that over 38 million shares were reportedly traded on June 3, 2020 and 18 million shares were reportedly traded on June 4, 2020.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 117.

118.    In response to Paragraph 118 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *Fierce Pharma* published on June 5, 2020.  To the extent the allegations in Paragraph 118 purport to summarize or characterize the contents of this article, without

admitting the truth of the contents thereof, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 118.

119.    In response to Paragraph 119 of the FAC, Defendants admit that Inovio issued a press release on June 30, 2020.  To the extent that the allegations of Paragraph 119 purport to quote, summarize, or characterize the press release, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 119 differ in any way from the contents of the press release, Defendants deny every such allegation.  Defendants admit that Inovio's stock price closed at $31.69 on June 29, 2020.  Defendants admit that Inovio's stock price closed at $26.95 on June 30, 2020.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 119.

120.    In response to Paragraph 120 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *STAT* published on June 30, 2020.  To the extent the allegations in Paragraph 120 purport to summarize or characterize the contents of this article, without admitting the truth of the contents thereof, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 120.

121.    In response to Paragraph 121 of the FAC, Defendants admit that Inovio's stock closed at $26.95 on June 30, 2020.  Defendants admit that Inovio's stock closed at $19.73 on July 1, 2020.  Defendants admit reported trading volume of 103 million shares of Inovio's stock on July 1, 2020.  Defendants admit that Inovio's stock closed at $14.09 on March 6, 2020.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 121.

122.    In response to Paragraph 122 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *Investorplace.com* published on July 22, 2020.  To the extent the allegations in Paragraph 122 purport to summarize or characterize the contents of this article, without admitting the truth of the contents thereof, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 122.

123.    In response to Paragraph 123 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *The Motley Fool* published on July 28, 2020.  To the extent the allegations in Paragraph 123 purport to summarize or characterize the contents of this article, without admitting the truth of the contents thereof, Defendants refer the Court to the article, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 123.

124.    In response to Paragraph 124 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *The New York Times* published on August 9, 2020.  To the extent that the allegations of Paragraph 124 purport to quote, summarize, or characterize an article in *The New York Times*, without admitting the truth of the contents thereof, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 124.

125.    In response to Paragraph 125 of the FAC, Defendants admit that it held an earnings call with investors on August 10, 2020.  To the extent that the allegations of Paragraph 125 purport to quote, summarize, or characterize the August 10 earnings call, Defendants refer the Court to the transcript of the call, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 125 differ in any way from the contents of the public statements,

Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 125.

126.    In response to Paragraph 126 of the FAC, Defendants admit that Inovio's stock price closed on August 7, 2020 at $20.22 per share.  Defendants admit that Inovio's stock price closed on August 11, 2020 at $14.62 per share.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 126.

127.    In response to Paragraph 127 of the FAC, Defendants admit that Plaintiffs purport to quote an article from *The New England Journal of Medicine* published on August 26, 2020.  To the extent that the allegations of Paragraph 127 purport to quote, summarize, or characterize this article, without admitting the truth of the contents thereof, Defendants refer the Court to the contents of the document, which speaks for itself and is the best evidence of its contents. Defendants admit that Moncef Slaoui and Matthew Hepburn were listed as the authors of the article, and that Doctor Slaoui oversaw Operation Warp Speed until January 2021. To the extent that the allegations of Paragraph 127 purport to quote, summarize, or characterize the litigation against VGXI, Defendants refer the Court to the contents of the litigation record, which speak for itself and is the best evidence of its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 127.

128.    In response to Paragraph 128 of the FAC, Defendants admit that Inovio's stock price closed on August 26, 2020 at $12.73 per share.  Defendants admit that Inovio's stock price closed on August 27, 2020 at $11.81 per share.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 128.

129.    In response to Paragraph 129 of the FAC, Defendants admit that Muddy Waters tweeted about Inovio on September 2, 2020.  To the extent that the allegations of Paragraph 129

purport to quote, summarize, or characterize the tweets, Defendants refer the Court to the contents of the tweets, which speak for themselves and is the best evidence of its contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 129.

130. In response to Paragraph 130 of the FAC, Defendants admit that Inovio's stock price closed on September 1, 2020 at $11.41 per share. Defendants admit that Inovio's stock price closed on September 3, 2020 at $9.85 per share. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 130.

131. Paragraph 131 contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 131.

132. Paragraph 132 of the FAC does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations. To the extent that Paragraph 132 contains factual matters, Defendants deny the allegations therein.

133. In response to Paragraph 133 of the FAC, Defendants admit that Inovio filed a 2019 Form 10-K. To the extent that the allegations of Paragraph 133 purport to quote, summarize, or characterize the 10-K, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 133 differ in any way from the contents of the 10-K, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 133.

134. In response to Paragraph 134 of the FAC, Defendants admit that Inovio filed a 2019 Form 10-K. To the extent that the allegations of Paragraph 134 purport to quote, summarize, or characterize the 10-K, Defendants refer the Court to the contents of that document, which speaks

- 41 -

for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 134 differ in any way from the contents of the 10-K, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 134.

135.   In response to Paragraph 135 of the FAC, Defendants deny that they made false or misleading statements. Defendants admit that Inovio filed a Form 424B5 on February 7, 2020 for $100 million of common stock. Defendants admit that Inovio filed a Form 424B5 on March 9, 2020 for $50 million of common stock. Defendants admit that Inovio filed a Form 424B5 on April 3, 2020 for $150 million of common stock. Defendants admit that Inovio filed a Form 424B5 on May 12, 2020 for $100 million of common stock. To the extent that the allegations of Paragraph 135 purport to quote, summarize, or characterize the Form 424B5s, Defendants refer the Court to the contents of the Forms, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 135 differ in any way from the contents of the Form 424B5s, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 135.

136.   In response to Paragraph 136 of the FAC, Defendants admit that Inovio filed a Form 424B5 on February 7, 2020 for $100 million of common stock. Defendants admit that Inovio filed a Form 424B5 on March 9, 2020 for $50 million of common stock. Defendants admit that Inovio filed a Form 424B5 on April 3, 2020 for $150 million of common stock. Defendants admit that Inovio filed a Form 424B5 on May 12, 2020 for $100 million of common stock. To the extent that the allegations of Paragraph 136 purport to quote, summarize, or characterize the Form 424B5s, Defendants refer the Court to the contents of the Forms, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 136 differ in any way from the contents of the Form 424B5s, Defendants deny every such allegation. Defendants admit

that Inovio filed Form 10-Qs on May 11, 2020 and August 10, 2020. To the extent that the allegations of Paragraph 136 purport to quote, summarize, or characterize the Form 10-Qs, Defendants refer the Court to the contents of the Forms, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 136 differ in any way from the contents of the Form 10-Qs, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 136.

137. Paragraph 137 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 137.

138. In response to Paragraph 138 of the FAC, Defendants deny each and every allegation in Paragraph 138.

139. In response to Paragraph 139 of the FAC, Defendants admit that Inovio filed Form DEF 14A Proxy Statement on March 27, 2020. To the extent that the allegations of Paragraph 139 purport to quote, summarize, or characterize the Proxy Statement, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 139 differ in any way from the contents of the Proxy Statement, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 139.

140. In response to Paragraph 140 of the FAC, Defendants admit that Inovio filed Form DEF 14A Proxy Statement on March 27, 2020. To the extent that the allegations of Paragraph 140 purport to quote, summarize, or characterize the Proxy Statement, Defendants refer the Court to the contents of that document, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 140 differ in any way from the contents of the Proxy

Statement, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 140.

141.   In response to Paragraph 141 of the FAC, Defendants deny that they have made false or misleading statements. The remainder of the allegations in Paragraph 141 contain Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 141.

142.   Paragraph 142 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 142.

143.   Paragraph 143 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 143.

144.   In response to Paragraph 144 of the FAC, Defendants admit that Inovio's stock price closed at $9.83 on March 9, 2020.  Defendants admit that Inovio's stock price closed at $5.70 on March 10, 2020.  The remainder of Paragraph 144 contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 144.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 144.

145.   In response to Paragraph 145 of the FAC, Defendants deny the allegations in the first sentence of Paragraph 145.  Defendants admit that Inovio's stock price closed at $12.43 on June 3, 2020.  Defendants admit that Inovio's stock price closed at $11.88 on June 4, 2020.  The remainder of Paragraph 145 contains Plaintiffs' argument and/or legal conclusions to which no

response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 145.

146. In response to Paragraph 146 of the FAC, Defendants deny the allegations in the first sentence of Paragraph 146. Defendants admit that Inovio's stock price closed on August 11, 2020 at $14.62 per share. The remainder of Paragraph 146 contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 146.

147. In response to Paragraph 147 of the FAC, Defendants deny the allegations in the first sentence of Paragraph 147. Defendants admit that Inovio's stock price closed on August 26, 2020 at $12.73 per share. Defendants admit that Inovio's stock price closed on August 27, 2020 at $11.81 per share. The remainder of Paragraph 147 contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 147.

148. In response to Paragraph 148 of the FAC, Defendants deny the allegations in the first sentence of Paragraph 148. Defendants admit that Inovio's stock price closed on September 2, 2020 at $10.63 per share. Defendants admit that Inovio's stock price closed on September 3, 2020 at $9.85 per share. The remainder of Paragraph 148 contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 148.

149. In response to Paragraph 149 of the FAC, Defendants deny the allegations in the first two sentences of Paragraph 149. The remainder of Paragraph 149 contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is

required, Defendants deny each and every allegation in Paragraph 149. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 149.

150. Paragraph 150 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 150.

151. Paragraph 151 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 151.

152. Paragraph 152 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 152.

153. Paragraph 153 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 153.

154. Paragraph 154 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 154.

155. Paragraph 155 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 155.

156. Paragraph 156 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 156.

157. Paragraph 157 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 157.

158. Paragraph 158 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 158.

159. The first sentence of Paragraph 159 does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations. To the extent that the first sentence of Paragraph 159 contains factual matters because it purports to "repeat[] and reallege[]" other allegations in the Complaint, Defendants incorporate by reference their responses to Paragraphs 1–158, as set forth herein. In response to the second sentence of Paragraph 159, Defendants admit that Plaintiffs assert claims against Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 159.

160. In response to Paragraph 160 of the FAC, Defendants deny each and every allegation in Paragraph 160.

161. In response to Paragraph 161 of the FAC, Defendants deny each and every allegation in Paragraph 161.

162.   In response to Paragraph 162 of the FAC, Defendants deny each and every allegation in Paragraph 162.

163.   In response to Paragraph 163 of the FAC, Defendants deny each and every allegation in Paragraph 163.

164.   In response to Paragraph 164 of the FAC, Defendants deny each and every allegation in Paragraph 164.

165.   Paragraph 165 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 165.

166.   Paragraph 166 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 166.

167.   Paragraph 167 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 167.

168.   Paragraph 168 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 168.

169.   The first sentence of Paragraph 169 of the FAC does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations. To the extent that the first sentence of Paragraph 169 contains factual matters because it purports to "repeat[] and reallege[]" other allegations in the Complaint, Defendants incorporate by reference their responses to

paragraphs 1–168, as set forth herein.  In response to the second sentence, Defendants admit that Plaintiffs assert claims against Defendants under Section 20(a) of the Exchange Act.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 169.

170.    Paragraph 170 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 170.

171.    Paragraph 171 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 171.

172.    Paragraph 172 of the FAC contains Plaintiffs' argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 172.

## PRAYER FOR RELIEF

The paragraph in this section entitled "Prayer for Relief" is Plaintiffs' statements of requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiffs are entitled to judgment and that Plaintiffs are entitled to any relief whatsoever.

## JURY DEMAND

The paragraph in this section entitled "Jury Demand" is Plaintiffs' demand for a jury trial, to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (FAILURE TO STATE A CAUSE OF ACTION)

1.      The FAC, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which the requested relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (JUSTIFICATION)

2.      The FAC, and each and every cause of action alleged therein, is barred because Defendants were justified in doing any and/or all of the acts alleged in the FAC.

### THIRD AFFIRMATIVE DEFENSE

#### (CONDUCT OF THIRD PARTIES)

3.      If it should be determined that Plaintiffs have been damaged, then Defendants are informed and believe and based thereon allege that said damage was proximately caused by the conduct of others for which Defendants were not and are not responsible.

### FOURTH AFFIRMATIVE DEFENSE

#### (GOOD FAITH PROJECTIONS)

4.      The FAC, and each and every cause of action alleged therein, is barred to the extent Plaintiffs' allegations are based on alleged projections, forecasts or predictions of future events or results, such projections, forecasts or predictions were not false when made, were made in good faith, and had a reasonable basis when made.

### FIFTH AFFIRMATIVE DEFENSE

#### (GOOD FAITH BASIS)

5.      The FAC, and each and every cause of action alleged therein, is barred because Defendants' alleged misstatements were made in good faith and with genuine belief and had a reasonable and factual historical basis.

## SIXTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

6.     The FAC, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (WAIVER)

7.     The FAC, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

8.     The FAC, and each and every cause of action alleged therein, is barred because Plaintiffs have failed, and continue to fail, to act reasonably to mitigate the damages alleged in the FAC.

## NINTH AFFIRMATIVE DEFENSE

### (NO PROXIMATE CAUSE)

9.     The FAC, and each and every cause of action alleged therein, is barred because the alleged statements or acts of by Defendants were not the proximate cause of any loss suffered by Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

### (PRIVILEGE)

10.     The FAC, and each and every cause of action alleged therein, is barred because Defendants' acts were privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (TRUTH)

11.     The FAC, and each and every cause of action alleged there in, is barred by virtue of the truth of Defendants' assertions.

## TWELFTH AFFIRMATIVE DEFENSE

### (ASSUMPTION OF RISK)

12.     The FAC, and each and every cause of action alleged therein, is barred because Plaintiffs were expressly advised in statements made to them, including in documents and otherwise, regarding the material facts concerning his investments. Plaintiffs therefore assumed the risk of any loss and are estopped from recovering any relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (AVAILABLE INFORMATION)

13.     The FAC, and each and every cause of action alleged therein, is barred because the alleged misleading statements, if any, were rebutted by contrary information (including both public or non-public information) received by or that was otherwise available to Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (LOSS CAUSATION)

14.     The FAC, and each and every cause of action alleged therein, is barred because all or a portion of the damages that Plaintiffs seek were not caused by any statement, omission, or other action by any Defendant, and therefore Plaintiffs cannot establish loss causation.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (SCIENTER)

15.     The FAC, and each and every cause of action alleged therein, is barred because Defendants did not have scienter with respect to any allegedly untrue statement of material fact, omission of material fact, misleading statement or other challenged statement, with respect to which the liability of defendants is asserted.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (CLASS ACTION)

16.     The FAC, and each and every cause of action alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (ADDITIONAL AFFIRMATIVE DEFENSES)

17.     Defendants expressly reserve the right to amend or supplement their Answer, defenses and all other pleadings, as permitted by law.  Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any cross-claims, counterclaims and/or third party claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1.     That Plaintiffs take nothing by the FAC;

2.     For costs, attorneys' fees and expert witness fees;

3.     For judgment in favor of Defendants; and

4.     For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury.

- 53 -

Dated: March 9, 2021                          Respectfully Submitted,

                                                  DUANE MORRIS LLP

By: *s/ Patrick Loftus*
      Patrick Loftus (PA60417)
      Matthew Decker (PA318614)
      30 South 17th Street
      Philadelphia, PA 19103
      (215) 979-1367 (phone)
      (215) 689-3591 (fax)
      loftus@duanemorris.com
      mdecker@duanemorris.com

      COOLEY LLP
      Luke Cadigan (*Pro Hac Vice*)
      500 Boylston Street
      14th Floor
      Boston, MA 02116-3736
      (617) 937-2300 (phone)
      (617) 937-2400 (fax)
      lcadigan@cooley.com

      Heather Speers (*Pro Hac Vice*)
      4401 Eastgate Mall
      San Diego, CA 92121-1909
      (858) 550-6000 (phone)
      (858) 550-6420 (fax)
      hspeers@cooley.com

      *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on March 9, 2021, I filed this document on the Court's docket using the Court's CM/ECF system.  Based on the Court's records, all counsel of record were served with a copy of the foregoing document by electronic means.

*s/ Patrick Loftus*

DUANE MORRIS LLP
Patrick Loftus (PA60417)
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1367 (phone)
(215) 689-3591 (fax)
loftus@duanemorris.com

- 55 -