UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:20-cv-01402-GJP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | STIPULATION AND PROTECTIVE ORDER |
| INOVIO PHARMACEUTICALS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs and Defendants (collectively, the "Parties")[1] to the above-captioned action (the "Action") respectfully request that the Court issue a protective order to protect certain confidential, proprietary or private information that may be produced in the course of discovery in this Action, and to guard against the waiver of attorney-client privilege, work product protection pursuant to Federal Rule of Evidence 502(d), and other applicable privileges.  The Parties by and through their respective undersigned counsel hereby stipulate to the following terms governing the pre-trial phase of this Action, subject to the Court's approval.

## I.    DEFINITIONS

1.    **Challenging Party**.  A Party or Non-Party that challenges the designation of Discovery Material as "Confidential" or "Highly Confidential" under this Order.

2.    **Confidential Discovery Material**.  Any Discovery Material designated as "Confidential" pursuant to the terms of this Stipulation and Order.

3.    **Designated Discovery Material**.  Any Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Stipulation and Order.

4.    **Designating Party**.  Any Party or Non-Party who designates information or items for protection pursuant to the terms of this Stipulation and Order.

5.    **Discovery Material**.  Any information provided in the course of discovery in this Action, including, but not limited to, information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, and tangible things.

6.    **Highly Confidential Discovery Material**.  Any Discovery Material designated as "Highly Confidential" pursuant to the terms of this Stipulation and Order.

---

[1]    "Plaintiffs" refers to Lead Plaintiff Manuel Williams and plaintiff Andrew Zenoff. "Defendants" refers to Inovio Pharmaceuticals, Inc., J. Joseph Kim, Peter D. Kies and Robert J. Juba, Jr.

7. **Inadvertently Disclosed Information**. Information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege, that a Producing Party inadvertently discloses to a Receiving Party in this Action.

8. **Non-Party**. Any person or entity that is not a Party to the Action.

9. **Party**. Any Party to the Action, including all of its officers, directors, employees, consultants, retained experts, and counsel (including their support staff).

10. **Producing Party**. A Party or Non-Party that produces Discovery Material in the Action.

11. **Receiving Party**. A Party that receives Discovery Material from a Producing Party in the Action.

## II.    DESIGNATING DISCOVERY MATERIAL

1. Any Producing Party may designate as "Confidential" Discovery Material that the Producing Party believes in good faith consists of:

(a)    financial information not otherwise disclosed to the public;

(b)    business plans, product development, formulation, or research information, marketing plans, commercial information or trade secrets not otherwise disclosed to the public;

(c)    any information of a private, personal or intimate nature regarding any individual;

(d)    any information entitled to confidential treatment under the Federal Rules of Civil Procedure or other applicable laws or regulations, including information that is subject to U.S. (state or federal) or foreign privacy, data protection or secrecy laws; or

(e)    any other category of information hereinafter given confidential status by the Court.

2.      Any Producing Party may designate as "Highly Confidential" Discovery Material that the Producing Party believes in good faith contains or is of a highly proprietary or competitive sensitive business, regulatory, financial, or technical nature which may, but will not necessarily, include the following: proprietary business data or information; documents reflecting ongoing research and development which the Designating Party believes in good faith would cause business injury if disclosed; or other extremely sensitive information, the disclosure of which would create a substantial risk of serious economic harm.

3.      Nothing in this Order, however, prejudices in any way any objection to, or position concerning, production of the foregoing.

4.      Each Designating Party will take care to limit any such designation to specific material that qualifies under the appropriate legal standards.  To the extent it is practical to do so, the Designating Party will designate for protection only those parts of material, documents, items, or oral or written communications that qualify for such protection.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or impede the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

5.      With respect to the "Confidential" or "Highly Confidential" portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

6.      With respect to deposition transcripts and exhibits, a Designating Party or its counsel may indicate on the record at the deposition or within 21 days of receipt of the final deposition

transcript that the transcript, or a portion thereof, contains "Confidential" or "Highly Confidential" information.  Transcripts containing "Confidential" or "Highly Confidential" testimony shall have an obvious legend on the title page indicating that the transcript contains "Confidential Information," and the title page shall be followed by a list of all pages that have been designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Stipulation and Order.

7.      If prior to the trial of this Action, a Designating Party realizes that some portion(s) of Discovery Material that was previously produced without limitation should be designated as "Confidential" or "Highly Confidential," that Designating Party may so designate the Discovery Material by apprising all Parties in writing, and such designated portion(s) of Discovery Material will thereafter be treated as "Confidential" or "Highly Confidential" pursuant to the terms of this Stipulation and Order.  Inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" will not operate as a waiver of the Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.

## III.    ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL

1.      Any person subject to this Order who receives from any Producing Party Discovery Material that is designated as "Confidential" or "Highly Confidential" shall not disclose such Designated Discovery Material except as expressly permitted herein.  Any violation of the terms of this Order shall be punishable by relief the Court deems appropriate.

2.      No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "Confidential" to any other person whomsoever, except to:

        (a)      the Parties to this Action;

(b)    counsel retained specifically for this Action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(c)    its author, its addressee, or any other person indicated on the face of the document as having received a copy;

(d)    deponents, or witnesses in this Action, and their counsel, to whom disclosure is reasonably necessary for this litigation;

(e)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, including consulting experts, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)    court reporters, and other professional vendors to whom disclosure is reasonably necessary for this Action;

(g)    the Court and its support personnel;

(h)    any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of this Action; and

(i)    any other person agreed upon in advance by all Parties to the Action in writing or on the record or any person as to whom the Court directs should have access.

3.    No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "Highly Confidential" to any other person whomsoever, except to:

(a)    outside counsel retained specifically for this Action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(b)    its author, its addressee, or any other person indicated on the face of the document as having received a copy;

(c)    deponents, or witnesses in this Action, and their counsel, to whom disclosure is reasonably necessary for this litigation;

(d)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, including consulting experts, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)    court reporters, and other professional vendors to whom disclosure is reasonably necessary for this Action;

(f)    the Court and its support personnel;

(g)    any Party for the purposes of settlement discussions or alternative dispute resolution of this Action;

(h)    any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of this Action; and

(i)    any other person agreed upon in advance by all Parties to the Action in writing or on the record or any person as to whom the Court directs should have access.

4.    Prior to any disclosure of any Designated Discovery Material to any person referred to in subparagraphs 2(e), 2(f), 3(d) or 3(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

5.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosures; (ii) use best efforts to retrieve all copies of the Designated Discovery Material;

(iii) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Order; and (iv) request that such person(s) either return or destroy the Designated Discovery Material inadvertently disclosed to them or, if appropriate under the terms of this Order, execute the undertaking in the form attached as Exhibit A hereto.

6.      This Order does not prohibit a Producing Party's use of its own Designated Discovery Material for any purpose.

7.      This Order does not apply to any information or material that: (i) was, is or becomes public knowledge other than through a breach of this Order; (ii) is acquired or learned by the Receiving Party independent of discovery in this Action; or (iii) is required by law to be made available to third parties.

## IV.     FILING CONFIDENTIAL DISCOVERY MATERIAL

1.      Because Discovery Materials may be submitted to the Court by a Party other than the Designating Party, and the filing Party may disagree or have no position with respect to whether sealing the document is necessary, the filing Party will initially file all Confidential Discovery Materials conditionally under seal and indicate to the Court that the under-seal filing is made pursuant to the Designating Party's determination that said Discovery Materials are "Confidential" or "Highly Confidential" pursuant to the terms of this Stipulation and Order.

2.      Within seven days of the conditional filing, the filing Party and the Designating Party shall meet and confer in a good faith effort to narrow or eliminate the materials or information subject to the conditional filing. Within 14 days of the conditional filing, the Designating Party shall file a motion to seal not to exceed 10 pages of double-spaced 12 point font, identifying the specific materials that should remain under seal and the basis for the request to seal the materials and whether the motion is opposed. To the extent the filing Party and Designating Party disagree as to whether sealing of any material is necessary, the Party opposing the sealing may file a response within five

days, also limited to 10 pages of double-spaced 12 point font.  The Discovery Material that is the subject of the motion to seal shall be treated as "Confidential" or "Highly Confidential" (as designated by the Designating Party) until the Court rules on said motion.  If no motion to seal is timely filed, the Court may direct that the filings be made publicly available.

3.       All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford "Confidential" treatment to any Designated Discovery Material introduced in evidence at trial, even if such material has previously been sealed by an order of the Court pre-trial or designated as "Confidential" or "Highly Confidential" by the Parties during discovery.  The Court has the discretion whether to afford confidential treatment to any document or information contained in any document submitted to the Court in connection with any motion, application or proceeding that may result in an order and/or decision by the Court.

## V.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.       A Party may object to the designation of Designated Discovery Material at any time. Failure to do so at the time of the designation does not operate as a waiver of any Receiving Party's right to challenge the designation of any Designated Discovery Material by any Designating Party.

2.       In the event that a Receiving Party wishes to challenge the designation of any Designated Discovery Material, the Challenging Party shall give written notice to the Designating Party and all Parties to the Action stating with particularity the grounds of the objection or request. The Challenging Party and the Designating Party shall attempt in good faith to resolve all objections by agreement.

3.       If agreement cannot be reached after meeting and conferring, the Challenging Party or the Designating Party may submit a motion, not to exceed five pages of double-spaced 12 point font. The Responding Party may file a response within five days, also limited to five pages of double-spaced 12 point font.

- 8 -

## VI.    NO WAIVER

1.    If a Producing Party inadvertently discloses to a Receiving Party information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the specific Inadvertently Disclosed Information or any subject matter.

2.    If a Producing Party makes a claim of inadvertent disclosure, the Parties shall comply with Federal Rule of Civil Procedure 26(b)(5)(B).

3.    The return, sequester or destruction of any Inadvertently Disclosed Information shall not in any way preclude the Receiving Party from moving the Court for an Order compelling production of the Inadvertently Disclosed Information.  Prior to filing any such motion, however, the Parties shall first attempt in good faith to resolve the dispute and, if an agreement cannot be reached after meeting and conferring, the Parties shall contact the Court's chambers to determine how the Court would like to proceed in resolving the dispute.  If the dispute cannot be resolved as a consequence of such conference, the Receiving Party will have ten calendar days to move to compel production of the Inadvertently Disclosed Information.  The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.

## VII.    IMMEDIATE AND CONTINUING EFFECT

1.    This Order shall become effective as a Stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

2.    This Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Action.  Within 60 days of the final disposition of the Action, including the time for appeal, upon request of the Producing Party, all Designated Discovery Material, and all copies thereof, shall be promptly returned to the Producing Party, or, destroyed at the Receiving Party's

discretion.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Discovery Material under this Order.

3.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

4.    Pursuant to the Court's Policies and Procedures, this Court reserves its inherent power to modify the terms of this Order and permit the disclosure of information where the interest of justice so requires.

SO STIPULATED AND AGREED.

May 3, 2021                                              May 3, 2021


| s/ Lawrence F. Stengel | s/ Patrick Loftus (w/permission) |
| --- | --- |
| LAWRENCE F. STENGEL | PATRICK LOFTUS |

SAXTON & STUMP                          DUANE MORRIS LLP
LAWRENCE F. STENGEL (PA #32809)          PATRICK LOFTUS (PA60417)
280 Granite Run Drive, Suite 300         30 South 17th Street
Lancaster, PA  17601                     Philadelphia, PA 19103
Telephone:  717/556-1000                 Telephone:  215-979-1367
717/441-3810 (fax)                       Fax: 215-689-3591
lfs@saxtonstump.com                      loftus@duanemorris.com

Local Counsel for Lead Plaintiff

| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>DARREN J. ROBBINS<br>TOR GRONBORG (*pro hac vice*)<br>TRIG R. SMITH (*pro hac vice*)<br>MATTHEW J. BALOTTA (*pro hac vice*)<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br>darrenr@rgrdlaw.com<br>torg@rgrdlaw.com<br>trigs@rgrdlaw.com<br>mbalotta@rgrdlaw.com | COOLEY LLP<br>LUKE CADIGAN (*pro hac vice*)<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>Telephone:  617-937-2300<br>Fax: 617-937-2400<br>lcadigan@cooley.com<br><br>COOLEY LLP<br>HEATHER SPEERS (*pro hac vice*)<br>4401 Eastgate Mall<br>San Diego, CA 92121-1909<br>Telephone:  858-550-6000<br>Fax: 858-550-6420<br>hspeers@cooley.com |
| Lead Counsel for Lead Plaintiff | Attorneys for Defendants |

\*     \*     \*

**O R D E R**

        IT IS SO ORDERED.

DATED:   5/7/21                                          */s/ Gerald J. Pappert*
                                        THE HONORABLE GERALD J. PAPPERT
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**EXHIBIT A**

**TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the

address of my present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understood the provisions of the Protective Order in this

case signed by the Court, and I will comply with all provisions of the Protective Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Protective

Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential

Information disclosed to me.

6.      I will limit use of Confidential Material disclosed to me solely for purpose of this

action.

7.      No later than the final conclusion of this case, I will return all Confidential Material

and summaries, abstracts, and indices thereof which come into my possession, and documents or

things which I have prepared relating thereto, to counsel for the party for whom I was employed or

retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____