# Exhibit D

Excerpted

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. Action No. 2:20-cv-01402-GJP<br><br>CLASS ACTION<br><br>ANDREW R. ZENOFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES |

Subject to and without waiving any of the objections stated herein, Plaintiff responds as follows:  Plaintiff contends that the following statements made by one or more Defendants during the Class Period were false and misleading when made:

| NO. | DATE | EVENT/ LOCATION | SPEAKER AND STATEMENT |
|---|---|---|---|
| 1 | 2/14/2020 | Fox Business News with Fox's Neal Cavuto | [KIM:] "Well, using our DNA medicine's platform, Inovio doesn't need to see or get ahold of the virus to make a vaccine.  Rather we just need the genetic sequence of that, so within three hours of accessing that after the Chinese authorities made it available we were able to construct our vaccine INO-4800 in about three hours." |
| 2 | 3/2/2020 | Televised Coronavirus Task Force Meeting | [KIM:] "By getting just the DNA sequence of the virus, we were able to fully construct our vaccine within three hours." |
| 3 | 3/24/2020 | Inovio Press Release re Partnership with Ology Bioservices | [INOVIO:] "[T]he [DoD] has awarded Ology Bioservices with a contract valued at $11.9 million to work with Inovio on DNA technology transfer to rapidly manufacture DNA vaccines." |
| 4 | 3/24/2020 | Inovio Press Release re Partnership with Ology Bioservices | [KIM:] "'This partnership increases Inovio's manufacturing capabilities for our COVID vaccine and establishes an additional DNA vaccine manufacturing facility to protect the U.S. military against current and future disease outbreaks.'" |
| 5 | 5/11/2020 | 1Q 2020 Earnings Call | [KIM:] "Yes.  Thanks, Greg.  Well, just roughly, when we say we're preparing 1 million doses, we're discussing or we're stating both the plasmids and the device and arrays to deliver them.  So you can't really have one without the other.  So we're on right track to do that.  But we're preparing to do beyond that, we're preparing and increasing our scale to be able to provide hundreds of millions of doses starting next year.  So these are the preparations that take to – which we're already doing to scale up in that massive scale. Assuming success of INO-4800, we will be in a great position to do so by relying on our current contract manufacturers of plasmids and |

- 4 -

| NO. | DATE | EVENT/ LOCATION | SPEAKER AND STATEMENT |
|---|---|---|---|
| | | | adding on additional manufacturers that can help us scale." |
| 6 | 5/12/2020 | Form 424B5 Prospectus (incorporated by reference from Inovio's 2019 Form 10-K, filed March 12, 2020) | [KIM and KIES:] "If we lose or are unable to secure collaborators or partners, or if our collaborators or partners do not apply adequate resources to their relationships with us, our product development and potential for profitability will suffer.<br><br>\*        \*        \*<br><br>If any of our current or future collaborators breaches or terminates our agreements, or fails to conduct our collaborative activities in a timely manner, our commercialization of products could be diminished or blocked completely." |

INTERROGATORY NO. 2:

For each statement YOU identified in response to Interrogatory No. 1, explain the reasons why YOU contend such statement was false or misleading when made, including whether YOU contend that such statement was false or misleading when made by the omission of any fact.

RESPONSE TO INTERROGATORY NO. 2:

In addition to the foregoing General Objections, Plaintiff objects to this Interrogatory to the extent that it is a premature contention interrogatory and reserves the right to supplement this response. Plaintiff objects to this Interrogatory because it seeks information that is protected from disclosure by the work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the information called for is contained in the Complaint and, thus, is unduly burdensome.

Subject to and without waiving any of the objections stated herein, Plaintiff responds as follows:

Plaintiff contends that *Statement Nos. 1-2* identified in Plaintiff's response to Interrogatory No. 1 were false and misleading in that they failed to disclose that Inovio had merely "designed" a vaccine construct within three hours of receiving the COVID-19 viral sequence, rather than constructing

- 5 -

4832-4397-6686.v1

such a vaccine within three hours.

Plaintiff contends that *Statement Nos. 3-4* identified in Plaintiff's response to Interrogatory No. 1 were false and misleading in that they failed to disclose the following material facts:  At the time Statement Nos. 3 and 4 were made, Inovio did not have VGXI, Inc.'s ("VGXI") permission to transfer VGXI's intellectual property and processes to Ology Bioservices, Inc. ("Ology").  In fact, Inovio told VGXI that Ology would use its own technology to produce Inovio's vaccine candidate, even though Inovio intended to transfer VGXI's technology to Ology.  Inovio transferred part of VGXI's technology to Ology without permission from VGXI.  Without VGXI's technology, Ology did not have the capacity to deliver sufficient doses of Inovio's vaccine candidate.

Plaintiff contends that *Statement No. 5* identified in Plaintiff's response to Interrogatory No. 1 was false and misleading in that it failed to disclose the following material facts:  At the time Statement No. 5 was made, Inovio knew that VGXI had very limited manufacturing capacity in 2020 and 2021. Indeed, VGXI had repeatedly informed Inovio of this.  As Defendants knew, VGXI could not produce one million doses of Inovio's vaccine candidate in 2020, nor could it produce hundreds of millions of doses thereafter.  VGXI did not have the necessary approvals from the U.S. Food and Drug Administration ("FDA") to produce plasmids for publicly distributed vaccines.  Inovio had concluded that it would be impossible for VGXI to produce the doses required by Inovio.  On May 7, 2020, VGXI had canceled its supply contract with Inovio.  Other manufacturers could not make up the difference needed for Inovio to reach its production goals.  A transfer of the necessary technology from VGXI could take years to accomplish.  Inovio did not have VGXI's permission to transfer VGXI's intellectual property to other manufacturers, a necessary step for producing the vaccine candidate.  And creating a new process from scratch could take years.  Richter-Helm BioLogics GmbM and Co. KG ("Richter-Helm), the only manufacturer other than VGXI that had the technology necessary to produce Inovio's vaccine, would not be able to deliver one million doses in 2020 or hundreds of millions of doses per year thereafter.

Plaintiff contends that *Statement No. 6* identified in Plaintiff's response to Interrogatory No. 1 was false and misleading in that it failed to disclose the following material facts:  At the time Statement No. 6 was made, Inovio knew that VGXI had very limited manufacturing capacity in 2020 and 2021. Indeed, VGXI had repeatedly informed Inovio of this.  As Defendants knew, VGXI could not produce one million doses of Inovio's vaccine candidate in 2020, nor could it produce hundreds of millions of doses thereafter.  VGXI did not have the necessary approvals from the FDA to produce plasmids for publicly distributed vaccines.  Inovio had concluded that it would be impossible for VGXI to produce the doses required by Inovio.  On May 7, 2020, VGXI had canceled its supply contract with Inovio.  Other manufacturers could not make up the difference needed for Inovio to reach its production goals.  A transfer of the necessary technology from VGXI could take years to accomplish.  Inovio did not have VGXI's permission to transfer VGXI's intellectual property to other manufacturers, a necessary step for producing the vaccine candidate.  And creating a new process from scratch could take years.  Richter-Helm, the only manufacturer other than VGXI that had the technology necessary to produce Inovio's vaccine, would not be able to deliver one million doses in 2020 or hundreds of millions of doses per year thereafter.  These facts should have raised a reasonable expectation with Defendants Kim and Kies that VGXI's cancellation of Inovio's contract, and the manufacturing limitations of other manufacturers, would have a materially unfavorable impact on Inovio's future net sales, revenues, and/or income.

- 6 -

INTERROGATORY NO. 3:

If YOU contend that the statement(s) IDENTIFIED in response to Interrogatory No. 1 or the omitted fact(s) IDENTIFIED in response to Interrogatory No. 2 were MATERIAL, IDENTIFY all facts that support YOUR contention.

RESPONSE TO INTERROGATORY NO. 3:

In addition to the foregoing General Objections, Plaintiff objects to this Interrogatory to the extent that it is a premature contention interrogatory and reserves the right to supplement this response. The time for expert disclosures and discovery has not yet arrived, and Plaintiff reserves the right to supplement its response. Plaintiff objects to this Interrogatory because it seeks information that is protected from disclosure by the work product doctrine. Plaintiff objects to this Interrogatory because it is compound.

Subject to and without waiving any of the objections stated herein, Plaintiff responds that the statements identified in response to Interrogatory No. 1 and the omitted facts identified in response to Interrogatory No. 2 were material based on the following facts: The SARS-COV-2 virus has created a worldwide pandemic, and Inovio's COVID vaccine was seen as a huge opportunity for the Company. Inovio was admittedly under scrutiny regarding its vaccine candidate, with the whole world watching and hoping for a COVID vaccine. Because Inovio has no product on the market, the statements concerning, and facts affecting, Inovio's potential COVID vaccine were particularly important to investors. In addition, Plaintiff responds that when the truth regarding Defendants' false and misleading statements was revealed, the Company's stock experienced significant price declines, which are indicators of materiality. On March 9, 2020, for example, Defendants corrected their false statements regarding creating a vaccine within three hours and Inovio's stock price dropped approximately $15.00 dollars per share on unusually high trading volume. On June 3, 2020, after Defendants were required to lift the seal on their complaint against VGXI, and which partially

- 7 -

revealed that Defendants' claims regarding the ability to produce certain doses of INO-4800 were misleading, the Company's stock price dropped by $2.46 per share on heavy trading volume.  On August 9 and 10, as additional information came into the market regarding Inovio's inability to meet vaccine production guidance, the Company's stock price experienced a two-day drop of $5.60 per share on heavy trading volume.

INTERROGATORY NO. 4:

For each statement IDENTIFIED in response to Interrogatory No. 1, IDENTIFY all undisclosed MATERIAL facts that YOU contend rendered such statement false or misleading on the date the statement was made.

RESPONSE TO INTERROGATORY NO. 4:

In addition to the foregoing General Objections, Plaintiff objects to this Interrogatory to the extent that it is a premature contention interrogatory and reserves the right to supplement this response.  Plaintiff objects to this Interrogatory because it seeks information that is protected from disclosure by the work product doctrine.  Plaintiff objects to this Interrogatory because it is unreasonably cumulative and duplicative of Interrogatory No. 2.  Plaintiff further objects to this Interrogatory to the extent that this information is contained in the Complaint and, thus, is unduly burdensome.

Subject to and without waiving any of the objections stated herein, Plaintiff responds as follows:

| |
|---|
| Plaintiff contends that *Statement Nos. 1-2* identified in Plaintiff's response to Interrogatory No. 1 were false and misleading in that they failed to disclose that Inovio had merely "designed" a vaccine construct within three hours of receiving the COVID-19 viral sequence, rather than constructing such a vaccine within three hours. |
| Plaintiff contends that *Statement Nos. 3-4* identified in Plaintiff's response to Interrogatory No. 1 were false and misleading in that they failed to disclose the following material facts:  At the time Statement Nos. 3 and 4 were made, Inovio did not have VGXI's permission to transfer VGXI's intellectual property and processes to Olog
y. In fact, Inovio told VGXI that Ology would use its own technology to produce Inovio's vaccine candidate, even though Inovio intended to transfer VGXI's |

- 8 -

technology to Ology.  Inovio transferred part of VGXI's technology to Ology without permission from VGXI.  Without VGXI's technology, Ology did not have the capacity to deliver sufficient doses of Inovio's vaccine candidate.

Plaintiff contends that *Statement No. 5* identified in Plaintiff's response to Interrogatory No. 1 was false and misleading in that it failed to disclose the following material facts:  At the time Statement No. 5 was made, Inovio knew that VGXI had very limited manufacturing capacity in 2020 and 2021.  Indeed, VGXI had repeatedly informed Inovio of this.  As Defendants knew, VGXI could not produce one million doses of Inovio's vaccine candidate in 2020, nor could it produce hundreds of millions of doses thereafter.  VGXI did not have the necessary approvals from the FDA to produce plasmids for publicly distributed vaccines.  Inovio had concluded that it would be impossible for VGXI to produce the doses required by Inovio.  On May 7, 2020, VGXI had canceled its supply contract with Inovio.  Other manufacturers could not make up the difference needed for Inovio to reach its production goals.  A transfer of the necessary technology from VGXI could take years to accomplish.  Inovio did not have VGXI's permission to transfer VGXI's intellectual property to other manufacturers, a necessary step for producing the vaccine candidate.  And creating a new process from scratch could take years.  Richter-Helm, the only manufacturer other than VGXI that had the technology necessary to produce Inovio's vaccine, would not be able to deliver one million doses in 2020 or hundreds of millions of doses per year thereafter.

Plaintiff contends that *Statement No. 6* identified in Plaintiff's response to Interrogatory No. 1 was false and misleading in that it failed to disclose the following material facts:  At the time Statement No. 6 was made, Inovio knew that VGXI had very limited manufacturing capacity in 2020 and 2021.  Indeed, VGXI had repeatedly informed Inovio of this.  As Defendants knew, VGXI could not produce one million doses of Inovio's vaccine candidate in 2020, nor could it produce hundreds of millions of doses thereafter.  VGXI did not have the necessary approvals from the FDA to produce plasmids for publicly distributed vaccines.  Inovio had concluded that it would be impossible for VGXI to produce the doses required by Inovio.  On May 7, 2020, VGXI had canceled its supply contract with Inovio.  Other manufacturers could not make up the difference needed for Inovio to reach its production goals.  A transfer of the necessary technology from VGXI could take years to accomplish.  Inovio did not have VGXI's permission to transfer VGXI's intellectual property to other manufacturers, a necessary step for producing the vaccine candidate.  And creating a new process from scratch could take years.  Richter-Helm, the only manufacturer other than VGXI that had the technology necessary to produce Inovio's vaccine, would not be able to deliver one million doses in 2020 or hundreds of millions of doses per year thereafter.  These facts should have raised a reasonable expectation with Defendants Kim and Kies that VGXI's cancellation of Inovio's contract, and the manufacturing limitations of other manufacturers, would have a materially unfavorable impact on Inovio's future net sales, revenues, and/or income.

INTERROGATORY NO. 5:

For each statement IDENTIFIED in response to Interrogatory No. 1, IDENTIFY all MATERIAL facts that YOU contend the maker of the statement should have disclosed to make such statement, at the time it was made, not false or misleading.

- 9 -

4832-4397-6686.v1