UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:20-cv-01402-GJP |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | JOINT STIPULATION AND SUPPLEMENT TO PROTECTIVE ORDER TO GOVERN DISCOVERY PRODUCED BY NON- |
| INOVIO PHARMACEUTICALS, INC., et al., | ) ) | PARTY VGXI, INC. |
| Defendants. | ) ) ) | |

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances;

AND WHEREAS, Plaintiffs served a document subpoena on Non-Party VGXI, Inc. ("VGXI") on April 9, 2021;

AND WHEREAS, VGXI has taken the position that the current Protective Order entered by the Court in this action on May 7, 2021 (ECF No. 95) (the "Protective Order") does not sufficiently protect VGXI's interests in confidentiality;

AND WHEREAS, Defendant Inovio Pharmaceuticals, Inc. ("Inovio") and VGXI are engaged in litigation adverse to each other in the Court of Common Pleas, Montgomery County, Pennsylvania (the "State Court Action");

AND WHEREAS, in the State Court Action, a stipulated protective order has been entered by that Court, dated July 9, 2020 (the "State Court Action Protective Order");

AND WHEREAS, the State Court Action Protective Order includes an "'Attorneys' Eyes Only'" provision, while no such provision is present in the operative Protective Order;

AND WHEREAS, VGXI has conditioned production of documents in response to the subpoena issued to it in this action on entry of an "Attorneys' Eyes Only" provision in the Protective Order, to apply only to the documents produced by VGXI that so qualify for that designation;

AND good cause having been shown, IT IS HEREBY STIPULATED AND AGREED THAT:

## I.    INTRODUCTION

For purposes of this Supplement to the Protective Order only, the term "Party" or "Parties" means Inovio, Plaintiffs, and VGXI.  The Parties hereby stipulate to the following provisions of this Supplemental Protective Order:

- 1 -

This Supplement to the Protective Order to Govern Discovery Produced by Non-Party VGXI, Inc. ("Supplemental Protective Order") shall supplement the Protective Order currently operative in this case.  All provisions of the operative Protective Order remain in full effect.  This Supplemental Protective Order shall apply only with respect to discovery produced by VGXI.

## II.   SCOPE OF PROTECTED INFORMATION

In the course of discovery in this action, VGXI may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information the disclosure of which may cause harm to the producing party or non-party.

## III.   DESIGNATION OF PROTECTED INFORMATION AS "ATTORNEYS' EYES ONLY"

A. Definitions: Any information designated as "Confidential" or "Attorneys' Eyes Only" is referred to herein as "Designated Information."   "Attorneys' Eyes Only" shall refer to Designated Information that contains or is of a highly proprietary or competitive sensitive business, regulatory, financial or technical nature, which may, but will not necessarily, include the following: business plans (including financial information or projections, business bids or proposals, competitive strategy and business or financial models); proprietary business data or information; and documents reflecting ongoing research and development which the Designating Party believes in good faith would cause business injury if disclosed.

## IV.   LIMITED ACCESS/USE OF INFORMATION

A. Restricted Use: All Designated Information designated in the course of this action as "Confidential" or "Attorneys' Eyes Only," as these terms are defined herein, shall be used solely for the purpose of preparation and trial and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability

company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms of this Supplemental Protective Order.

B. All persons in possession of Designated Information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any Designated Information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential or Attorneys' Eyes Only information in violation of the terms of this Supplemental Protective Order may subject the disclosing person or entity to sanctions.

C. Access to "Attorneys' Eyes Only" Designations: The parties and all persons subject to this Order agree that information designated as "Attorneys' Eyes Only" may only be accessed or reviewed by the following:

1.      Outside counsel;

2.      Relevant in-house counsel for the parties provided they have been identified to the other party and signed the acknowledgment attached hereto as Exhibit A;

3.      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed the acknowledgment attached hereto as Exhibit A;

4.      Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

5.      The Court, its personnel, and court reporters;

6.      Any deponent may be shown or examined on any information, document, or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it,

was or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

7.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

8.      Such other persons as counsel for the Designating Party agree in advance or as ordered by the Court.

Usage of Attorneys' Eyes Only Information in Court Proceedings: Material produced and marked as Attorneys' Eyes Only may be disclosed in court proceedings provided only that the party desiring to introduce material designated as Attorneys' Eyes Only at a court hearing, trial, or other proceeding: (i) provides prior notice to the Court and the producing party; (ii) requests that the Court clear the courtroom of all individuals not authorized to view Attorneys' Eyes Only material; or (iii) seeks other appropriate relief from the Court.

Respectfully submitted,

January 5, 2022

s/ Lawrence F. Stengel
LAWRENCE F. STENGEL

SAXTON & STUMP
LAWRENCE F. STENGEL (PA #32809)
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)
lfs@saxtonstump.com

Local Counsel for Lead Plaintiff

January 5, 2022

s/ Koji Fukumura
KOJI FUKUMURA

COOLEY LLP
KOJI FUKUMURA
4401 Eastgate Mall
San Diego, CA  92121
Telephone:  858/550-6000
858/550-6420 (fax)
kfukumura@cooley.com

Counsel for Defendants

January 5, 2022

s/ Trig R. Smith
TRIG R. SMITH

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TOR GRONBORG (*pro hac vice*)
TRIG R. SMITH (*pro hac vice*)
MATTHEW J. BALOTTA (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
torg@rgrdlaw.com
trigs@rgrdlaw.com
mbalotta@rgrdlaw.com

Lead Counsel for Lead Plaintiff

\*        \*        \*

**O R D E R**

IT IS SO ORDERED.

DATED:    1/7/22                              /s/ Gerald J. Pappert
                                                    THE HONORABLE GERALD J. PAPPERT
                                                    UNITED STATES DISTRICT JUDGE

- 5 -