UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. Action No. 2:20-cv-01402-GJP<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS |

4894-4085-0699.v1

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ...........................................................................................................1

II.    STANDARD FOR GRANTING LEAVE TO AMEND........................................................2

IV.   ARGUMENT.....................................................................................................................3

      A.     Plaintiffs Have Not Unduly Delayed Seeking Leave to Amend.............................3

      B.     There Is No Bad Faith or Dilatory Motive on the Part of Plaintiffs ........................4

      C.     The Proposed Amendment Is Not Futile .................................................................5

      D.     The Amendments Will Not Unduly Prejudice Defendants.......................................8

III.   CONCLUSION..................................................................................................................9

4894-4085-0699.v1

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Lead Plaintiff Manuel S. Williams and Representative Andrew Zenoff ("Plaintiffs") respectfully submit this Motion for Leave to Amend the First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws. Plaintiffs' proposed amendment is set forth in the proposed Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Proposed Amended Complaint," attached hereto as Exhibit A), and in a redline version of the Proposed Amended Complaint (attached hereto as Exhibit B), which compares the Proposed Amended Complaint to the operative First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 68) (the "Operative Complaint," filed on September 21, 2020). Pursuant to Local Rule 7.1, Plaintiffs conferred with Defendants regarding the relief requested in this motion. Defendants informed Plaintiffs that they will not consent to amendment and intend to oppose the motion.

## I.    INTRODUCTION

Rule 15(a)(2) provides that leave to amend a pleading should be freely given when justice so requires. Here, Plaintiffs seek leave to amend the Operative Complaint to add allegations concerning Defendants' misstatements and material omissions regarding the development of INO-4800 that only came to light through discovery. *See* Proposed Amended Complaint, ¶¶17, 60, 109-114, 121, 125, 141. Specifically, based on documents produced by Defendants late last year, the fact emerged that Inovio Pharmaceuticals, Inc ("Inovio" or the "Company") was informed by the U.S. Food and Drug Administration ("FDA") on June 23, 2020 that the proposed clinical trial for INO-4800 was placed on a partial clinical hold – meaning that "subjects may not be given the investigational drug," as the FDA stated in a June 26, 2020 letter to the Company. *Id.*, ¶¶60, 110, 112, 114. Defendants did not disclose this fact to investors. Instead, on June 30, 2020, Defendants issued a press release assuring investors that "INOVIO to begin U.S. Phase 2/3 efficacy study this

- 1 -

summer upon regulatory concurrence." *Id.*, ¶¶10, 109.  Between June 30 and July 30, 2020, defendants J. Joseph Kim ("Kim") and Peter Kies ("Kies") sold 170,000 shares of Inovio stock for insider trading proceeds of $3,935,750.  And on August 10, 2020, Defendants said that the INO-4800 trial would be delayed until September 2020, but still did not disclose the FDA's partial clinical hold – which had been in effect, by that point, for a month and a half.  Finally, on September 28, 2020, Inovio issued a press release disclosing that the INO-4800 Phase II/III trial was on partial clinical hold.  In response to this disclosure, Inovio's stock price dropped 28% in one day on heavy volume, and the Company's market capitalization lost over $439 million.  The only other proposed amendments to the operative complaints are to remove those allegations that were dismissed by the Court's February 16, 2021 Order on Defendants' Motion to Dismiss.[1]

The Proposed Amended Complaint does not change any of the parties, the Class Period, the Class definition, or any of the claims.  The amendment also will not result in any significant change to the parties' ongoing discovery or to the discovery schedule.  Nor will it cause any prejudice to Defendants, who have long known about the FDA action that they kept hidden from investors for three months in 2020.  And, particularly in light of the Court's prior Order, the amended allegations are not susceptible to dismissal under Rule 12(b)(6).  Under such circumstances, as the Supreme Court has instructed, leave to amend should be "'freely given.'"[2]  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.   STANDARD FOR GRANTING LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2) states that the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]he standard for allowing amended pleadings

---

[1]   Plaintiffs also add limited allegations regarding certain "standby statement[s]" regarding the manufacturing of INO-4800, *see* Proposed Amended Complaint, ¶¶14-15, 121, that were addressed in Plaintiffs' class certification briefing.  *See* ECF No. 113 at 13.

[2]   All citations and footnotes are omitted and emphasis is added unless otherwise noted.

4894-4085-0699.v1

under Rule 15(a) is a liberal one . . . ."  *MBMJ Props., LLC v. Millville Mut. Ins. Co.*, No. 18-5071, 2019 WL 1651667, at *6 (E.D. Pa. Apr. 17, 2019).  While the decision on a motion to amend is "[o]f course . . . within the discretion of the District Court," the Supreme Court has instructed that:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017).

## IV.    ARGUMENT

As set forth above, the narrow amendment proposed by Plaintiffs adds extremely pertinent allegations regarding Defendants' violations of the federal securities laws, and does so without adding any new parties or claims.  While Defendants have stated that they intend to oppose this motion, none of the factors that could weigh against amendment are present here.  As such, the Proposed Amended Complaint should be tested on its merits, and Plaintiffs respectfully request that the Court grant their motion.

### A.    Plaintiffs Have Not Unduly Delayed Seeking Leave to Amend

"[T]he question of undue delay requires the court to focus on the movant's reasons for not amending sooner while bearing in mind the liberal pleading philosophy of the federal rules." *Anthony v. Seltzer*, No. 14-5554, 2019 WL 528271, at *4 (E.D. Pa. Feb. 8, 2019).  Plaintiff has been thoroughly diligent and has not unduly delayed seeking amendment.  The documents that first identified the FDA's June 23, 2020 partial clinical hold of the INO-4800 trial, Defendants' knowledge of that clinical hold, and Inovio's efforts to respond to it were not produced until the

4894-4085-0699.v1

Defendants' last few document productions that were completed in December 2020. Promptly after identifying the relevant documents and investigating the matter, Plaintiffs prepared a draft amended complaint and provided it to Defendants' counsel on January 19, 2022. The issue was flagged for the Court during the January 21, 2022 Status Conference. And the parties met and conferred during the week of January 24, 2022 regarding the proposed amendment, including certain changes to the pleading requested by Defendants and whether allegations regarding the FDA's June 26, 2020 partial clinical hold letter would need to be filed under seal. In sum, there has been no undue delay and Plaintiffs have acted quickly to both amend the pleading and file this motion requesting leave to do so.

**B.      There Is No Bad Faith or Dilatory Motive on the Part of Plaintiffs**

Similar to the question of undue delay, "the question of bad faith requires the Court to 'focus on [the movant's] motives for not amending [her] complaint . . . earlier.'" *Raymo v. Civitas Media LLC*, No. 3:19-CV-01798, 2020 WL 4003646, at *4 (M.D. Pa. July 15, 2020). Here, Plaintiffs are promptly seeking leave to amend, as explained above, and there is no suggestion (nor could there be) that they have any bad faith or dilatory motive in moving for leave to amend. Under similar circumstances, courts in this District and elsewhere routinely allow leave to amend to include allegations based on facts uncovered during discovery. *See Erdreich v. City of Philadelphia*, No. CV 18-2290, 2020 WL 1888957, at *8 (E.D. Pa. Apr. 16, 2020) (granting motion for leave to amend where discovery was still ongoing and plaintiff moved to amend complaint based on the discovery of relevant evidence); *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 415 (S.D.N.Y. 2008) ("[F]ederal courts have consistently granted motions to amend where, as here, 'it appears that new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings.'"). Indeed, and as the Court is aware, Plaintiffs previously alleged their belief that Defendants had yet to disclose non-public, materially

- 4 -

adverse information regarding the status of INO-4800 clinical trial data and the Company's standing with the U.S. government in the historic race to deliver a viable vaccine. ECF No. 60, ¶115; ECF No. 68, ¶131.

### C.    The Proposed Amendment Is Not Futile

"Amendment may be denied as futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted,' and is 'assessed using the same standard applied in the face of a motion to dismiss under Rule 12(b)(6).'" *Burgos v. City of Philadelphia*, 270 F. Supp. 3d 788, 793 (E.D. Pa. 2017) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). The Court already ruled on the sufficiency of the Operative Complaint, finding Plaintiffs adequately pled claims as to many of the alleged false and misleading statements, and nothing about the Proposed Amended Complaint threatens to change this result.

As for the newly alleged misstatements and material omissions brought to light by the discovery of the FDA's partial clinical hold issued in June 2020, amendment is not futile. Far from it. As explained above, on June 23 and 26, 2020 the FDA informed Inovio, first by phone and then by formal letter, that the planned Phase III clinical trial of INO-4800 had "been placed on clinical hold, and subjects may not be given the investigational drug." Proposed Amended Complaint, ¶¶60, 110, 112, 114. Among other deficiencies, the FDA's letter to Inovio stated that "[t]he preclinical and clinical data [Inovio] ha[s] submitted are insufficient to inform the risk of vaccine-induced enhanced disease for INO-4800 and are therefore insufficient to support initiation of your proposed Phase 3 trial." *Id.* The FDA also noted that the "low response rates" of participants in the Phase I trial "are concerning" and the fact that "a lower proportion of subjects with a neutralizing antibody response compared with a binding-antibody response may suggest that some subjects have responded with predominantly non-neutralizing antibodies. This raises concerns about the potential for vaccine-induced enhanced disease." *Id.*

- 5 -

4894-4085-0699.v1

There is no dispute that Defendants failed to disclose the FDA's partial clinical hold when they spoke to investors on June 30, 2020 and August 10, 2020 about the status of the INO-4800 trial and that defendants Kim and Kies also failed to disclose the partial clinical hold before they sold stock on June 30, July 15, and July 30, 2020. There also should be no dispute that the FDA's partial clinical hold was material information for investors. As Defendants' own expert stated, at the time Defendants were making their misstatements and omissions, "[a] delay in the development timeline for INO-4800 was important given the highly competitive race to produce a viable vaccine" and "Inovio had recently fallen behind its mRNA-based vaccine competitors in its trial development timeline." *See* ECF No. 107-2, ¶¶80-81. Indeed, when Defendants announced on August 10, 2020 that the INO-4800 clinical trial would be delayed one month (along with disclosures about the Company's manufacturing issues), Inovio's stock price dropped 23%. And when Defendants finally disclosed the FDA's partial clinical hold on September 28, 2020, Inovio's stock price dropped another 28%. *See Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F.3d 342, 352 (3d Cir. 2009) (materiality "self-evident when we look at the market's negative reaction" when the truth was disclosed).

As the Court already held regarding the Operative Complaint, the Proposed Amended Complaint adequately pleads scienter. Each of the Defendants knew about the FDA's partial clinical hold on June 23, 2020. There is no dispute that they knew about the clinical hold even as they made the alleged misstatements on June 30 and August 10, 2020. Moreover, defendants Kim and Kies had specific knowledge of the FDA's partial clinical hold when they sold nearly $4 million in stock between June 30 and July 30, 2020. These stock sales not only triggered their duty to disclose, but bolster the allegations of scienter, as this Court has already held.

There also should be no question that the proposed amendment sufficiently alleges loss causation and the damages Defendants' misstatements and omissions caused Plaintiffs and Class

4894-4085-0699.v1

Members.  As alleged, when Defendants made a partial disclosure on August 10, 2020, telling investors that the INO-4800 clinical trial would be delayed until September, Inovio's stock price declined $4.37 per share, from $18.99 to $14.62.  Defendants' own expert has said as much, opining that "the key new, negative information regarding INO-4800 disclosed in Inovio's August 10, 2020 earnings conference call was a delay in the expected start date of its Phase 2/3 trial."  ECF No. 107-2, §IX.D.[3]  Six weeks later, on the morning of September 28, 2020, Defendants finally issued a press release disclosing that the Inovio Phase II/III trial had been placed on partial clinical hold.  By the end of the day, Inovio's stock price had fallen another $4.80 per share, from $16.94 to $12.14.  There was no other Company-specific news that day and no market or industry factors that could account for the drop in price.

Reading the new allegations of the Proposed Amended Complaint in the light most favorable to Plaintiffs, as the Court should for the purposes of considering Plaintiffs' motion for leave, *see Burgos*, 270 F. Supp. 3d at 793, the allegations plausibly establish a right to relief.  Plaintiffs have clearly alleged the misleading nature of Defendants' June 30 and August 10, 2020 statements and the material omission at the time of Defendants' stock sales.  They have identified the who, what, when, and where for each of the alleged misstatements and omissions.  *See Curran v. Freshpet, Inc.*, No. 16-2263, 2018 WL 394878, at *3 (D.N.J. Jan. 12, 2018) (quoting *In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 147 (3d Cir. 2004)) (to satisfy the Private Securities Litigation Reform Act of 1995 and Federal Rule of Civil Procedure 9(b), a plaintiff must specify each statement alleged to be misleading and why the statement is misleading, setting out the ""first paragraph of a newspaper story" – that is, the "who, what, when, where and how" of the events at issue'").  And, as set forth above, Plaintiffs have alleged how the Defendants' fraudulent conduct harmed them and the Class,

---

[3]    As discussed in Plaintiffs' Reply in Further Support of Class Certification, Inovio's stock price was also impacted by Defendants disclosures on August 10, 2020 regarding the Company's ability to manufacture INO-4800.  *See* ECF No. 112 at 12-15.

- 7 -

causing Inovio's stock price to drop by a combined $9.17 per share in response to the August 10 and September 28, 2020 disclosures.  *See Hall v. Johnson & Johnson*, No. 18-1833 (FLW), 2019 WL 7207491, at *27 (D.N.J. Dec. 27, 2019) ("'it is the exposure of the falsity of the fraudulent representation'" that "'is the critical component'" of a corrective disclosure).  Nothing about the Proposed Amended Complaint lends itself to a valid futility argument.

### D.    The Amendments Will Not Unduly Prejudice Defendants

The proposed amendment presents no undue prejudice to Defendants.  "In order to make the required showing of prejudice, regardless of the stage of the proceedings, [the nonmoving party] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990); *see also Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017) (recognizing that "'[t]he burden is generally on the non-moving party to demonstrate why leave to amend should not be granted'").  As Defendants' counsel acknowledged during the January 21, 2022 Status Conference, the parties agree that the Proposed Amended Complaint does not necessitate any significant changes to the discovery being sought or the discovery deadlines.  As such, the Proposed Amended Complaint should have no effect on the existing schedule and so, result in little, if any, prejudice to Defendants.  *See Mullin v. Balicki*, 875 F.3d 140, 157 (3d Cir. 2017) ("In sum, while the defendants have undoubtedly expended resources over the course of the litigation, and would have to expend additional effort were amendment allowed, their case for prejudice is thin.").

4894-4085-0699.v1

## III.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs'

motion for leave to amend.

DATED:  January 28, 2022                    Respectfully submitted,

                                            SAXTON & STUMP
                                            LAWRENCE F. STENGEL (PA #32809)


                                                   s/ Lawrence F. Stengel
                                            LAWRENCE F. STENGEL

                                            280 Granite Run Drive, Suite 300
                                            Lancaster, PA  17601
                                            Telephone:  717/556-1000
                                            717/441-3810 (fax)
                                            lfs@saxtonstump.com

                                            Local Counsel for Lead Plaintiff

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            DARREN J. ROBBINS
                                            TOR GRONBORG (*pro hac vice*)
                                            TRIG R. SMITH (*pro hac vice*)
                                            LONNIE A. BROWNE (*pro hac vice* forthcoming)
                                            MATTHEW J. BALOTTA (*pro hac vice*)
                                            SEAN C. McGUIRE (*pro hac vice*)
                                            655 West Broadway, Suite 1900
                                            San Diego, CA  92101
                                            Telephone:  619/231-1058
                                            619/231-7423 (fax)
                                            darrenr@rgrdlaw.com
                                            torg@rgrdlaw.com
                                            trigs@rgrdlaw.com
                                            mbalotta@rgrdlaw.com
                                            smcguire@rgrdlaw.com

                                            Lead Counsel for Lead Plaintiff

4894-4085-0699.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 28, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ LAWRENCE F. STENGEL
LAWRENCE F. STENGEL

SAXTON & STUMP
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)

E-mail:  lfs@saxtonstump.com

4894-4085-0699.v1