# Exhibit R



**RBC Wealth Management**

# CORPORATE & EXECUTIVE SERVICES
## AGREEMENT TO ESTABLISH A RULE 10B5-1 SELLING PLAN

This Agreement to Establish a Rule 10b5-1 Selling Plan (this "Selling Plan"), dated May 18, 2020, between **Jong Joseph Kim & Soojin Ashley Kim** ("Seller"), and RBC Wealth Management, a division of RBC Capital Markets, LLC, Member NYSE/FINRA/SIPC ("Broker").

WHEREAS, Seller desires to enter into this Selling Plan to sell shares of common **stock, par value $0.001 per share** (the "Stock"), of **Inovio Pharmaceuticals, Inc.** (the "Issuer") in accordance with the terms set forth on Annex A; and

WHEREAS, Seller desires to engage Broker to effect sales of shares of Stock in accordance with this Selling Plan;

NOW, THEREFORE, the Seller and Broker hereby agree as follows:

1.      Broker shall effect all sales (each a "Sale") of Stock under this Selling Plan in accordance with it terms, including those terms set forth on Annex A.

2.      Seller understands that Broker may not be able to effect a Sale in the even of: (i) a market disruption; (ii) a legal, regulatory or contractual restriction applicable to Issuer or Broker; (iii) the receipt by Broker of written notice from counsel for the Issuer advising it that this Selling Plan is no longer in effect, or alternatively, the Sales to be made under this Selling Plan are suspended until further notice. If any Sale cannot be executed as required by this Selling Plan for any of these reasons, Broker shall effect such Sale as promptly as practical after the cessation or termination of any market disruption, restriction, or suspension described above, or as promptly as possible after receipt of written affirmation of the continuing effect or validity of this Selling Plan or an amended or substituted Selling Plan.

3.      Seller represents and warrants that we are not aware of material, nonpublic information with respect to the Issuer or any securities of the Issuer (including the Stock) and is entering into this Selling Plan in good faith and not as part of a plan or scheme to evade the prohibitions of Rule 10b-5 and Rule 10b5-1 under the Securities Exchange Act of 1934 (the "Exchange Act").

INO_EDPA_00147734

 **RBC Wealth Management**

## CORPORATE & EXECUTIVE SERVICES

4.      It is the intent of the parties that this Selling Plan comply with the requirements of Rule 10b5-1(c)(1). Seller further represents and warrants that **we** have had full opportunity to consult with his legal counsel with respect to the validity of this Selling Plan and that we are not relying on Broker for such counsel.

5.      Where applicable, Broker agrees to effect all Sales in accordance with the manner of sale requirements of Rule 144 under the Securities Act of 1933, and in no event shall Broker effect any Sale if such sale would exceed the then applicable volume limitation under Rule 144, assuming that Sales effected by Broker for Seller under this Selling Plan are the only sales subject to that limitation, unless Seller has given Broker advance written notification of additional sales that must be aggregated under the Selling Plan for purposes of Rule 144 volume limitations. Seller agrees not to take, and agrees to cause any person or entity with which he or she would be required to aggregate sales of Stock pursuant to paragraph (a)(2) or (e) of Rule 144 not to take, any action that would cause the Sales not to comply with Rule 144.

6.      Seller agrees to make all filings, if any, required under Sections 13(d), 13(g) and 16 of the Exchange Act.

7.      Seller agrees to identify to Broker all orders or instructions that will or could result in Sales under this Selling Plan as "Rule 10b5-1 Orders" or "Rule 10b5-1 Instructions" and understands and further agrees that **we** may not amend, substitute or otherwise alter any such Order or Instruction without the prior written permission of Issuer, which written permission shall be provided to Broker directly from Issuer. Seller further understands and agrees that **we** bear all legal and regulatory risks associated with any such amendment, substitution or alteration.

8.      This Selling Plan shall terminate when Issuer's insider trading policies are no longer in effect with respect to Seller, and Seller agrees to promptly advise Broker upon occurrence of such event.

9.      This Selling Plan, shall by governed by and construed in accordance with the laws of the State of **Pennsylvania** and may be modified or amended only by a writing signed by the parties hereto.

INO_EDPA_00147735

 **RBC Wealth Management**

## CORPORATE & EXECUTIVE SERVICES

IN WITNESS WHEREOF, the undersigned have signed this Selling Plan as of the date first written above.

Jong Joseph Kim & Soojin Ashley Kim - Seller

_____

Jeffrey J. Kapala – Director
RBC Wealth Management

Acknowledged and Agreed:

_____

Inovio Pharmaceuticals, Inc.
Name of Officer: Peter Kies
Title: CFO

 **RBC Wealth Management**

## CORPORATE & EXECUTIVE SERVICES
*Annex A to Trading Plan*
*(SEC Rule 10b5-1)*
*For sale of Stock*

Please be advised that I, Jong Joseph Kim & Soojin Ashley Kim, am hereby instructing RBC Wealth Management to execute transactions in Inovio Pharmaceuticals, Inc., securities in my RBC Wealth Management account number 316-96198, as follows:

*Plan A*

Beginning on July 30, 2020 through July 31, 2020, sell Inovio Pharmaceuticals (INO) as designated below:

- Sell 100,000 INO @ $____10_ or better.

All sales set forth above are to be entered "Not-Held" over each of the individual periods set forth above. All sales set forth above are subject to a limit order of $_____ and not to exceed _____ shares for this plan.

Commission Rate: _____0.03 per share_____

 **RBC Wealth Management**

INO_EDPA_00147737