IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK MCDERMID, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INOVIO PHARMACEUTICALS, INC., et al., <br><br> Defendants. | Case No. 2:20-cv-01402-GJP <br><br> CLASS ACTION |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Inovio Pharmaceuticals, Inc. ("Inovio" or the "Company"), J. Joseph Kim, Peter D. Kies, and Robert J. Juba, Jr. (collectively, "Defendants") respectfully request that the Court consider the documents identified below in conjunction with Defendants' Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Motion to Dismiss"). The documents subject to this request are attached as Exhibits A through S to the concurrently filed Declaration of Heather Speers.

## I. DOCUMENTS SUBJECT TO THIS REQUEST

| Ex | Description | SAC ¶[1] |
|---|---|---|
| A | Inovio's March 3, 2020 Press Release titled "Inovio Accelerates Timeline for COVID-19 DNA Vaccine INO-4800." [EXCERPTED] | -- |
| B | Inovio's April 6, 2020 Press Release titled "INOVIO Initiates Phase 1 Clinical Trial Of Its COVID-19 Vaccine and Plans First Dose Today." [EXCERPTED] | 56 |
| C | Inovio's April 28, 2020 Press Release titled "INOVIO Completes Enrollment in the Phase 1 U.S. Trial of INO-4800 for COVID-19 DNA Vaccine; Interim Results Expected in June." [EXCERPTED] | 56 |
| D | Inovio's May 20, 2020 Press Release titled "INOVIO's COVID-19 DNA Vaccine INO-4800 Demonstrates Robust Neutralizing Antibody and T Cell Immune Responses in Preclinical Models." [EXCERPTED] | 59 |
| E | Inovio's June 30, 2020 Press Release titled "INOVIO Announces Positive Interim Phase 1 Data For INO-4800 Vaccine for COVID-19." [EXCERPTED] | 10, 60, 109, 110 |
| F | Inovio's July 30, 2020 Press Release titled "INOVIO's COVID-19 DNA Vaccine INO-4800 Provides Protection with Memory Immune Responses In Non-Human Primates Challenged with SARS-CoV-2 Virus." [EXCERPTED] | -- |
| G | Inovio's August 10, 2020 Press Release titled "INOVIO Reports Second Quarter 2020 Financial Results; Provides DNA Medicines Clinical Program Mid-Year Update." [EXCERPTED] | 11, 113, 121 |

---

[1] Citations using the "¶" symbol refer to the paragraphs of the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF 129, the "SAC") that quote from or refer to information contained in the referenced document.

| Ex | Description | SAC ¶[1] |
|---|---|---|
| H | Inovio's September 28, 2020 Press Release titled "INOVIO Reports FDA Partial Clinical Hold for Planned Phase 2 / 3 Trial of COVID-19 Vaccine Candidate INO-4800." [EXCERPTED] | 17, 125 |
| I | Inovio's November 16, 2020 Press Release titled "INOVIO Announces Initiation of Phase 2 Segment of its Phase 2/3 Clinical Trial for its COVID-19 DNA Vaccine Candidate, INO-4800; Trial Will Be Funded by the U.S. Department of Defense." [EXCERPTED] | -- |
| J | Transcript of Inovio's August 10, 2020 Earnings Call. [EXCERPTED] | 11, 15, 113, 121 |
| K | Inovio's Form 10-K for the year ending December 31, 2019, filed with the Securities and Exchange Commission ("SEC") on March 12, 2020. [EXCERPTED] | 107, 127, 128 |
| L | Inovio's Form 10-Q for the quarter ending March 31, 2020, filed with the SEC on May 11, 2020. [EXCERPTED] | -- |
| M | Inovio's Form 10-Q for the quarter ending June 30, 2020, filed with the SEC on August 10, 2020. [EXCERPTED] | -- |
| N | Peter Kies' SEC Form 4, Statement of Changes in Beneficial Ownership, for transaction date of June 30, 2020, filed with the SEC on July 2, 2020. | 12, 33, 111 |
| O | Peter Kies' SEC Form 4, Statement of Changes in Beneficial Ownership, for transaction date of July 15, 2020, filed with the SEC on July 17, 2020. | 12, 33, 111 |
| P | Jong Joseph Kim's SEC Form 4, Statement of Changes in Beneficial Ownership, for transaction date of July 30, 2020, filed with the SEC on July 31, 2020. | 12, 29, 111 |
| Q | Inovio's 10b5-1 Non-Discretionary Sales Plan for Peter Kies dated May 18, 2020. | 33 |
| R | RBC Wealth Management's Agreement to Establish a Rule 10b5-1 Selling Plan for Jong Joseph Kim & Soojin Ashley Kim dated May 18, 2020. | 29 |
| S | Inovio's June 23, 2020 Telephone Contact Report. | 110, 112, 114 |

## II.     LEGAL STANDARDS

In resolving a Rule 12(b)(6) motion to dismiss in a securities class action, "courts must consider the complaint in its entirety," including (1) documents incorporated by reference, and (2) matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322

(2007). These two concepts are distinct. *See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 163 n.3 (3d Cir. 2014).

**Incorporation by reference.** Under the incorporation by reference doctrine, the Court may consider, on a motion to dismiss, any documents that are "*integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Winer Family Tr. v. Queen*, 503 F.3d 319, 328–29 (3d Cir. 2007) (finding the district court "properly probed documents attached to defendants' motion to dismiss . . . because these documents were integral to and/or were explicitly relied upon by the amended complaint"). The purpose of this rule is to "prevent [a] situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *In re Burlington*, 114 F.3d at 1426.

**Judicial notice.** Judicial notice permits a court to take notice of facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is distinct from incorporation by reference in three respects. First, it extends to matters of public record outside the pleadings. *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020). Second, it serves only to indicate "what was in the public realm at the time, not whether the contents of those documents are true." *Id.* Third, despite the permissive language of Rule 201(b), Rule 201(c) provides that courts "'***must***' take judicial notice if a party requests it and supplies the court with the necessary information." *Id.* (emphasis added) (quoting Fed. R. Evid. 201(c)(2)).

## III. ARGUMENT

In deciding Defendants' Motion to Dismiss, the Court may properly consider **Exhibits A–S** under (a) the incorporation by reference doctrine, and/or (b) Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly-available information that is not subject to reasonable dispute.

**A.** **The Court Should Consider Exhibits B–E, G–H, J–K, N–S in Deciding the Motion to Dismiss Because Each Is Incorporated by Reference.**

As detailed in the chart above, **Exhibits B–E, G–H, J–K, N–S** are referred to numerous times throughout the SAC. These are not merely passing references; rather, Plaintiffs expressly rely on these Exhibits to support the following elements of Count I, the Section 10(b) claim:

- **Exhibits B-D**: Press releases that provide background on the development of Inovio's vaccine, which forms the foundation for all of the Plaintiffs' claims.

- **Exhibits E, G, J–K**: Press releases, transcript, and SEC filings that Plaintiffs allege contain material misrepresentations and are used by Plaintiffs to support allegations of falsity.

- **Exhibits H, J**: Press release and transcript that Plaintiffs allege contain corrective disclosures and are used by Plaintiffs to support allegations related to loss causation.

- **Exhibits N–R**: SEC filings and trading plans for stock sales made by Defendants Kim and Kies that Plaintiffs rely on to support allegations of falsity and scienter.

- **Exhibit S**: Report documenting telephone call from FDA that is used by Plaintiffs to support allegations of falsity.

Because these exhibits are integral to Plaintiffs' claims and they "ha[ve] relied upon these documents in framing the complaint," it is appropriate for the Court to consider them as incorporated by reference. *In re Burlington*, 114 F.3d at 1426 ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them.").

Incorporation by reference is also needed here because the SAC omits key portions of these documents that undermine Plaintiffs' theory of fraud. For example, the SAC alleges that Dr. Kim's and Mr. Kies' June and July 2020 stock sales triggered a duty to disclose the partial clinical hold. (¶ 112.) However, despite conceding that such sales were "made pursuant to a Rule 10b5-1 plan," (¶¶ 29, 33), Plaintiffs omit that the 10b5-1 plans were entered into prior to the FDA placing Inovio's Phase 3 clinical trial protocol on partial clinical hold (Exs. Q, R), thus refuting the notion that the stock sales triggered a duty to disclose. *See, e.g.*, 17 C.F.R. § 240.10b5-1. Plaintiffs also rely on these same stock sales to support an inference of scienter (¶ 126), which again, is countered by the fact that they were made pursuant to 10b5-1 plans entered into prior to receipt of the allegedly relevant material non-public information. *In re Hertz Glob. Holdings, Inc. Sec. Litig.,* 2017 WL 1536223, at *22 (D.N.J. Apr. 27, 2017) ("Sales made through such pre-approved plans counter any inference that the trades were made on the basis of insider knowledge."), *aff'd*, 905 F.3d 106 (3d Cir. 2018).

Similarly, the SAC relies on a June 23, 2020 telephone call between Ami Shah Brown, Inovio's Senior Vice President of Regulatory Affairs, and the FDA project manager to support allegations of falsity with respect to statements in Inovio's June 30 press release and August 10, 2020 earnings call. (¶¶ 110, 114.) Plaintiffs allege that "Inovio was informed by a June 23, 2020 telephone call that the FDA was placing the INO-4800 trial on partial clinical hold." (¶¶ 110, 114.) This description, however, is exceedingly misleading. As the call report makes clear, the partial clinical hold had "***no impact on ongoing COVID19-001 Phase 1 clinical trial***" which the FDA expressly stated could "continue as planned." (Ex. S at 1.) The partial clinical hold applied only to a proposed future Phase 3 clinical trial that Inovio had not even announced, much less commenced. (*Id.* ("under the provisions of this partial clinical hold, subjects may not be given the

investigational drug as part of the COVID19-311 *Phase 3* clinical trial") (emphasis added)). Moreover, Plaintiffs omit that the reason the FDA chose the mechanism of a partial clinical hold on the proposed Phase 3 trial protocol was because it "was deemed to be a more expeditious way of delineating and resolving any pending issues than a series of asynchronous, real-time, informal requests." (*Id.* at 2.) The incorporation by reference rule is designed for precisely this situation—where an "isolated statement" is misleading, but "in the full context of the document, it would be clear that the statement was not fraudulent." *In re Burlington*, 114 F.3d at 1426.

Accordingly, because **Exhibits B–E, G–H, J–K, N–S** are referred to in the SAC and central to Plaintiffs' claims, the Court may consider them in their entirety to ensure that Plaintiffs are not able to "maintain a claim of fraud" by selecting only the portions of documents that support their claims, while omitting portions of those very documents that "would [make] clear that the statement was not fraudulent." *Id.*

**B.      The Court Should Consider Exhibits A–P in Deciding the Motion to Dismiss Because Each Is Subject to Judicial Notice.**

Additionally, **Exhibits A–P** are all publicly available documents, and thus appropriate for the Court's consideration for the limited purpose of establishing what information was in the public realm. Of these documents, only five are not already incorporated by reference: Exhibits A, F, I, L and M. Courts within this Circuit and across the country have taken each category of documents under judicial notice. **Exhibits A–J** are press releases and a conference call transcript, which are routinely subject to judicial notice. *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 263, 272–73 (D.N.J. 2007); *In re ATI Techs., Inc. Sec. Litig.*, 216 F. Supp. 2d 418, 430 (E.D. Pa. 2002). **Exhibits K–P** are SEC filings, which are also routinely subject to judicial notice. *Oran v. Stafford*, 226 F.3d 275, 289–90 (3d Cir. 2000); *Wallace v. Sys. & Comput. Tech. Corp.*, 1997 WL 602808, at \*5–6 (E.D. Pa. Sept. 23, 1997); *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d at 272–73.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits B–E, G–H, J–K, N–S** under the incorporation by reference doctrine and take judicial notice of **Exhibits A–P** for purposes of identifying what was in the public realm and when.

Dated: March 21, 2022

Respectfully Submitted,

DUANE MORRIS LLP

By: *s/ Patrick Loftus*

Patrick Loftus (PA60417)
Matthew Decker (PA 318614)
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1367 (phone)
(215) 689-3591 (fax)
loftus@duanemorris.com
mdecker@duanemorris.com

COOLEY LLP
Luke Cadigan (Pro Hac Vice)
500 Boylston Street
14th Floor
Boston, MA 02116-3736
(617) 937-2300 (phone)
(617) 937-2400 (fax)
lcadigan@cooley.com

Koji F. Fukumura (PA 73831)
Heather Speers (Pro Hac Vice)
4401 Eastgate Mall
San Diego, CA 92121-1909
(858) 550-6000 (phone)
(858) 550-6420 (fax)
kfukumura@cooley.com
hspeers@cooley.com

Caitlin B. Munley (PA318757)
Georgina J. Inglis (Pro Hac Vice)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20005
(202) 842-7800 (phone)
(202) 842-7899 (fax)
cmunley@cooley.com
ginglis@cooley.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on March 21, 2022, I filed this document on the Court's docket using the Court's CM/ECF system. Based on the Court's records, all counsel of record were served with a copy of the foregoing document by electronic means.

*s/ Patrick Loftus*

DUANE MORRIS LLP
Patrick Loftus (PA60417)
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1367 (phone)
(215) 689-3591 (fax)
loftus@duanemorris.com