UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>                    Defendants. | Civ. Action No. 2:20-cv-01402-GJP<br><br>CLASS ACTION<br><br>OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE |

## I.   INTRODUCTION

Defendants Inovio Pharmaceuticals, Inc. ("Inovio" or the "Company"), J. Joseph Kim ("Kim"), Peter D. Kies ("Kies"), and Robert J. Juba request that this Court consider 19 separate documents in support of their Motion to Dismiss the Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws.  Defendants' Request for Judicial Notice (ECF No. 134) ("Defs' RJN").  Plaintiffs do not object to the Court considering Defendants' proposed Exhibits B-C, E, G-H, and J-M, as Defendants utilize them to reference non-controversial factual matters or Plaintiffs have relied upon and specifically referenced those materials in the Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 129) ("SAC").  With regard to Defendants' Exhibits A, D, F, I, and N-S, however, Defendants have incorrectly invoked Federal Rule of Evidence 201 or are inappropriately using those materials for the truth of the matter asserted therein.

## II.   LEGAL STANDARD APPLICABLE TO A REQUEST FOR JUDICIAL NOTICE

As a general rule, courts ruling on a Rule 12(b)(6) motion may "'consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'"[1] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).  There are two exceptions to the rule that outside evidence may not be considered when ruling on a motion to dismiss.  First, a court can consider the text of an undisputedly authentic document that is integral to a plaintiff's claim.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  In considering the applicability of this exception, "[w]hat is critical is 'whether the claims in the complaint are "based" on an extrinsic document' – not 'merely whether the extrinsic document was explicitly cited.'"  *In re Horsehead Holding Corp. Sec. Litig.*, 2018 WL 4838234, at *9 (D. Del. Oct. 4, 2018).  Second,

---

[1]      All citations and footnotes are omitted and emphasis is added unless otherwise noted.

4857-7793-0012.v1

Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  In such circumstances, a court may take judicial notice of a document's existence but must **not** take notice of the truth of any matters that can be reasonably contested.  *See Pa. Dep't of Human Servs. v. United States*, 897 F.3d 497, 514 (3d Cir. 2018) (no clear error in district court's refusal to take judicial notice of regulatory interpretation that provided some support for one party's position but was not "indisputable").

The limited application of judicial notice is not relaxed with respect to Rule 12(b)(6) motions in cases, like this one, involving violations of the federal securities laws.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (noting that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery" and that the risk "is especially significant" in securities fraud matters).  While a defendant seeking to dismiss claims of securities law violations may raise, on a motion to dismiss, opposing inferences on the element of scienter, the Supreme Court has clearly held that any such inferences must be "rationally drawn from the facts alleged."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

## III.    ARGUMENT

### A.    Defendants' Exhibits A, D, F, and I Are Not Incorporated by Reference and Defendants Ask the Court to Consider Them for an Improper Purpose

Defendants invite the Court to consider Exhibits A, D, F, and I for facts asserted therein. Specifically, Defendants cite Exhibit A (Inovio's March 3, 2020 press release) for the fact that "Inovio was able to design a vaccine construct in a matter of hours," as well as other facts. Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Second

Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 133-1) (Defs' MTD") at 2-3.  Defendants cite Exhibit D (Inovio's May 20, 2020 press release) for what Inovio's preclinical study data purportedly demonstrated.  *Id.* at 3.  Similarly, Defendants appear to cite Exhibit F (Inovio's July 30, 2020 press release) for what Inovio's non-human primate study purportedly demonstrated.  And Defendants cite Exhibit I (Inovio's November 16, 2020 press release) for facts asserted therein with regard to events after the Class Period.  *Id.* at 8.

The Court should decline Defendants' invitation to consider Exhibits A, D, F, and I for facts purportedly asserted in those documents because these documents are not incorporated by reference into the SAC.  Defendants recognize this with regard to Exhibits A, F, and I.  Defs' RJN at 5 (not listing these exhibits as being incorporated by reference).  As for Exhibit D, Defendants present no argument on how it is "integral" to Plaintiffs' allegations other than to say that it "provide[s] background on the development of Inovio's vaccine."  *Id.* at 5.  This is a far cry from Plaintiffs' allegations being "based on" Exhibit D.  *Horsehead*, 2018 WL 4838234, at *9.  Judicial notice of the purported facts contained in Exhibits A, D, F, and I is also inappropriate, as they are not the type of facts identified in Federal Rule of Evidence 201(b).  In addition, Exhibit I is inappropriate for judicial notice because it comes long after the end of the class period.  *In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (declining to take judicial notice of post-class period public documents because "their relevance to the issues here – *e.g.*, what was known to PTC Therapeutics, Inc. at the time it made the alleged misstatements – is quite low").[2]

---

[2]    Defendants also cite to Exhibit F in support of their argument that alleged misstatements "were identified as forward-looking and accompanied by meaningful cautionary language."  Defs' MTD at 17.  But Exhibit F does not contain any alleged misstatements, rendering the Exhibit irrelevant.

- 3 -

**B.      Defendants' Exhibits N-R Are Not Incorporated by Reference and Defendants Ask the Court to Consider Them for an Improper Purpose**

Exhibits N-R consist of three Forms 4 filed with the Securities and Exchange Commission ("SEC") and what purport to be the 10b5-1 trading plans of Defendants Kies and Kim. None of these documents are incorporated by reference into the SAC because none of them is "'integral to or explicitly relied upon in the complaint.'" *Burlington*, 114 F.3d at 1426. Defendants assert that paragraphs 12, 29, 33, and 111 quote from or refer to information in Exhibits N-R. Defs' RJN at 2-3. But paragraphs 12 and 111 do not include any reference to 10b5-1 trading plans and paragraphs 29 and 33 say only that the Defendants' stock sales "were purportedly made pursuant to a Rule 10b5-1 trading plan." SAC, ¶¶29, 33. Defendants essentially conflate Plaintiffs' allegations of "stock sales made by Defendants Kim and Kies" with allegations concerning the specific documents in Exhibits N-R. Defs' RJN at 5. Assuming that the stock sales are "'integral'" to Plaintiffs' allegations, this does not establish that any particular documents concerning those stock sales are integral, and nowhere do Defendants establish that Plaintiffs' allegations are "based on" Exhibits N-R. *Horsehead*, 2018 WL 4838234, at *9. Instead, Defendants argue that incorporation by reference is "needed here" to counter Plaintiffs' allegations. Defs' RJN at 6 (arguing against a duty to disclose and proclaiming that the 10b5-1 plans were entered into prior to receipt of material non-public information). But while Defendants may be itching to make these factual arguments, they may not do so at this stage of the case, and in any event that is not a proper basis for finding that the documents are incorporated by reference in the SAC.[3]

---

[3]      Defendants made similar factual arguments in moving to dismiss Plaintiffs' First Amended Complaint (ECF No. 68), and it is telling that Defendants did not move the Court to consider Kim's and Kies's purported 10b5-1 trading plans (Exhibits Q and R) under the incorporation-by-reference doctrine in connection with that prior motion to dismiss.

4857-7793-0012.v1

As for judicial notice, to the extent Defendants' Exhibits N-P are offered for the truth of the matters asserted therein rather than the mere fact of the documents' existence, the Court should deny Defendants' request. *See In re Viropharma, Inc. Sec. Litig.*, 2003 WL 1824914, at *1 (E.D. Pa. Apr. 7, 2003) ("[T]he Court will not accept as true the statements made by [defendant] in its SEC and FDA filings. It would be improper to accept these statements as true because the crux of the Plaintiffs' Complaint is that statements made by [defendant] were not truthful."). And Defendants concede that Exhibits Q and R are not subject to judicial notice. Defs' RJN at 7.

### C.    Defendants' Exhibit S Is Not Incorporated by Reference and Thus Should Not Be Considered by the Court

Defendants' Exhibit S – an internal Inovio document titled "Telephone Contact Report" purporting to describe what happened during a June 23, 2020 telephone call between Inovio and the Food & Drug Administration ("FDA") – is not cited in the SAC, let alone integral to it. Rather, the SAC contains allegations based on and quoting from the FDA's June 26, 2020 partial clinical hold letter (which Defendants conspicuously fail to include in their collection of exhibits). *See* SAC, ¶¶60, 110, 112, 114. As set forth in the SAC, that letter references the fact that three days earlier, on June 23, 2020, the FDA informed Defendants on a phone call that it would be issuing a clinical hold on any new clinical trials of INO-4800. *Id.* Nowhere does the SAC cite to or rely on any internal Inovio report purporting to describe what happened on the June 23, 2020 call. Indeed, the self-serving Inovio rendition of the call, which Defendants now try to inject into their motion to dismiss, is at odds with the contents of the actual FDA clinical hold letter.

Defendants cite to *Burlington* and argue that Plaintiffs' allegations about the June 23 phone call are "precisely" the situation in which "an 'isolated statement' is misleading, but 'in the full context of the document, it would be clear that the statement was not fraudulent.'" Defs' RJN at 7. But Defendants have it backward. In *Burlington*, then-Judge Alito's opinion for the panel decried the situation where a plaintiff "extract[s] an isolated statement from a document and place[s] it in the

- 5 -

complaint" without including the context *of the document* surrounding that statement. *Burlington*, 114 F.3d at 1426. That is not the case here. Plaintiffs never allege that *the FDA's* "isolated statement" to Inovio informing the Company of a partial clinical hold was misleading. Rather, Plaintiffs allege that statements in *Inovio's* June 30 press release and August 10, 2020 earnings call were misleading and fraudulent. SAC, ¶¶110, 114. Introducing Inovio's own self-serving summary of the call with the FDA accomplishes nothing and is wholly inappropriate at this stage.

At bottom, Defendants are attempting to introduce Exhibit S because they do not like Plaintiffs' allegations regarding the partial clinical hold letter, and wish to combat Plaintiffs' allegations with facts of their own. They accuse Plaintiffs of making "exceedingly misleading" allegations, but refrain from introducing the hold letter itself, all while urging the Court to take notice of a self-serving internal document that Plaintiffs neither cite nor rely upon. Defs' RJN at 6-7. This is not a use for which the incorporation-by-reference doctrine is designed. Defendants' attempt at early summary judgment should be rejected.

## IV.    CONCLUSION

For the reasons stated herein, the Court should decline to take judicial notice of Exhibits A, D, F, I, and N-S.

DATED:  April 20, 2022                   Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         DARREN J. ROBBINS
                                         TOR GRONBORG (*pro hac vice*)
                                         TRIG R. SMITH (*pro hac vice*)
                                         LONNIE A. BROWNE (*pro hac vice*)
                                         MATTHEW J. BALOTTA (*pro hac vice*)
                                         SEAN C. McGUIRE (*pro hac vice*)


                                              s/ TOR GRONBORG
                                         ————————————————————
                                              TOR GRONBORG

- 6 -

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
torg@rgrdlaw.com
trigs@rgrdlaw.com
lbrowne@rgrdlaw.com
mbalotta@rgrdlaw.com
smcguire@rgrdlaw.com

Lead Counsel for Lead Plaintiff

SAXTON & STUMP
LAWRENCE F. STENGEL (PA #32809)
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)
lfs@saxtonstump.com

Local Counsel for Lead Plaintiff

- 7 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 20, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ TOR GRONBORG
TOR GRONBORG

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  torg@rgrdlaw.com

4857-7793-0012.v1

# Mailing Information for a Case 2:20-cv-01402-GJP MCDERMID v. INOVIO PHARMACEUTICALS, INC. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **ANDREW DAVID ABRAMOWITZ**
  aabramowitz@bm.net,jgionnette@bm.net

- **PETER M. ADAMS**
  padams@cooley.com,daland@cooley.com,ktorres@cooley.com

- **MICHAEL ALBERT**
  malbert@rgrdlaw.com

- **MATTHEW J. BALOTTA**
  mbalotta@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **JEFFREY C BLOCK**
  jeff@blockesq.com

- **LONNIE A. BROWNE**
  lbrowne@rgrdlaw.com

- **LUKE T. CADIGAN**
  lcadigan@cooley.com

- **SHANON J. CARSON**
  scarson@bm.net,emagnus@bm.net

- **MATTHEW S. DECKER**
  MDecker@duanemorris.com

- **MICHAEL C. DELL'ANGELO**
  mdellangelo@bm.net,eyork@bm.net,csimon@bm.net,jgionnette@bm.net

- **MICHAEL D. DONOVAN**
  mdonovan@donovanlitigationgroup.com

- **KOJI F. FUKUMURA**
  kfukumura@cooley.com,chourani@cooley.com

- **BARBARA L. GIBSON**
  bgibson@kohnswift.com,cmusloski@kohnswift.com

- **JACOB A. GOLDBERG**
  jgoldberg@rosenlegal.com,etexidor@rosenlegal.com

- **MARK S. GOLDMAN**
  goldman@lawgsp.com,lamar@lawgsp.com

- **TOR GRONBORG**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

United States District Court Eastern District of Pennsylvania

- **GEORGINA J. INGLIS**
  ginglis@cooley.com

- **PATRICK J. LOFTUS**
  loftus@duanemorris.com,lverbitski@duanemorris.com,autodocketPHL@duanemorris.com

- **SEAN MCGUIRE**
  smcguire@rgrdlaw.com,e_file_SD@rgrdlaw.com,scaesar@rgrdlaw.com

- **CAITLIN BRIDGET MUNLEY**
  cmunley@cooley.com

- **DANIELLE S. MYERS**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **DARREN J. ROBBINS**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **TRIG R. SMITH**
  trigs@rgrdlaw.com,lbrowne@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **HEATHER SPEERS**
  hspeers@cooley.com

- **LAWRENCE F. STENGEL**
  lfs@saxtonstump.com,cag@saxtonstump.com,cbm@saxtonstump.com

- **CRAIG E. TENBROECK**
  ctenbroeck@cooley.com,maraujo@cooley.com

- **STEPHEN J. TETI**
  steti@blockesq.com,stephen-teti-1589@ecf.pacerpro.com

- **JACOB A. WALKER**
  jake@blockleviton.com,jacob-walker-5598@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)