THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK MCDERMID, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-01402-GJP<br><br>CLASS ACTION |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE**

Plaintiffs object to the consideration of **Exhibits A, D, F, I,** and **N–S** provided in support of Defendants' Motion to Dismiss the Second Amended Complaint (the "Motion").[1]  Plaintiffs mischaracterize Defendants' request for judicial notice as an effort to "combat Plaintiffs' allegations" with factual arguments.  Not so—Defendants do not offer these documents to create a factual dispute, but to provide the Court with the public information available to investors and provide context to the documents on which Plaintiffs' base their claims.

Judicial notice and incorporation by reference are critical tools used in securities fraud actions when addressing motions to dismiss, particularly to evaluate the information available to the investing public and rebut allegations of scienter. *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 328–30 (3d Cir. 2007) (affirming consideration of documents relied upon by complaint and granting motion to dismiss for lack of scienter (citing *Tellabs, Inc. v. Makor Issues & Rts.*, Ltd., 551 U.S. 308, 322 (2007))).  The Court should reach into that toolbox here and consider **Exhibits A, D, F, I,** and **N–S**, all of which are either incorporated by reference or subject to judicial notice. While Defendants should prevail on their Motion regardless, Plaintiffs "cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), and this Court may assess these documents to resolve Defendants' Motion.

A. **Exhibits A, D, F, and I Are Press Releases Which Are Properly Subject to Judicial Notice.**

Plaintiffs do not contest the authenticity or public availability of **Exhibits A, D, F, and I** (all Inovio press releases), and do not meaningfully dispute that press releases are regularly subject

---

[1] Plaintiffs concede that **Exhibits B–C, E, G–H,** and **J–K** are properly subject to judicial notice and/or incorporated by reference in the Second Amended Complaint ("SAC"). ECF No. 136 (Opposition to Request for Judicial Notice ("RJN Opp.").)

to judicial notice on a motion to dismiss. *See, e.g.*, *Turnofsky v. electroCore, Inc.*, 2021 WL 3579057, at *3 (D.N.J. Aug. 13, 2021) (taking judicial notice of press releases in securities fraud case); *Sapir v. Averback*, 2016 WL 554581, at *11 n.7 (D.N.J. Feb. 10, 2016) (same). Consideration of such public statements is particularly appropriate where, as here, Plaintiffs' claims explicitly rely on information available to the investing public. *See Benak v. All. Cap. Mgmt. L.P.*, 349 F. Supp. 2d 882, 888 n.8 (D.N.J. 2004) (taking judicial notice of news articles to avoid allowing plaintiffs to "cherry-pick just enough articles to establish prima facie liability, yet just too few to establish inquiry notice as a matter of law"), *aff'd sub nom. Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006).

Rather than address the relevant inquiry, Plaintiffs assert these documents should not be considered because Defendants offer them for the truth of their contents. That is incorrect. Defendants reference these press releases to demonstrate what information was publicly available during the relevant period. For example:

- "On May 20, Inovio **announced** that its preclinical study data on mice and guinea pigs had been published in a peer-reviewed journal. . . . The press release also stated that '[p]reliminary safety and immune responses data from Phase 1 clinical trial expected in June' and a 'Phase 2/3 efficacy trial planned to start in July/August pending regulatory approval.'" (ECF No. 133-1 ("MTD") at 3 (citing Ex. D) (emphasis added).)

- "On July 30, Inovio **announced** results from its non-human primate study." (MTD at 6 (citing Ex. F) (emphasis added).)

- "On November 16, Inovio **announced** that it 'received clearance from the U.S. Food & Drug Administration (FDA) to proceed with the Phase 2 segment of its planned Phase 2/3 clinical trial . . . .'" (MTD at 8 (citing Ex. I) (emphasis added).)

Defendants request only that the Court consider such documents for the purposes of determining "what was [and] . . . what was not in the public realm at the time." *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 497 (E.D. Pa. 2018).

**B.**     **Exhibits N–P Are SEC Filings That Are Both Incorporated by Reference and Subject to Judicial Notice.**

**Exhibits N–P** are Form 4s disclosing stock sales by Dr. Kim and Mr. Kies, each of which is incorporated by reference because Plaintiffs rely on those sales as both evidence of scienter and the source of Defendants' alleged duty to disclose the June partial clinical hold. (¶¶112, 126, 145.) Where Form 4s are the only available public evidence of allegedly inappropriate stock sales, they are inherently incorporated into the pleadings. *See Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *10 (N.D. Ill. Mar. 31, 2011) (holding Form 4s were incorporated by reference despite not being explicitly cited in complaint, reasoning that "the Forms 4 . . . were the [public] source" of plaintiffs' information regarding defendants' stock sales). Moreover, these Form 4s merely confirm what Plaintiffs already allege—*i.e.*, the dates of Dr. Kim's and Mr. Kies' stock sales, and that they were made pursuant to 10b5-1 trading plans. (*See* ¶¶29, 33.)

As SEC filings, the Form 4s are also subject to judicial notice.  *See, e.g.*, *Oran v. Stafford*, 226 F.3d 275, 289–90 (3d Cir. 2000).

**C.**     **Exhibits Q–R Are Incorporated by Reference in the SAC and Should Be Considered to Counter Plaintiffs' Scienter and Duty to Disclose Arguments.**

**Exhibits Q–R** are Dr. Kim's and Mr. Kies' 10b5-1 trading plans, pursuant to which the above referenced stock sales were made. Plaintiffs' allegations that Defendants had an affirmative duty to disclose the June 26, 2020 partial clinical hold letter is expressly "based on" stock sales made pursuant to these trading plans. (¶¶111–12.) As such, they are incorporated by reference. *City of Coral Springs Police Officers' Ret. Plan v. Farfetch Ltd.*, 2021 WL 4481119, at *4 n.1 (S.D.N.Y. Sept. 30, 2021) (10b5-1 plans incorporated by reference where Plaintiffs "discuss the terms and effect" of plans and "rely on them significantly in making . . . scienter allegations").

Moreover, Plaintiffs do not dispute the authenticity of the trading plans provided at **Exhibits Q–R**.  Defendants cite the trading plans for the limited purpose of showing that they were

entered into weeks before Inovio received the partial clinical hold letter. (MTD at 22.) Such use is proper. *See Farfetch Ltd.*, 2021 WL 4481119, at \*5–7 (plaintiff did not allege scienter based on 10b5-1 stock sales where there was no evidence defendants were aware of material information causing share price drop at the time the trading plans were entered); *Hopson v. MetroPCS Commc'ns, Inc.*, 2011 WL 1119727, at \*14 n.14 (N.D. Tex. Mar. 25, 2011) (considering 10b5-1 plans, which were incorporated by reference in Complaint, as they "may rebut an inference of suspiciousness" where complaint alleged that plans did not undermine inference of scienter); *In re Synchronoss Techs., Inc. Sec. Litig.*, 2019 WL 2849933, at \*16 n.11 (D.N.J. July 2, 2019) (citations omitted) (holding that court may consider Rule 10b5-1 plans on motion to dismiss).

### D.    Exhibit S Is Also Incorporated by Reference.

Plaintiffs' newest theory of fraud is premised on allegations that "Inovio was informed by a June 23, 2020 telephone call that the FDA was placing the INO-4800 trial on partial clinical hold." (*See* SAC ¶¶ 110, 112, 114.)  Despite that unequivocal language, Plaintiffs argue that the record of that phone call—**Exhibit S**—is not incorporated by reference because the SAC does not expressly cite to that document.  (RJN Opp. at 5–6.)  That is incorrect.  Where the content of a document is reflected throughout a pleading, it is incorporated by reference even without explicit citation. *See In re Burlington Coat Factory*, 114 F.3d at 1426 (affirming consideration of annual report not explicitly cited in complaint, where complaint relied upon data from the same report).

\* \* \* \* \* \* \*

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits B–E, G–H, J–K, N–S** under the incorporation by reference doctrine and take judicial notice of **Exhibits A–P**.

Dated: May 10, 2022

Respectfully Submitted,

DUANE MORRIS LLP


By: *s/ Patrick Loftus*
      Patrick Loftus (PA60417)
      30 South 17th Street
      Philadelphia, PA 19103
      (215) 979-1367 (phone)
      (215) 689-3591 (fax)
      loftus@duanemorris.com

      COOLEY LLP
      Koji F. Fukumura (PA73831)
      Heather Speers (*Pro Hac Vice*)
      4401 Eastgate Mall
      San Diego, CA 92121-1909
      (858) 550-6000 (phone)
      (858) 550-6420 (fax)
      kfukumura@cooley.com
      hspeers@cooley.com

      Caitlin B. Munley (PA318757)
      Georgina J. Inglis (*Pro Hac Vice*)
      1299 Pennsylvania Avenue, NW
      Suite 700
      Washington, DC 20004
      (202) 842-7800 (phone)
      (202) 842-7899 (fax)
      cmunley@cooley.com
      ginglis@cooley.com

      Luke Cadigan (*Pro Hac Vice*)
      500 Boylston Street
      14th Floor
      Boston, MA 02116-3736
      (617) 937-2300 (phone)
      (617) 937-2400 (fax)
      lcadigan@cooley.com

      *Attorneys for Defendants*

6

## CERTIFICATE OF SERVICE

I certify that on May 10, 2022, I filed this document on the Court's docket using the Court's CM/ECF system.  Based on the Court's records, all counsel of record were served with a copy of the foregoing document by electronic means.

*s/ Patrick Loftus*
DUANE MORRIS LLP
Patrick Loftus (PA60417)
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1367 (phone)
(215) 689-3591 (fax)
loftus@duanemorris.com

7