# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:20-cv-01402-GJP |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | DECLARATION OF PETER CRUDO REGARDING NOTICE AND ADMINISTRATION |
| INOVIO PHARMACEUTICALS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

I, PETER CRUDO, declare and state as follows:

1.      I am an Executive Vice President of Securities at Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California 94903.  I make this declaration based on personal knowledge, and if called to testify I could and would do so competently.

2.      At the request of Lead Counsel, Robbins Geller Rudman & Dowd LLP, I am providing this declaration to give the Court and the parties to the above-captioned action further information about the procedures and methods that will be used to provide notice of the proposed Settlement to the investors who make up the Class, and the administration of the claims process.

3.      Gilardi was retained by Lead Counsel, subject to Court approval, to provide notice and claims administration services in the above-captioned action.  The Class consists of persons and entities who purchased or otherwise acquired Inovio Pharmaceuticals, Inc. ("Inovio") common stock from February 14, 2020 to August 10, 2020, inclusive.  Excluded from the Class are: (a) Inovio, J. Joseph Kim, Peter D. Kies, and Robert J. Juba, Jr. (each a "Defendant" and collectively, "Defendants"); (b) members of the immediate family of any Defendant who is an individual; (c) any person who was an officer or director of Inovio during the Class Period; (d) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (e) Inovio's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (f) all persons and entities who timely and validly request exclusion from the Class in accordance with the requirements set by the Court in connection with the Notice of Proposed Settlement; and (g) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person.

4.      As background, Gilardi (a subsidiary of Computershare) has implemented successful claims administration programs in more than a thousand securities class actions during our more than three decades as an administrator.  Our experience includes many of the largest and most complex settlement administrations of both private litigation matters and of actions brought by government securities regulators.  More information on Gilardi's experience can be found on its website at www.gilardi.com.

- 1 -

5.      The proposed notice plan in this matter uses procedures that have been designed to provide extremely effective direct mail notification to every investor who is a member of the Class and who can be identified with reasonable effort.  In addition, direct email notification will be provided to hundreds of financial institutions that regularly monitor proposed securities class action settlements.  By themselves, the proposed direct mail and email notification will be sufficient to reach an extremely high percentage of the Class.  All persons and entities identified as potential Class Members will be sent a complete Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim Form ("Claim Form") package (collectively, the "Claim Package"), which will include instructions for claim submission, objecting to any aspect of the Settlement, and requesting exclusion from the Class.  The proposed notice plan also calls for publication of a summary version of the Notice ("Summary Notice") in a national newspaper read by securities investors, as well as placement of the Summary Notice on a national business newswire service.  Details of the complete proposed notice plan are outlined below.

6.      If Gilardi is appointed by the Court as Claims Administrator, and subject to the Court's approval of the notice plan set forth in the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order"), Gilardi will initially send a copy of the Claim Package by First-Class Mail to all persons and entities identified as potential Class Members by Inovio's stock transfer agent.  The stock transfer agent will only have the contact information for the small number of investors that hold their securities in their own names.  These investors typically make up a very small percentage of a class, as the vast majority of investors hold their securities through a broker, bank, or other financial institution, and do so in what is known colloquially as "street name."  Under the system of street name ownership, institutions act as the record holders for investors who are the beneficial owners of the securities.  In Gilardi's experience, shareholders who hold their securities in their own name, and are therefore known to the stock transfer agent, typically make up less than 5% of a class in a typical securities settlement.

7.      In order to obtain the contact information for investors that hold their securities in street name, Gilardi and other administrators use a procedure designed to obtain that information from the brokers, banks and other institutions (the "Nominee Holders") that actually hold the

- 2 -

securities for the benefit of their clients.  In the more than 30 years that Gilardi has been notifying class members of actions involving publicly-traded securities, Gilardi has found the majority of potential class members hold their securities in street name and are reached through the Nominee Holders.

8.      For this matter, Gilardi will send a Claim Package and appropriate cover letter to each entity included on a proprietary list of approximately 280 Nominee Holders.  This list also includes a group of firms and institutions who have requested notification on every case involving publicly-traded securities and is contained in a database created, maintained, and updated as necessary by Gilardi.  In Gilardi's experience, the institutions included in this database represent a significant majority of the beneficial holders of the securities in most settlements involving publicly-traded companies.

9.      Gilardi will also send a Claim Package and appropriate cover letter to each financial institution registered with the U.S. Securities and Exchange Commission ("SEC") as a potential Nominee Holder.  There are approximately 4,450 institutions on that list, which changes from time to time and is, therefore, periodically updated.  The cover letter accompanying the Claim Package would notify the Nominee Holders of the pendency of this action as a class action and of the proposed Settlement and inform them of their obligation to either provide to Gilardi the names and addresses of their clients who may be Class Members or request copies of the Claim Package to provide directly to their customers and clients.

10.      Gilardi has long-standing relationships with all of the primary Nominee Holders, and they are accustomed to providing us with information regarding their clients from their records and obtaining reimbursement for doing so.  Gilardi will provide several supplemental notification letters to any Nominee Holder who does not respond to the initial request for potential Class Member names and addresses.

11.      Gilardi will promptly mail the Claim Package to all potential Class Members identified by Nominee Holders.  Gilardi will also send copies of the Claim Package directly to Nominee Holders who indicate that they will directly forward the documents to their customers and clients who may be Class Members.

12.     All name and address data obtained by Gilardi will be reviewed to identify and eliminate exact duplicates and incomplete data prior to mailing.  Addresses will be checked against the United States Postal Service's National Change of Address database to identify address changes and obtain current mailing addresses where available.  Any Claim Packages that are returned as undeliverable mail will be reviewed to determine if an alternative or updated address is available from the Postal Service, and will be re-mailed to the updated or alternative address.  In cases where no address is available from the Postal Service, Gilardi will attempt to obtain updated or alternative address information from private databases, and will re-mail the Claim Package if such information is available.

13.     Gilardi will supplement the direct mailing program described above by publishing the Summary Notice in The Wall Street Journal.  The Summary Notice will also be posted with Business Wire, an online newswire service, where it will be available for a month.  News outlets often use posted notices as the basis for their own stories about litigation settlements involving publicly-traded companies, thereby creating added awareness of the proposed Settlement among investors.

14.     Gilardi will also cause the Claim Package to be published by the Depository Trust Corporation ("DTC") on the DTC Legal Notice System ("LENS").  LENS enables participating banks and brokers to review the Claim Package and directly contact the Claims Administrator to obtain copies of the Claim Package for their clients who may be Class Members.

15.     The Claim Package will also be provided electronically to approximately 365 institutions that monitor securities class actions for their investor clients and regularly act on their behalf in these matters.

16.     Throughout the notification and claims processing period, Gilardi will maintain a toll-free number to accommodate potential Class Members' inquiries.

17.     Gilardi will also establish and maintain a settlement-specific website where key documents will be posted, including the Stipulation of Settlement, the Notice and Claim Form and the executed Notice Order, and any other documents that the parties or the Court require to be posted.  The website will also provide summary information regarding the case and Settlement and

highlight important dates, including the date of the Settlement approval hearing and any changed deadlines. All posted documents will be available for downloading from the website.

18. The Claim Package, Settlement website, and key documents will be provided in English, which is the language used for most company SEC filings and proxy materials. In our experience, the typical demographic of most securities-related settlement classes is English-speaking, and as such the costs and extra work associated with translation of documents is generally not required unless there is specific evidence that the majority of the class would only speak another language. In addition, telephone and email support will be available to Class Members in all major languages through Gilardi and its affiliated Computershare partners.

19. Based on our experience, we estimate that the combined direct mail and publication program proposed will provide notice to more than 95% of the investors that are potential Class Members. Because the Notice directs the cooperation of Nominee Holders and provides for the reimbursement of their costs of doing so, we have experienced and continue to anticipate a high level of compliance from those institutions, many of which have developed regular systems for providing the required information. In addition, the proposed publication will create additional awareness of the Settlement, and we expect to receive a number of additional requests for the Claim Package through the designated toll-free number and via email as a direct result of publication.

20. The procedures proposed here have proven extremely effective at compiling a very comprehensive list of potential class members and providing notice to those potential class members in thousands of securities class action matters prior to this case. Substantially similar notice plans have been approved by numerous courts as being the best notice practicable under the circumstances. Gilardi will, of course, provide a reporting declaration outlining the results of the implemented notice plan and the number of Claim Packages that are ultimately delivered, and will do so prior to, or in conjunction with, Lead Plaintiff's request that the Settlement be finally approved.

21. Because this matter involves the purchase and sale of securities, which is protected and private financial information held by a large number of different brokerages, custodians and

other financial institutions, a claims process is necessary to gather the required information regarding each claimant's purchases, acquisitions, sales, and holdings of Inovio common stock during the periods relevant to the proposed Plan of Allocation. This stock transaction information will then be used to evaluate the eligibility of each claim to receive any distribution from the Settlement.

22.     There are three typical ways that a claim may be submitted to Gilardi in securities settlements such as this: a claimant may submit a Claim Form and supporting documents by mail, a claimant may submit a Claim Form and supporting documents via an interactive service provided on the Settlement website, or a financial institution or other third party who has the authority to do so may file claims on behalf of its clients in electronic spreadsheet format. In our experience, the vast majority of claims, typically at least 80%, are filed by institutions or third-party services which submit claims on behalf of their clients who may be class members, removing the burden from those claimants to file on their own behalf.

23.     A claim may be determined ineligible for recovery for various reasons related to the overall completeness of the claim and the claimant or transaction information as presented. For example, where the Claim Form did not include any purchases or acquisitions of Inovio common stock during the relevant period, where calculation of the claim under the Plan of Allocation did not result in a net loss, or where the beneficial owner as presented was determined to be insufficient or otherwise ineligible, the claim will be deemed ineligible for recovery and claimants are so advised.

24.     In addition to making these determinations, Gilardi also reviews claims for deficiencies related to specific missing or incorrect information which may be resolved with further information; for example, where a claim is missing supporting documentation, lacking a signature, appears to be missing information regarding transactions or holdings, or presents transaction information which does not match the known history of the stock. If those deficiencies can be corrected by an analyst on review, some of these claims may result in a different loss determination and move into eligible status. Furthermore, Gilardi will typically waive deficiencies deemed to be insignificant, which may include, but is not limited to, deficiencies which impact

only the portion of the claim which calculates no recognized loss, and partially or undocumented claims, partial or missing signatures, and other immaterial deficiencies where the loss of the claim falls below certain recognized loss amount thresholds.

25.      Deficiencies will be addressed during the normal course of the administration and claimants with deficient Claim Forms will be provided an opportunity to cure these deficiencies prior to distribution of the Settlement proceeds.  In addition, rejected claimants will be notified of the rejection of their claim and will be provided an opportunity to furnish additional information which may validate the claim or request more information about the reason why the claim is rejected prior to distribution of the Settlement proceeds.  Claimants who furnish additional information which remains insufficient or who request further review by the Claims Administrator of their rejected claim and who remain dissatisfied with the determination made by the Claims Administrator will also be given instructions for further appealing adverse determinations to the Court to obtain a final determination for the claim.

26.      In our experience, the notice process and claims process outlined above are consistent with those undertaken in other securities settlements of similar size and complexity.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 22nd day of August, 2022, at San Rafael, California.

_____
PETER CRUDO