# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civ. Action No. 2:20-cv-01402-GJP

CLASS ACTION

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**A Federal Court authorized this Notice. This is not a solicitation from a lawyer.**

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired the common stock of Inovio Pharmaceuticals, Inc. ("Inovio" or the "Company") from February 14, 2020 through August 10, 2020, inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT: Please also be advised that the Lead Plaintiff Manuel S. Williams ("Lead Plaintiff") and Representative Plaintiff Andrew Zenoff (together with Lead Plaintiff, the "Plaintiffs"), on behalf of the Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $30 million in cash and 7,000,000 shares of Inovio common stock ("Settlement Stock") that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.[1] Your legal rights will be affected whether or not you act. Please read this Notice carefully!**

1.      **Description of the Action and the Class:** This Notice relates to a proposed Settlement of a class action lawsuit pending against Inovio and the following Individual Defendants: J. Joseph Kim, Peter D. Kies, and Robert J. Juba, Jr. (collectively, "Defendants"). Defendants are collectively, with Plaintiffs, the "Settling Parties." The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"): all persons and entities who purchased or otherwise acquired common stock of Inovio from February 14, 2020 through August 10, 2020, inclusive (the "Class Period"). Excluded from the Class are: (a) Inovio, J. Joseph Kim, Peter D. Kies, and Robert J. Juba, Jr. (each a "Defendant" and collectively, "Defendants"); (b) members of the immediate family of any Defendant who is an individual; (c) any person who was an officer or director of Inovio during the Class Period; (d) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (e) Inovio's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (f) all persons and entities who timely and validly request exclusion from the Class in accordance with the requirements set by the Court in connection with this Notice; and (g) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person. Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-866-809-3338.

2.      **Statement of Class's Recovery:** Subject to Court approval, and as described more fully in ¶¶24-29, 54-60 below, Plaintiffs, on behalf of the Class, have agreed to settle all Released Claims (as defined in ¶55 below) against Defendants and other Released Defendant Parties (as defined in ¶57 below) in exchange for a settlement payment of $30 million in cash and the Settlement Stock (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, and attorneys' fees and litigation expenses and awards to the Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class. The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.      **Statement of Average Distribution Per Share:** The Settlement Fund consists of the Settlement Amount, $30 million in cash and the Settlement Stock, plus interest earned. Assuming all potential Class Members elect to

---

[1]      All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated August 22, 2022 (the "Stipulation"), which is available on the Settlement website www.InovioSecuritiesLitigation.com.

participate, the estimated average recovery is $0.23 per damaged share before fees and expenses. Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation below; when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so, when they were sold and for how much. In addition, the actual recovery of Class Members may be further reduced by the payment of fees and expenses from the Settlement Fund, as approved by the Court.

4.      **Statement of the Parties' Position on Damages:** Defendants deny all claims of wrongdoing, deny that they engaged in any wrongdoing, deny that they are liable to Plaintiffs and/or the Class, and deny that Plaintiffs or other members of the Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false or misleading; (2) whether the statements were made with intent to deceive, manipulate, or defraud investors; (3) whether Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (4) whether all or part of the damages allegedly suffered by members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.      **Statement of Attorneys' Fees and Expenses Sought:** Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 27.5% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or charges of Plaintiffs' Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $900,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.07. In addition, Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Class in an amount not to exceed $160,000, combined.

6.      **Identification of Attorneys' Representatives:** Plaintiffs and the Class are being represented by Robbins Geller Rudman & Dowd LLP ("Lead Counsel") and Saxton & Stump ("Local Counsel") (together, "Plaintiffs' Counsel"). Any questions regarding the Settlement should be directed to Greg Wood, Shareholder Relations Department at Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **DO NOTHING** | Get no payment. Remain a Class Member. Give up your rights. |
| **REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 19, 2022** | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked no later than December 19, 2022. |
| **EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 23, 2022** | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Claims. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| **OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 23, 2022** | Write to the Court about your view on the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses, or why you don't think the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses is fair to the Class.<br><br>If you do not exclude yourself from the Class, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses. You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |

| GO TO THE HEARING ON DECEMBER 15, 2022, AT 2:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 23, 2022 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |
|---|---|

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| **Why Did I Get This Notice?** | Page 4 |
| **What Is This Case About? What Has Happened So Far?** | Page 5 |
| **How Do I Know If I Am Affected By The Settlement?** | Page 5 |
| **What Are Plaintiffs' Reasons For The Settlement?** | Page 6 |
| **What Might Happen If There Were No Settlement?** | Page 6 |
| **How Much Will My Payment Be?** | Page 6 |
| **Plan of Allocation** | Page 7 |
| **What Rights Am I Giving Up By Agreeing To The Settlement?** | Page 12 |
| **What Payment Are The Attorneys For The Class Seeking?** <br> **How Will The Attorneys Be Paid?** | Page 13 |
| **How Do I Participate In The Settlement?** <br> **What Do I Need To Do?** | Page 13 |
| **What If I Do Not Want To Be A Part Of The Settlement?** <br> **How Do I Exclude Myself?** | Page 13 |
| **When And Where Will The Court Decide Whether To Approve The Settlement?** <br> **Do I Have To Come To The Hearing?** <br> **May I Speak At The Hearing If I Don't Like The Settlement?** | Page 14 |
| **What If I Bought Shares On Someone Else's Behalf?** | Page 15 |
| **Can I See The Court File? Whom Should I Contact If I Have Questions?** | Page 16 |

| WHY DID I GET THIS NOTICE? |
|---|

7.     The purpose of this Notice is to inform you about: (a) this Action; (b) the certification of the Class; (c) the terms of the proposed Settlement; and (d) your rights in connection with a hearing to be held before the United States District Court, Eastern District of Pennsylvania (the "Court"), on December 15, 2022, at 2:00 p.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" located below.) In the Action, the Court has appointed Plaintiffs as the representatives of the Class and Lead Counsel as Class counsel.

9.     The Court in charge of this case is the United States District Court for the Eastern District of Pennsylvania, and the case is known as *McDermid v. Inovio Pharmaceuticals, Inc., et al.*, No. 2:20-cv-01402-GJP. The judge presiding over this case is the Honorable Gerald J. Pappert, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, the Defendants are Inovio, J. Joseph Kim, Peter D. Kies, and Robert J. Juba, Jr.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11.     The Settlement Hearing will be held on December 15, 2022, at 2:00 p.m., before the Honorable Gerald J. Pappert, at the United States District Court, Eastern District of Pennsylvania, Courtroom 11A, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, or remotely per details that will be made publicly available on the Settlement website (www.InovioSecuritiesLitigation.com) in advance of the Settlement Hearing, for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the Judgment as provided for under the Stipulation of Settlement dated August 22, 2022 (the "Stipulation") should be entered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

13.     This Action arises under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), and alleges that during the period from February 14, 2020 through August 10, 2020, inclusive (the "Class Period"), Defendants Inovio, J. Joseph Kim, Peter D. Kies, and Robert J. Juba, Jr. made materially false and misleading statements about Inovio's COVID-19 vaccine candidate. More specifically, Plaintiffs allege that during the Class Period, Defendants misled investors through a series of public statements regarding how quickly Inovio had designed and/or constructed the vaccine candidate, Inovio's capacity to manufacture large quantities of the vaccine candidate, the effectiveness of the vaccine candidate, and the expected timeline for regulatory approval of the vaccine candidate, and that these statements allegedly inflated or maintained inflation in Inovio's stock price.

14.     On September 21, 2020, the Plaintiffs filed the First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("First Amended Complaint"). ECF 68. On November 5, 2020, Defendants moved to dismiss the First Amended Complaint, which was opposed by Plaintiffs. ECFs 72 and 80. On February 16, 2021, the Court issued an order granting in part and denying in part the motion to dismiss. ECF 86.

15.     Discovery in this matter included the production of 284,132 pages of documents by Defendants, and over 202,069 pages of documents by third parties. Fourteen current or former Inovio employees were deposed, along with Defendants' expert concerning loss causation.

16.     Following discovery related to class certification, the parties fully briefed Plaintiffs' motion for class certification, which motion remains pending. ECFs 99, 107, 112-113, and 119.

17.     On February 17, 2022, the Plaintiffs filed the Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Second Amended Complaint"), alleging violations of Sections 10(b) and 20(a) of the 1934 Act. ECF 129.

18.     In the course of the Action, the Settling Parties engaged the services of Gregory P. Lindstrom, a nationally recognized mediator of securities class actions. Plaintiffs and Defendants engaged in two mediation sessions with Mr. Lindstrom in July 2021 and February 2022. While the parties did not reach an agreement to settle the Action at those mediation sessions, the Settling Parties continued settlement negotiations with the assistance of Mr. Lindstrom, and reached an agreement on May 18, 2022 to settle the Action for $30 million in cash and the Settlement Stock, subject to the negotiation of all material terms and the completion of definitive documentation, as a result of a "mediator's proposal."

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

19.     If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of all persons and entities who purchased or otherwise acquired Inovio common stock from February 14, 2020 through August 10, 2020, inclusive (the "Class Period"). Excluded from the Class are: (a) Inovio, J. Joseph Kim, Peter D. Kies, and Robert J. Juba, Jr. (each a "Defendant" and collectively, "Defendants"); (b) members of the immediate family of any Defendant who is an individual; (c) any person who was an officer or director of Inovio during the Class Period; (d) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (e) Inovio's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (f) all persons and entities who timely and validly request exclusion from the Class in accordance with the requirements set by the Court in connection with this Notice; and (g) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person. Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-866-809-3338. (See "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?," below.)

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 19, 2022.

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

20.     Plaintiffs and Plaintiffs' Counsel believe that the claims asserted against Defendants have merit. Plaintiffs and Plaintiffs' Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages. Plaintiffs and Plaintiffs' Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include, among others, the risk that Plaintiffs would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

21.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Plaintiffs and Plaintiffs' Counsel believe that the Settlement provides a substantial benefit now, namely $30 million in cash and Settlement Stock (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future.

22.     Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Class have suffered any damage, that Plaintiffs or the Class were harmed by the conduct alleged in the Action, or that it is proper to certify the Action as a class action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

24.     Defendants have agreed to cause to be paid Thirty Million Dollars ($30,000,000.00) in cash and 7,000,000 shares of Inovio common stock into escrow for the benefit of the Class. At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement. Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proof of Claim Forms. The Plan of Allocation proposed by Plaintiffs is set forth below, and additional information is available on the website created for purposes of this Settlement, www.InovioSecuritiesLitigation.com.

25.     All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Class Members' release of all Released Claims.

26.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

27.     The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Class.

28.     Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to his, her, or its Claim Form.

29.     Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and shall not submit Proof of Claim Forms.

---

**PLAN OF ALLOCATION**

**UNDERSTANDING YOUR PAYMENT – NET SETTLEMENT FUND**

30.     The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants–members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court–in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website: www.InovioSecuritiesLitigation.com.

31.     The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund. The Recognized Loss formulas below are intended solely for purposes of this Plan of Allocation and cannot and should not be binding on Plaintiffs or any Class Member for any other purpose.

32.     The Plan of Allocation was developed in consultation with Plaintiffs' damages consultant. In developing the Plan of Allocation, Plaintiffs' damages consultant calculated the estimated amount of alleged artificial inflation in the price of Inovio common stock that was alleged to have been proximately caused by Defendants' alleged false and misleading statements. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Plaintiffs' damages consultant considered price changes in Inovio common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market and industry forces, and for non-fraud related Company specific information.

33.     In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Plaintiffs allege that corrective information (referred to as a "corrective disclosure") impacted Inovio's stock price on March 9-10, 2020, June 3-4, 2020, August 11, 2020, and September 28, 2020.

34.     In order to have a "Recognized Loss Amount" under the Plan of Allocation for this Settlement, Inovio common stock must have been purchased or otherwise acquired during the period from February 14, 2020 through August 10, 2020, inclusive, and held through the issuance of at least one corrective disclosure.[2]

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

35.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Inovio common stock during the Class Period that is listed on the Claim Form and validated by the Claims Administrator. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

36.     For each share of Inovio publicly traded common stock purchased or otherwise acquired from February 14, 2020 through March 2, 2020, the claim per share shall be as follows:

    (a)  Sold prior to March 9, 2020, the Recognized Loss Amount will be $0.00;

    (b)  Sold on March 9, 2020, the Recognized Loss Amount will be the lesser of: (i) $3.49, or (ii) the purchase price minus the sale price;

    (c)  Sold from March 10, 2020 through August 10, 2020, the Recognized Loss Amount will be the lesser of: (i) $7.74, or (ii) the purchase price minus the sale price;

    (d)  Sold from August 11, 2020 through November 6, 2020, the Recognized Loss Amount will be the least of: (i) $7.74, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between August 11, 2020 and the date of sale as stated in Table 1 below; or

---

[2]     Any transactions in Inovio common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

(e) Held as of the close of trading on November 6, 2020, the Recognized Loss Amount will be the lesser of: (i) $7.74, or (ii) the difference between the purchase price and $12.47 per share.[3]

37.     For each share of Inovio publicly traded common stock purchased or otherwise acquired from March 3, 2020 through March 8, 2020, the claim per share shall be as follows:

(a) Sold prior to March 9, 2020, the Recognized Loss Amount will be $0.00;

(b) Sold on March 9, 2020, the Recognized Loss Amount will be the lesser of: (i) $3.49, or (ii) the purchase price minus the sale price;

(c) Sold from March 10, 2020 through June 2, 2020, the Recognized Loss Amount will be the lesser of: (i) $7.74, or (ii) the purchase price minus the sale price;

(d) Sold on June 3, 2020, the Recognized Loss Amount will be the lesser of: (i) $8.58, or (ii) the purchase price minus the sale price;

(e) Sold from June 4, 2020 through August 10, 2020, the Recognized Loss Amount will be the lesser of: (i) $8.74, or (ii) the purchase price minus the sale price;

(f) Sold from August 11, 2020 through November 6, 2020, the Recognized Loss Amount will be the least of: (i) $8.74, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between August 11, 2020 and the date of sale as stated in Table 1 below; or

(g) Held as of the close of trading on November 6, 2020, the Recognized Loss Amount will be the lesser of: (i) $8.74, or (ii) the difference between the purchase price and $12.47 per share.

38.     For each share of Inovio publicly traded common stock purchased or otherwise acquired on March 9, 2020, the claim per share shall be as follows:

(a) Sold prior to March 10, 2020, the Recognized Loss Amount will be $0.00;

(b) Sold from March 10, 2020 through June 2, 2020, the Recognized Loss Amount will be the lesser of: (i) $4.25, or (ii) the purchase price minus the sale price;

(c) Sold on June 3, 2020, the Recognized Loss Amount will be the lesser of: (i) $5.09, or (ii) the purchase price minus the sale price;

(d) Sold from June 4, 2020 through August 10, 2020, the Recognized Loss Amount will be the lesser of: (i) $5.25, or (ii) the purchase price minus the sale price;

(e) Sold from August 11, 2020 through November 6, 2020, the Recognized Loss Amount will be the least of: (i) $5.25, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between August 11, 2020 and the date of sale as stated in Table 1 below; or

(f) Held as of the close of trading on November 6, 2020, the Recognized Loss Amount will be the lesser of: (i) $5.25, or (ii) the difference between the purchase price and $12.47 per share.

39.     For each share of Inovio publicly traded common stock purchased or otherwise acquired from March 10, 2020 through June 2, 2020, the claim per share shall be as follows:

(a) Sold prior to June 3, 2020, the Recognized Loss Amount will be $0.00;

(b) Sold on June 3, 2020, the Recognized Loss Amount will be the lesser of: (i) $0.84, or (ii) the purchase price minus the sale price;

(c) Sold from June 4, 2020 through August 10, 2020, the Recognized Loss Amount will be the lesser of: (i) $1.00, or (ii) the purchase price minus the sale price;

---

[3]     Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this [Act] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are capped to an appropriate extent by taking into account the closing prices of Inovio common stock during the 90-day look-back period. The mean (average) closing price for Inovio common stock during this 90-day look-back period was $12.47 per share.

(d) Sold from August 11, 2020 through November 6, 2020, the Recognized Loss Amount will be the least of: (i) $1.94, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between August 11, 2020 and the date of sale as stated in Table 1 below; or

(e) Held as of the close of trading on November 6, 2020, the Recognized Loss Amount will be the lesser of: (i) $1.94, or (ii) the difference between the purchase price and $12.47 per share.

40.    For each share of Inovio publicly traded common stock purchased or otherwise acquired on June 3, 2020, the claim per share shall be as follows:

(a) Sold prior to June 4, 2020, the Recognized Loss Amount will be $0.00;

(b) Sold from June 4, 2020 through August 10, 2020, the Recognized Loss Amount will be the lesser of: (i) $0.16, or (ii) the purchase price minus the sale price;

(c) Sold from August 11, 2020 through November 6, 2020, the Recognized Loss Amount will be the least of: (i) $1.10, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between August 11, 2020 and the date of sale as stated in Table 1 below; or

(d) Held as of the close of trading on November 6, 2020, the Recognized Loss Amount will be the lesser of: (i) $1.10, or (ii) the difference between the purchase price and $12.47 per share.

41.    For each share of Inovio publicly traded common stock purchased or otherwise acquired from June 4, 2020 through June 29, 2020, the claim per share shall be as follows:

(a) Sold prior to August 11, 2020, the Recognized Loss Amount will be $0.00;

(b) Sold from August 11, 2020 through November 6, 2020, the Recognized Loss Amount will be the least of: (i) $0.94, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between August 11, 2020 and the date of sale as stated in Table 1 below; or

(c) Held as of the close of trading on November 6, 2020, the Recognized Loss Amount will be the lesser of: (i) $0.94, or (ii) the difference between the purchase price and $12.47 per share.

42.    For each share of Inovio publicly traded common stock purchased or otherwise acquired from June 30, 2020 through August 10, 2020, the claim per share shall be as follows:

(a) Sold prior to August 11, 2020, the Recognized Loss Amount will be $0.00;

(b) Sold from August 11, 2020 through September 27, 2020, the Recognized Loss Amount will be the least of: (i) $3.76, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between August 11, 2020 and the date of sale as stated in Table 1 below;

(c) Sold from September 28, 2020 through November 6, 2020, the Recognized Loss Amount will be the least of: (i) $8.51, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between August 11, 2020 and the date of sale as stated in Table 1 below; or

(d) Held as of the close of trading on November 6, 2020, the Recognized Loss Amount will be the lesser of: (i) $8.51, or (ii) the difference between the purchase price and $12.47 per share.

## ADDITIONAL PROVISIONS

43.    If a claimant has more than one purchase or sale of Inovio common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis for each respective security. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

44.    A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

45.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

46.    Purchases, acquisitions, and sales of Inovio common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Inovio common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Inovio common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant

be deemed an assignment of any claim relating to the purchase/acquisition of Inovio common stock unless: (i) the donor or decedent purchased or otherwise acquired the securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

47.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Inovio common stock. The date of a "short sale" is deemed to be the date of sale of Inovio common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Inovio common stock, his, her, or its earliest Class Period purchases or acquisitions of Inovio common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

48.    With respect to shares of Inovio common stock purchased or sold through the exercise of an option, the purchase/sale date of the Inovio common stock is the exercise date of the option and the purchase/sale price of the Inovio common stock is the exercise price of the option.

49.    If a claimant had a market gain with respect to his, her, or its overall transactions in Inovio common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Inovio common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Inovio common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between: (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value (for Inovio common stock only).[6] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Inovio common stock during the Class Period.

50.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund after a reasonable amount of time following the date of the initial distribution, if Plaintiffs' Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Plaintiffs' Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be donated to Community Legal Services of Philadelphia, 1424 Chestnut Street, Philadelphia, PA 19102.

51.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court for this Settlement, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages consultant, Defendants, Defendants' Counsel, any of the other Class Members, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Plaintiffs' Counsel, Defendants and their respective counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

52.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member or claimant.

53.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

---

[4]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Inovio common stock purchased or acquired during the Class Period.

[5]    The Claims Administrator will match any sales of Inovio common stock during the Class Period first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Inovio common stock sold during the Class Period will be the "Total Sales Proceeds."

[6]    The Claims Administrator will ascribe a value of $12.47 per share for Inovio common stock purchased or acquired during the Class Period and still held as of the close of trading on August 10, 2020 (the "Holding Value").

**TABLE 1**

**Inovio Common Stock Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between August 11, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between August 11, 2020 and Date Shown |
|---|---|---|---|---|---|
| 8/11/2020 | $14.62 | $14.62 | 9/25/2020 | $16.94 | $13.45 |
| 8/12/2020 | $13.75 | $14.18 | 9/28/2020 | $12.14 | $13.41 |
| 8/13/2020 | $14.39 | $14.25 | 9/29/2020 | $11.31 | $13.35 |
| 8/14/2020 | $14.78 | $14.39 | 9/30/2020 | $11.60 | $13.30 |
| 8/17/2020 | $15.04 | $14.52 | 10/1/2020 | $11.74 | $13.26 |
| 8/18/2020 | $14.19 | $14.46 | 10/2/2020 | $11.65 | $13.22 |
| 8/19/2020 | $14.47 | $14.46 | 10/5/2020 | $11.94 | $13.19 |
| 8/20/2020 | $14.86 | $14.51 | 10/6/2020 | $12.41 | $13.17 |
| 8/21/2020 | $14.10 | $14.47 | 10/7/2020 | $12.58 | $13.15 |
| 8/24/2020 | $12.24 | $14.24 | 10/8/2020 | $12.48 | $13.14 |
| 8/25/2020 | $12.62 | $14.10 | 10/9/2020 | $12.31 | $13.12 |
| 8/26/2020 | $12.73 | $13.98 | 10/12/2020 | $12.43 | $13.10 |
| 8/27/2020 | $11.81 | $13.82 | 10/13/2020 | $12.82 | $13.10 |
| 8/28/2020 | $12.06 | $13.69 | 10/14/2020 | $12.13 | $13.07 |
| 8/31/2020 | $11.99 | $13.58 | 10/15/2020 | $12.21 | $13.06 |
| 9/1/2020 | $11.41 | $13.44 | 10/16/2020 | $11.85 | $13.03 |
| 9/2/2020 | $10.63 | $13.28 | 10/19/2020 | $11.35 | $13.00 |
| 9/3/2020 | $9.85 | $13.09 | 10/20/2020 | $11.00 | $12.96 |
| 9/4/2020 | $9.57 | $12.90 | 10/21/2020 | $10.50 | $12.91 |
| 9/8/2020 | $9.61 | $12.74 | 10/22/2020 | $11.24 | $12.88 |
| 9/9/2020 | $10.27 | $12.62 | 10/23/2020 | $10.95 | $12.84 |
| 9/10/2020 | $9.72 | $12.49 | 10/26/2020 | $10.45 | $12.80 |
| 9/11/2020 | $10.08 | $12.38 | 10/27/2020 | $11.11 | $12.77 |
| 9/14/2020 | $11.32 | $12.34 | 10/28/2020 | $10.92 | $12.73 |
| 9/15/2020 | $13.63 | $12.39 | 10/29/2020 | $10.49 | $12.69 |
| 9/16/2020 | $18.52 | $12.63 | 10/30/2020 | $9.85 | $12.64 |
| 9/17/2020 | $15.67 | $12.74 | 11/2/2020 | $10.02 | $12.60 |
| 9/18/2020 | $17.00 | $12.89 | 11/3/2020 | $10.22 | $12.56 |
| 9/21/2020 | $17.69 | $13.06 | 11/4/2020 | $10.91 | $12.53 |
| 9/22/2020 | $16.98 | $13.19 | 11/5/2020 | $10.80 | $12.50 |
| 9/23/2020 | $15.97 | $13.28 | 11/6/2020 | $10.53 | $12.47 |
| 9/24/2020 | $15.37 | $13.34 | | | |

| **WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?** |
| --- |

54.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Released Plaintiff Parties (as defined in ¶58 below) shall have waived, released, discharged, and dismissed each and every one of the Released Claims (as defined in ¶55 below), including Unknown Claims (as defined in ¶59 below), against each and every one of the Released Defendant Parties (as defined in ¶57 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

55.     "Released Claims" means any and all claims, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), arising out of, relating to, or in connection with: (a) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions which were or could have been alleged in this Action; and (b) purchases and/or acquisitions by any Class Member of Inovio publicly traded common stock during the Class Period. The Released Claims shall not release any claim by Defendants for insurance coverage, or for any ERISA or derivative claims; or claims to enforce the Settlement.

56.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Plaintiffs' Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

57.     "Released Defendant Parties" means each and all of the Defendants, and each of their Related Persons.

58.     "Released Plaintiff Parties" means the Plaintiffs, each and every Class Member, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

59.     "Unknown Claims" means any and all Released Claims that Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, regardless of whether such claim(s), if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

60.     The Judgment also will provide that Defendants and each of the other Released Defendant Parties shall be deemed to have waived, released, discharged, and dismissed as against the Released Plaintiff Parties all Released Defendants' Claims which includes all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Plaintiffs' Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE ATTORNEYS BE PAID?**

61.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Plaintiffs' Counsel been paid for their expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel from the Settlement Fund of no more than 27.5% of the Settlement Amount, plus interest. At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses in a total amount not to exceed $900,000, plus interest. The Court will determine the amount of the award of fees and expenses. Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

**HOW DO I PARTICIPATE IN THE SETTLEMENT?**
**WHAT DO I NEED TO DO?**

62.     If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to download the Claim Form. The website is www.InovioSecuritiesLitigation.com. You may also request a Claim Form by calling toll-free 1-866-809-3338. Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

63.     As a Class Member, for purposes of the Settlement, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

64.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" below. If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Defendant Parties (as defined in ¶57 above) with respect to any of the Released Claims (as defined in ¶55 above).

65.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below. If you exclude yourself from the Class, you are not entitled to submit an objection.

**WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?**
**HOW DO I EXCLUDE MYSELF?**

66.     Each Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to *Inovio Securities Litigation*, ATTN: EXCLUSION REQUEST, c/o Gilardi & Co. LLC, P.O. Box 5100, Larkspur, CA 94977-5100. The exclusion request must be *received* no later than **November 23, 2022**. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *McDermid v. Inovio Pharmaceuticals, Inc., et al.*, No. 2:20-cv-01402-GJP, and must be signed by such person. Such persons or entities requesting exclusion are also directed to provide the following information: the number of shares of Inovio common stock that the Person requesting exclusion: (i) owned as of the opening of trading on February 14, 2020; and (ii) purchased, acquired and/or sold from February 14, 2020 through August 10, 2020, inclusive, as well as the number of shares, dates and prices for each such purchase, acquisition and sale. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

67.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claims against any of the Released Defendant Parties. Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Parties concerning the Released Claims. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitations and/or statute of repose.

68.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Stipulation.

69.     If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

70.     **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing. You can object to the Settlement without attending the Settlement Hearing.**

71.     The Settlement Hearing will be held on December 15, 2022, at 2:00 p.m., before the Honorable Gerald J. Pappert, at the United States District Court, Eastern District of Pennsylvania, Courtroom 11A, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, or remotely per details that will be made publicly available on the Settlement website (www.InovioSecuritiesLitigation.com) in advance of the Settlement Hearing. The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

72.     Any Class Member who does not request exclusion such that it is received no later than November 23, 2022, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[7] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

73.     Any objection to the proposed Settlement must be in writing. All written objections and supporting papers must: (a) clearly identify the case name and number (*McDermid v. Inovio Pharmaceuticals, Inc., et al.*, No. 2:20-cv-01402-GJP); (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, or by filing them in person at any location of the United States District Court for the Eastern District of Pennsylvania; and (c) be filed on or before November 23, 2022.

---

[7]     Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before November 10, 2022.

74.     The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Inovio common stock that the objecting Person: (1) owned as of the opening of trading on February 14, 2020, and (2) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her or its counsel have previously objected. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

75.     You may not object to the Settlement or any aspect of it if you exclude yourself from the Class.

76.     You may file a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

77.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court so that the notice is received on or before November 23, 2022.

78.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.InovioSecuritiesLitigation.com. If you plan to attend the Settlement Hearing, you should confirm the date and time with Plaintiffs' Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
| --- |

79.     Nominees who purchased or acquired Inovio common stock for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice via First Class Mail within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com or:

*Inovio Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6162
Novato, CA 94948-6162

| **CAN I SEE THE COURT FILE?**<br>**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

80.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.InovioSecuritiesLitigation.com, including, among other documents, copies of the Stipulation and Proof of Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.InovioSecuritiesLitigation.com, or contact Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court, Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, during regular office hours, Monday through Friday, excluding Court holidays. All inquiries concerning this Notice or the Claim Form should be directed to:

*Inovio Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6162
Novato, CA 94948
Telephone: 1-866-809-3338

**-or-**

Trig Smith, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com
Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL,
OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: August 31, 2022                                By Order of the Court
                                                                         United States District Court
                                                                         Eastern District of Pennsylvania

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| INOVIO PHARMACEUTICALS, INC., et al., | ) ) |
| Defendants. | ) ) |
| | ) |

Civ. Action No. 2:20-cv-01402-GJP

CLASS ACTION

## PROOF OF CLAIM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim Form ("Claim Form") and mail it by first-class mail to the address below, *postmarked* **no later than December 19, 2022 or submit it online at the website below so that it is** *received* **on or before December 19, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth below.**

## PART I – INTRODUCTION

### A.    General Instructions

1.      To recover as a member of the Class based on your claims in the action entitled *McDermid v. Inovio Pharmaceuticals, Inc., et al.*, No. 2:20-cv-01402-GJP (the "Action"), you must complete, and on page 7 hereof, sign this Proof of Claim ("Claim Form"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM SO THAT IT IS *POSTMARKED* (IF MAILED) OR *RECEIVED* (IF SUBMITTED ONLINE) ON OR BEFORE DECEMBER 19, 2022, ADDRESSED AS FOLLOWS:

*Inovio Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6162
Novato, CA 94948-6162
www.InovioSecuritiesLitigation.com

If you are NOT a member of the Class, as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4.      If you are a member of the Class and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner

1

in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

### B.   Claimant Identification

1.      If you purchased or acquired shares of Inovio common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of the shares of Inovio common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the eligible shares of Inovio common stock in your own name, you are the beneficial owner as well as the record owner. If, however, your shares of eligible Inovio common stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. THIS CLAIM MUST BE SUBMITTED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF INOVIO COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Claim Form and be identified in Part II. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      **One Claim Form should be submitted for each separate legal entity.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

     (a)      expressly state the capacity in which they are acting;

     (b)      identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Inovio common stock; and

     (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.      By submitting a signed Claim Form, you will be swearing that you:

     (a)      own or owned the Inovio common stock you have listed in the Claim Form; or

     (b)      are expressly authorized to act on behalf of the owner thereof.

**C.      Claim Form**

1.      Use Part III of this form entitled "Schedule of Transactions in Inovio Common Stock" to supply all required details of your transaction(s) in Inovio common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Inovio common stock that took place at any time on or between and including February 14, 2020 and November 6, 2020, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim. Also, list the number of shares of Inovio common stock held at the close of trading on February 13, 2020, August 10, 2020, and November 6, 2020.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Inovio common stock set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The parties and the Claims Administrator do not independently have information about your investments in Inovio common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

7.      **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

8.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Gilardi & Co. LLC, at the address on the last page of the Claim Form, by email at info@InovioSecuritiesLitigation.com, or by toll-free phone at 1-866-809-3338, or you can visit the website, www.InovioSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

9.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at edata@gilardi.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the ***complete*** name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above). Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-866-809-3338.**

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

*McDermid v. Inovio Pharmaceuticals, Inc., et al.*

Civ. Action No. 2:20-cv-01402-GJP

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than December 19, 2022**

**IOV**

<u>Please Type or Print in the Boxes Below</u>
Do <u>NOT</u> use Red Ink, Pencil, or Staples

## PART II. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA      ○ Joint  Tenancy      ○ Employee      ○ Individual      ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

—

Telephone Number (Primary Daytime)

—        —

Telephone Number (Alternate)

—        —

Email Address

## MAILING INFORMATION

Address

Address (Continued)

City

State    ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |
|---|---|---|---|---|---|---|---|---|---|---|



**PART III: SCHEDULE OF TRANSACTIONS IN INOVIO COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.
Do not include information regarding securities other than Inovio common stock.

A.  Number of shares of Inovio common stock held at the close of trading on February 13, 2020. (Must be documented.) If none, write "zero":

Proof Enclosed?  ○ Y   ○ N

B.  Purchases or acquisitions of shares of Inovio common stock (February 14, 2020 - November 6, 2020, inclusive). (Must be documented.):

**PURCHASES**

| | Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ .00 | ○ Y ○ N |
| 2. | / / | | $ .00 | ○ Y ○ N |
| 3. | / / | | $ .00 | ○ Y ○ N |
| 4. | / / | | $ .00 | ○ Y ○ N |
| 5. | / / | | $ .00 | ○ Y ○ N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes:  ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y          Merger Shares:                    Company:

C.  Sales of shares of Inovio common stock (February 14, 2020 - November 6, 2020, inclusive). (Must be documented.):

**SALES**

| | Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ .00 | ○ Y ○ N |
| 2. | / / | | $ .00 | ○ Y ○ N |
| 3. | / / | | $ .00 | ○ Y ○ N |
| 4. | / / | | $ .00 | ○ Y ○ N |
| 5. | / / | | $ .00 | ○ Y ○ N |

D.  Number of shares of Inovio common stock held at the close of trading on August 10, 2020. (Must be documented.) If none, write "zero":

Proof Enclosed?  ○ Y   ○ N

E.  Number of shares of Inovio common stock held at the close of trading on November 6, 2020. (Must be documented.) If none, write "zero":

Proof Enclosed?  ○ Y   ○ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**





**PART IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated August 22, 2022 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of shares of Inovio common stock during the Class Period and know of no other Person having done so on my (our) behalf.

### PART V. RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendant Parties, all as defined herein and in the Notice and Stipulation.

2.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of shares of Inovio common stock and know of no other person having done so on my (our) behalf.

4.      I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of shares of Inovio common stock during the Class Period, as well as the number of shares held at the close of trading on February 13, 2020, August 10, 2020, and November 6, 2020.

5.      The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.      I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of §3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of  _____ in  _____
                                                                      (Month/Year)                                   (City/State/Country)

_____          _____
(Sign your name here)                                                       (Sign your name here)

_____          _____
(Type or print your name here)                                          (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.,*                                 (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)



**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates. Attach only copies of acceptable supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Claim Form and all supporting documentation for your records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-866-809-3338.

6. If you move, please send us your new address.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at *Inovio Securities Litigation*, Claims Administrator, c/o Gilardi & Co., LLC, P.O. Box 6162, Novato, CA 94948-6162, by email at info@InovioSecuritiesLitigation.com, or by toll-free phone at 1-866-809-3338, or you may visit www.InovioSecuritiesLitigation.com. DO NOT call Inovio, the other Defendants, or their counsel with questions regarding your claim.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR POSTMARKED**
**NO LATER THAN DECEMBER 19, 2022, ADDRESSED AS FOLLOWS:**

*Inovio Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6162
Novato, CA 94948-6162
www.InovioSecuritiesLitigation.com

