UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>  vs.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>                      Defendants. | Civ. Action No. 2:20-cv-01402-GJP<br><br>CLASS ACTION<br><br>DECLARATION OF TOR GRONBORG FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, TOR GRONBORG, declare as follows:

1. I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm"). I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2. This Firm is Lead Counsel of record for Lead Plaintiff Manuel S. Williams and the Class herein.

3. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am one of the partners who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4. After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 7,042.10. A breakdown of the lodestar is provided in the attached Exhibit A. The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $4,490,113.50. The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases set by the Firm for each individual. These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation. The

Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side.  For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5. The Firm seeks an award of $814,374.95 in expenses and charges in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in the attached Exhibit B.

6. The following is additional information regarding certain of these expenses:

(a) Filing, Witness and Other Fees: $5,644.90.  These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who either: (i) served process of the complaint or subpoenas; or (ii) obtained copies of court documents for Plaintiffs.  The vendors who were paid for these services are set forth in the attached Exhibit C.

(b) Business Wire: $450.00.  This expense was necessary under the Private Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c) Meals: $4,585.05.  In connection with the prosecution of this case, the Firm has paid for meals to be brought in-house for remote meetings, mediation and depositions, including the depositions of A. Zenoff, L. Humeau, A. Shah, K. Seals, S. Bridy, R. Juba, K. Simon,

J. Richardson, A. Left, J. Shea, D. Peterson, J. Kim, J. Clark, and K. Broderick. All of these depositions were taken remotely due to the Covid-19 pandemic and no travel costs were incurred for the depositions.

(d) Court Hearing Transcripts and Deposition Reporting, Transcripts and Videography: $111,389.45. The vendors who were paid for these services are listed in the attached Exhibit D.

(e) Experts/Consultants: $560,673.00.

(i) Crowninshield Financial Research, Inc. ("Crowninshield"): $345,730.00. Crowninshield is a financial economics consulting firm. Robbins Geller retained Professor Steven P. Feinstein, Ph.D., CFA, the President of Crowninshield and Associate Professor of Finance at Babson College, to provide professional opinions and testify about (1) the efficiency of the market for Inovio common stock during the Class Period, and (2) loss causation and damages relating to Inovio common stock. Professor Feinstein and his team spent significant time studying the record and public information, including analyst reports, SEC filings, Inovio's own press releases and public statements, and documents obtained by Plaintiffs in discovery to opine on the market in which Inovio common stock traded, disclosures related to Plaintiffs' allegations, and any related price movement. Based on this work, Professor Feinstein provided an expert report opining on market efficiency and was preparing another report on loss causation and damages when the case settled. In addition, based on his damages models, Professor Feinstein provided assistance in formulating the Plan of Allocation for the Settlement.

(ii) Vyacheslav Fos: $56,800.00. Dr. Fos is Professor of Finance at Boston College, Carroll School of Management. Robbins Geller retained Dr. Fos to perform an analysis of Inovio's financial condition and rate of cash burn, and to render an opinion regarding whether Inovio's at-the-market stock offerings during the Class Period were important to the

survival of the business as a going concern.  Dr. Fos was also asked to analyze Inovio's history of similar at-the-market offerings.

(iii)   Stephen F. Amato: $38,000.00.  Dr. Amato is Department Chair and Full Teaching Professor of Regulatory Affairs and Quality Assurance at Northeastern University's College of Professional Studies.  Dr. Amato also serves as a Managing Director and Chief Regulatory Strategist for Life Sciences Advisors, LLC.  Robbins Geller retained Dr. Amato to explain to the jury what an FDA clinical hold is and opine on what impact the June 2020 clinical hold had on the Company.

(iv)   Lankau Consulting LLC: $35,250.00.  Peter Lankau has more than 40 years of experience in the pharmaceutical industry, including experience in consulting with pharmaceutical companies regarding sales, research and development, and product manufacturing.  Mr. Lankau is the principal at Lankau Consulting LLC, an advisory and consulting firm, which provides advice and expertise in multiple functional areas of the pharmaceutical industry, including commercial manufacturing strategies and implementation.  Robbins Geller retained Mr. Lankau to opine on whether Inovio maintained sufficient operational capabilities to produce 1 million doses of INO-4800 in 2020, and 100 million doses in 2021.

(v)   Todd Henderson: $34,500.00.  Mr. Henderson is the Michael J. Marks Professor of Law at the University of Chicago Law School.  He is a corporate law academic and has taught at Chicago Law School since 2004.  He has also taught at the University of Chicago Graduate School of Business "Directors' Consortium" executive education program for corporate directors, on subjects such as corporate governance and executive compensation.  Robbins Geller retained Mr. Henderson to examine the stock trades of the Individual Defendants and other high-ranking Inovio executives and opine as to whether the trading behavior of the Individual

Defendants and other Inovio executives immediately prior to and during the Class Period was unusual in light of Plaintiffs' allegations in the case.

(vi) Bryan R. Cullen: $28,193.00. Dr. Bryan R. Cullen, Ph.D., is the James B. Duke Distinguished Professor of Molecular Genetics and Microbiology at the Duke University School of Medicine, a position he has held since 1994. Dr. Cullen is one of the most cited scientific scholars in the world and as of mid-2022 was the world's second-most-cited virologist. He has authored or co-authored 4 books, 19 book chapters, and over 330 peer-reviewed scientific publications in the fields of molecular biology, immunology, and virology. Robbins Geller hired Dr. Cullen to review all data pertaining to Inovio's development and clinical trials of its purported Covid-19 vaccine, to write an expert report, to examine and respond to any potential opposing report on these topics, and to testify at trial. Dr. Cullen would have opined on the efficacy of Inovio's vaccine as well as Inovio's claims with regard to its development timeline.

(vii) The Expert Institute Group, LLC: $18,000.00. The Expert Institute helps litigants identify and evaluate industry professionals who are objectively most qualified to provide expert testimony in complex cases. The company aggregates information concerning expert candidates to ensure that the industry leaders they refer to litigants are best able to provide unique expert opinions and be in a position to survive *Daubert* challenges by the opposition. The Expert Institute assisted Robbins Geller and Plaintiffs to identify and retain difficult-to-locate experts and consultants concerning regulatory, operational, and financial market issues in the case.

(viii) Nicholas P. Jewell: $4,200.00. Dr. Jewell is a Professor of Biostatistics at the University of California, Berkeley. Since 1981, he has taught statistics at Berkeley, and has held academic appointments at Princeton University of Edinburgh, Oxford University, the London School of Hygiene and Tropical Medicine, and the University of Kyoto. Dr. Jewell is a Fellow of the American Statistical Association, the Institute of Mathematical

- 5 -

Statistics and the American Association for the Advancement of Science. Robbins Geller retained Dr. Jewell to consult the litigation team regarding the statistical results observed and reported in connection with Inovio's Phase I clinical study of INO-4800.

(f) Local Counsel (Saxton & Stump): $36,422.92. Saxton & Stump, and one of its preeminent partners, Judge Lawrence F. Stengel (Ret.), were retained by Robbins Geller to act as Local Counsel as required by this Court's rules. This Court approved Lead Plaintiff's choice of Robbins Geller as Lead Counsel and Saxton & Stump as local counsel in its Memorandum and Order dated June 18, 2020 (ECF 53, 54). Throughout this Litigation, the Saxton firm and Judge Stengel have reviewed and signed filings and participated in discussions regarding case strategy.

(g) Photocopies: $454.90. In connection with this case, the Firm made 973 black and white copies. Robbins Geller requests $0.15 per copy for a total of $145.95. Each time an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the number of in-house copies were identified as related to the Litigation. The Firm also paid $308.95 to outside copy vendors. A breakdown of these outside charges by date and vendor is set forth in the attached Exhibit E.

(h) Non-Party Document Production: $45,000.00. Time and Costs paid to Latham & Watkins LLP, counsel for non-party Ology Bioservices, Inc., associated with the production of relevant documents in Ology's possession, custody or control.

(i) Online Legal and Financial Research: $5,076.10. This category includes vendors such as LexisNexis, Refinitiv, Transunion Risk and Alternative Data Solutions, Inc., and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs). This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation. The charges for these vendors

vary depending upon the type of services requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.  For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

        (j)     eDiscovery Database Hosting: $15,541.30.  Robbins Geller requests $15,541.30 for hosting eDiscovery related to this Litigation.  Robbins Geller has installed top tier database software, infrastructure, and security.  The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200 firms.  Over 30 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Type II data center with automatic replication to a datacenter located in a different geographic location.  By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor.  Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost.  Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more).  Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-

party vendor. Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently and has reduced the time and expense associated with maintaining and searching electronic discovery databases. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. The amount requested reflects charges for the hosting of over five hundred and ninety thousand pages of documents produced by parties and non-parties in this action.

(k)   Mediation Fees (Phillips ADR Enterprises, P.C.): $28,200.00. The Honorable Layn R. Phillips (Ret.), a nationally known and renowned mediator of complex securities class actions, is head of the firm Phillips ADR Enterprises. Robbins Geller retained the services of Phillips ADR and another of its mediators, Gregory P. Lindstrom, to oversee the mediation of this case. The Parties accepted a mediator's recommendation to settle the Litigation on terms favorable to both parties after hard-fought litigation and protracted negotiations with the help of Phillips ADR and Mr. Lindstrom.

7.   The expenses pertaining to this case are reflected in the books and records of this Firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.   The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of November, 2022, at San Diego, California.

_____
TOR GRONBORG

CERTIFICATE OF SERVICE

    I, Lawrence F. Stengel, hereby certify that on November 10, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

    s/ *Lawrence F. Stengel*
LAWRENCE F. STENGEL

SAXTON & STUMP
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
Telephone: 717/556-1000
717/441-3810 (fax)

Email: lfs@saxtonstump.com

# Mailing Information for a Case 2:20-cv-01402-GJP MCDERMID v. INOVIO PHARMACEUTICALS, INC. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **ANDREW DAVID ABRAMOWITZ**
  aabramowitz@bm.net,jgionnette@bm.net

- **PETER M. ADAMS**
  padams@cooley.com,daland@cooley.com,ktorres@cooley.com

- **MICHAEL ALBERT**
  malbert@rgrdlaw.com

- **MATTHEW J. BALOTTA**
  mbalotta@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **JEFFREY C BLOCK**
  jeff@blockesq.com

- **LONNIE A. BROWNE**
  lbrowne@rgrdlaw.com

- **LUKE T. CADIGAN**
  lcadigan@cooley.com

- **SHANON J. CARSON**
  scarson@bm.net,emagnus@bm.net

- **MATTHEW S. DECKER**
  MDecker@duanemorris.com

- **MICHAEL C. DELL'ANGELO**
  mdellangelo@bm.net,eyork@bm.net,csimon@bm.net,jgionnette@bm.net

- **MICHAEL D. DONOVAN**
  mdonovan@donovanlitigationgroup.com

- **KOJI F. FUKUMURA**
  kfukumura@cooley.com,jroyer@cooley.com,hlaing@cooley.com,efilingnotice@cooley.com,efiling-notice@ecf.pacerpro.com,ecombs@cooley.com,chourani@cooley.com

- **BARBARA L. GIBSON**
  bgibson@kohnswift.com,cmusloski@kohnswift.com

- **JACOB A. GOLDBERG**
  jgoldberg@rosenlegal.com,etexidor@rosenlegal.com

- **MARK S. GOLDMAN**
  goldman@lawgsp.com,lamar@lawgsp.com

- **TOR GRONBORG**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **GEORGINA J. INGLIS**
  ginglis@cooley.com

- **PATRICK J. LOFTUS**
  loftus@duanemorris.com,lverbitski@duanemorris.com,autodocketPHL@duanemorris.com

- **SEAN MCGUIRE**
  smcguire@rgrdlaw.com,e_file_SD@rgrdlaw.com,scaesar@rgrdlaw.com

- **CAITLIN BRIDGET MUNLEY**
  cmunley@cooley.com,efilingnotice@cooley.com,efiling-notice@ecf.pacerpro.com

- **DANIELLE S. MYERS**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **THEODORE J. PINTAR**
  TedP@rgrdlaw.com,PamM@lerachlaw.com

- **DARREN J. ROBBINS**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **TRIG R. SMITH**
  trigs@rgrdlaw.com,lbrowne@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **HEATHER SPEERS**
  hspeers@cooley.com

- **LAWRENCE F. STENGEL**
  lfs@saxtonstump.com,cag@saxtonstump.com,cbm@saxtonstump.com

- **CRAIG E. TENBROECK**
  ctenbroeck@cooley.com,maraujo@cooley.com

- **STEPHEN J. TETI**
  steti@blockesq.com,stephen-teti-1589@ecf.pacerpro.com

- **JACOB A. WALKER**
  jake@blockleviton.com,jacob-walker-5598@ecf.pacerpro.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`