UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK McDERMID, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>INOVIO PHARMACEUTICALS, INC., et al.,<br><br>　　　　　　　　Defendants. | Civ. Action No. 2:20-cv-01402-GJP<br><br>CLASS ACTION<br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter having come before the Court on December 15, 2022, on the motion of Lead Counsel for an award of attorneys' fees and expenses and awards to Plaintiffs (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated August 22, 2022 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Class Members who have not timely and validly requested exclusion.

3. Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4. The Court hereby awards attorneys' fees of 27.5% of the Settlement Amount, which shall be paid on a *pro rata* basis from the cash and stock components of the Settlement Amount. The Court further awards expenses in the amount of $814,374.95, together with the interest earned on both the attorneys' fees and expenses for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5. The fees and expenses shall be allocated by Lead Counsel among Plaintiffs' Counsel, in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and resolution of the Action.

6. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

7. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $30 million in cash that is already on deposit, plus the greater of 7,000,000 shares of Inovio common stock or $14 million worth of stock, for a total value of at least $44 million, and numerous Class Members who have submitted valid Proof of Claim forms will benefit from the Settlement created through the efforts of Lead Counsel;

(b) over 578,300 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 27.5% of the Settlement Amount and for expenses in an amount not to exceed $900,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(c) Lead Counsel pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Class;

(e) Lead Counsel pursued the Action on a contingent basis;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

      (g)      had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

      (h)      public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

      (i)      the attorneys' fees and expenses awarded hereby are fair and reasonable and consistent with awards in similar cases within the Third Circuit.

8.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $77,450.00 to Lead Plaintiff Manuel S. Williams; and $75,712.50 to Representative Plaintiff Andrew Zenoff, each to be paid from the Settlement Fund, for the time they spent directly related to their representation of the Class.

9.      Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10.      In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

      IT IS SO ORDERED.

DATED:   2/1/23                                          */s/ Gerald J. Pappert*
                                                                                       THE HONORABLE GERALD J. PAPPERT
                                                                                       UNITED STATES DISTRICT JUDGE